UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION
JACQUELINE SILVER,

                Plaintiff,   MEMORANDUM
                   AND ORDER
  -against-   15-CV-3462 (ARR)

CITY OF NEW YORK, NYPD Bayside Queens,
111 Precinct, JOHN DOE #1 Police Officer,
JOHN DOE #2 Police Officer, JOHN DOE #3
Police Officer, JOHN DOE #4 Police Officer,
Captain JOHN DOE #5,

                Defendants.
-----------------------------------------------------------X
ROSS, United States District Judge:

      On May 27, 2015, plaintiff Jacqueline Silver, appearing pro se, filed this action against defendants alleging excessive force. By order dated June 17, 2015, the court denied plaintiff's motion to proceed in forma pauperis ("IFP") and directed plaintiff to pay the $400 filing fee or file an amended IFP application within 14 days in order to proceed with this action. Plaintiff did not respond, and the complaint was therefore dismissed without prejudice. Plaintiff now moves to reopen the case and has filed an amended IFP application indicating her monthly costs of living in addition to her income and assets.

      Although the court's order was not returned by the United States Postal Service as undeliverable and it was mailed to plaintiff's address of record, plaintiff alleges that she "never received the order dated June 17, 2015, [and] therefore couldn't respond to it." Pl. Motion at 1. Plaintiff also submits an amended IFP application.

      In light of plaintiff's pro se status, the court grants plaintiff's motion to reopen this action, and the judgment dismissing this case is hereby vacated. Plaintiff's amended IFP application is

granted and the complaint is dismissed in part as set forth below.

## BACKGROUND

Plaintiff alleges that on May 27, 2012, she was detained by unidentified police officers from the 111th Police Precinct in Queens while sitting in her car in her parent's driveway. Plaintiff further alleges that these police officers used excessive force when they handcuffed her, causing bruises and contusions. Compl at 5. Plaintiff alleges that she was taken to the hospital and held there "against her will." Id. at 6. Plaintiff also appears to have commenced an action in state court against her sister, Jennifer Silver and others based on the same incident. See Silver v. Silver, Index No. 0102176/2013. In this action, plaintiff seeks unspecified damages against the City of New York, the NYPD, the 111th Police Precinct and the individual police officers involved in her arrest. Compl. at 5.

## STANDARD OF REVIEW

The court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, a complaint must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. The court should generally not dismiss a pro se complaint without granting the plaintiff leave to amend

if a valid claim could be stated. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Furthermore, pursuant to the in forma pauperis statute, the court must dismiss a complaint if it determines that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Municipal Defendant and City Departments

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 563 U.S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law").

Here, plaintiff does not allege, and nothing in the complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City employee are attributable to a municipal policy or custom. For this reason, the claims against the City of New York are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

Furthermore, section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396.

That provision "has been construed to mean that New York City departments [and agencies, such as NYPD and attendant police precincts], as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 159-160 (2d Cir. 2008) (per curiam). For this reason, the claims against the NYPD and the 111th Police Precinct are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). \

B. Individual Police Officers

Plaintiff's allegation that police officers from the 111th Police Precinct used excessive force may state a cognizable claim under 42 U.S.C. § 1983. See, e.g., Shamir v. City of New York, 804 F.3d 553, 556-57 (2d Cir. 2015). However, the United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by plaintiff is a common one as it is frequently difficult for a pro se litigant to identify individual law enforcement officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a pro se litigant is entitled to assistance from the district court in identifying a defendant.

Accordingly, the court hereby requests the Corporation Counsel for the City of New York to ascertain the full name of the individual police officers from the 111th Police Precinct involved in plaintiff's arrest on May 27, 2012, see Compl. at 3, and to provide the address where these defendants can currently be served within 45 days from the date of this Order. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin.

Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name and badge number of these police officers, an amended summons shall be issued and the court shall direct service on these defendants.

## CONCLUSION

Accordingly, plaintiff's motion to reopen this case is granted. Plaintiff's complaint, filed in forma pauperis, is dismissed as to the City of New York, the NYPD and the 111th Police Precinct for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). The complaint as to the unidentified John Doe Police Officers employed by the 111th Precinct in Queens shall proceed.

The Clerk of Court shall mail a courtesy copy of the complaint, the amended in forma pauperis application and this Memorandum and Order to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Peggy Kuo, United States Magistrate Judge, for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: December 14, 2015
       Brooklyn, New York