

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JENNY WENG**
Senior Counsel
Phone: (212) 356-2648
Fax: (212) 356-3509
Email: jweng@law.nyc.gov

January 20, 2016

**BY E.C.F.**
Honorable Allyne R. Ross
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    Silver v. City of New York et al., 15-cv-3462 (ARR) (PK)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter.[1] [2] The undersigned writes to respectfully request that the Court dismiss plaintiff's claims against the remaining defendants John Doe #1-5, *sua sponte*, on the grounds that plaintiff's claims against John Does, or against any officers whose names plaintiff seeks to substitute for these Does, are time-barred by the statute of limitations.

        By way of background, plaintiff commenced this action on May 27, 2015 – the date her three-year statute of limitations expires – alleging that on May 27, 2012 she was detained by unidentified police officers from the 111th Police Precinct while she was sitting in her car in her parents driveway, that they used excessive force when they handcuffed her, and that she was taken to the hospital "against her will." (See Plaintiff's Complaint at 5-6) The Court issued an Order on December 14, 2015 dismissing the City of New York, the NYPD and the NYPD's 111th Police Precinct as defendants for failure to state a claim pursuant to 28 U.S.C.

---

[1] This case has been assigned to Assistant Corporation Counsel Kaitlin Fitzgibbon, who is presently awaiting admission to the bar and is handling this matter under supervision. Ms. Fitzgibbon can be contacted at (212) 356-5057 or kfitzgib@law.nyc.gov.

[2] The City of New York is not a defendant to this action as the Court dismissed it as a defendant by the Memorandum and Order dated December 14, 2015. (See Docket Entry No. 7.) Accordingly, the Office of the Corporation Counsel files this request merely as an interested party.

§1915(e)(2)(B). (See Docket Entry No. 7)  The only remaining defendants are the unidentified John Doe police officers employed by the 111th precinct. (See Id. at 5)  The Court requested that this Office identify the John Does by January 28, 2016. (See Id. at 4)  This Office, however, respectfully submits that the issue of identifying the John Does is moot as any amendment to replace the unidentified officers would be futile since plaintiff is already time-barred to do so.

It is well-settled law in this Circuit that, even where a plaintiff has timely filed his complaint against John Does within the applicable statute of limitations period, as is the case here, "'John Doe' pleadings cannot be used to circumvent statute of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." Tapia-Ortiz v. Doe, 171 F.3d 150, 151-52 (2d Cir. 1999) (quoting Aslanidis v. United State Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)); Basile v. City of Albany, 1997 U.S. App. LEXIS 2347, at *2-3 (2d Cir. 1997); Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468-70.  Thus, Plaintiff is barred from substituting the names of any individual defendant officers for "John Does," since any such amendment would now be futile because (1) the statute of limitations has run, and (2) such amendments would not relate back to the date of the original complaint under Fed. R. Civ. P. 15(c).  See, e.g., Dominguez v. City of New York, 10-cv-2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *3-4 (E.D.N.Y. Aug. 27, 2010) (citing Barrow, 66 F.3d at 470).

**I.      Plaintiff's Claims against the "John Doe" Defendants are Barred by the Three Year Statute of Limitations**

Although plaintiff asserts claims against "John Does," arising under 42 U.S.C § 1983, such claims against these unknown defendants are barred by the three-year statute of limitations. Owens v. Okure, 488 U.S. 235, 251 (U.S. 1989); see also See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).  The statute of limitations for a § 1983 claim begins to run at the time the alleged conduct has caused the harm and the plaintiff knows or has reason to know, of the injury that is the basis of her action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981); see also Trakansook v. Astoria Fed. S&L Ass'n, 07-cv-2224, 2008 U.S. App. LEXIS 24122, at *2 (2d Cir. Nov. 21, 2008).  The crucial time for accrual purposes is when the plaintiff becomes aware that she is suffering from a wrong for which damages may be recovered. Singleton, 632 F.2d at192.

Here, plaintiff claims that on May 27, 2012, unidentified "John Doe" police officers detained her, subjected her to excessive force while handcuffing and transported her to the hospital against her will.  Therefore, plaintiff's § 1983 claims accrued on the date of incident – May 27, 2012 – and the three-year statute of limitations applicable to all such claims expired on May 27, 2015.  Plaintiff, however, filed her complaint on May 27, 2015, the very date her three year statute of limitations to name and serve all defendants expires. To recover on her claims, plaintiff was required to identify and serve any individual defendants on or before May 27, 2015 but failed to do so.  Therefore, plaintiff's claims against the remaining "John Doe" defendants are now barred by the statute of limitations.

**II.     Any amendment to name the "John Doe" Defendants cannot be deemed to Relate Back to the Filing of the Original Complaint Under Federal Rule of Civil Procedure 15(c)(1)(C)**

2

Plaintiff's claims against the "John Doe" defendants cannot be saved by the "relation back" doctrine as any amendment to substitute the names of individual officers for "John Does" cannot be deemed to relate back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Rule 15(c) allows a party to amend its complaint after the statute of limitations to add additional defendants if the amendment would "relate back" to the date that the original complaint was filed. Soto v. Brooklyn Correctional Facility, 80 F.3d 34, 35 (2d Cir. 1996); See also Woolsey v. Suffolk County, 11-cv-4806 (JFB) (GRB), 2014 U.S. Dist. LEXIS 34637, *23 (E.D.N.Y. Feb. 25, 2014). Yet, while Rule 15(c) "explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), the failure to identify individual defendants when the plaintiff knows that such defendants must be named *cannot* be characterized as a *mistake*." Barrow, 66 F.3d at 470 (emphasis added). Accordingly, courts in this Circuit have consistently held that where a plaintiff had named "John Doe" defendants in his timely-filed complaint and then sought to amend his complaint to substitute actual names in place of "John Doe" defendants, the proposed amendment would not be allowed under the "relation back" doctrine if the statute of limitations had run, since the amendment would only correct plaintiff's lack of knowledge, not a mistake. See Johnson v. Constantellis, 221 Fed. Appx. 50 (2d Cir. 2007) (affirming district court's denial of plaintiff's motion to amend complaint to add as defendants previously unknown officers reasoning that plaintiff's failure to name officers in original complaint was not a mistake to justify amendment under Rule 15(c) and that his lack of knowledge of the officers' identities would not permit "relation back" to date of original complaint for statute of limitations purposes); Vasconcellos v. City of New York, 12-cv-8445 (CM), 2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2, 2014) (holding that plaintiff could not amend her complaint to name the John Doe officers because the three-year statute of limitations had expired).

The Supreme Court's decision in Krupski also cannot save plaintiff's claims against the "John Doe" officers. In Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (U.S. 2010), the plaintiff sued "Costa Cruise Lines," when the proper defendant was in fact "Costa Crociere." Id at 541. In that case, the plaintiff sought to amend the complaint to name the correct defendant after the statute of limitations had run. Id. at 543. The Supreme Court held that relation back under Rule 15(c) was appropriate in that case because Costa Cruise Lines and Costa Crociere were related corporate entities and had similar names, therefore, Costa Crociere knew or should have known that plaintiff had made a mistake concerning the proper party's identity. Id. at 556. Krupski is distinguishable from this case since it involves John Doe defendants and plaintiff's lack of knowledge cannot be construed as a mistake concerning a proper party's identity. See Johnson v. Constantellis, 221 Fed. Appx. 50 (2d Cir. 2007).

A recent decision in this Circuit is instructive as it has similar facts to the instant case. In Bender v. City of New York, 14-cv-4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002 (S.D.N.Y. Feb. 10, 2015), *pro se* plaintiff originally named "John Doe" defendants in her complaint, which she, like plaintiff in this case, filed exactly three years to the date of the incident. Plaintiff ater moved to amend the complaint after the statute of limitations has run.The court distinguished Krupski, stating that in Bender "[plaintiff] was merely ignorant, not mistaken, and [n]othing in Krupski upsets the commonsense conclusion that ignorance and error are different mental states." Id. at *8 (internal quotation marks omitted). The court instead

3

followed the reasoning in Barrow, stating that naming "John Doe" defendants was not a "mistake," but rather a display plaintiff's lack of knowledge as to who the proper defendants were.  Id. at *9.  Therefore, the Court held that the requirements for relation back under Rule 15(c)(1)(C) were not satisfied and the complaint could not be amended.  Id. at *10;

        Here, like in Bender, plaintiff filed her complaint exactly three years after the date of incident, the accrual date for her claims.  Like the *pro se* plaintiff in Bender, she named "John Doe" defendants but failed to identify the John Doe defendants within the statute of limitations.  Plaintiff's failure to identify the John Does is due to her ignorance and cannot be characterized as a "mistake," therefore, any substitution at this point would not relate back under Fed. R. Civ. P. 15(c)(1)(C). See also, Moran v. County of Suffolk, 11-cv-3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010 (E.D.N.Y. Mar. 24, 2015) (holding plaintiff should not be granted leave to file an amended complaint where the defendant was "John Doe" and an amended complaint naming the actual defendant was not filed before the statute of limitations expired); Rodriguez v. City of New York, No. 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *18-28 (S.D.N.Y. Sept. 7, 2011) (denying leave to amend to add an individual defendant after the statute of limitations had expired because lack of knowledge of the identity of a proper defendant is not a mistake for purposes of relation back under Fed. R. Civ. P. 15(c)).

**III.    Any Amendment to Name the "John Doe" Defendants cannot be deemed to Relate Back to the Filing of the Original Complaint Under Federal Rule of Civil Procedure 15(c)(1)(A)**

        Under Federal Rule of Civil Procedure 15(c)(1)(A), an amended pleading relates back to an earlier pleading if "the law that provides the applicable statute of limitations allows relation back."  "In other words, the amended complaint relates back if New York law, which provides the applicable statute of limitations, authorizes relation back."  Vasconcellos v. City of New York, 12-cv-8445 (CM), 2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2, 2014), at *16.  Under New York State Law, a party may seek relation back for a previously unknown defendant under § 203 of the New York Civil Practice Law and Rules, and under § 1024 of the New York Civil Practice Law and Rules ("C.P.L.R.").

    A. Any Amendment to Name the "John Doe" defendants cannot be deemed to Relate Back to the Filing of the Original Complaint Pursuant to C.P.L.R. § 203

        "Two provisions of New York's C.P.L.R. § 203 allow amended complaints to relate back.  Under § 203(c), '[i]n an action which is commenced by filing, a claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced.'  Under § 203(f) '[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.'"  Vasconcellos, 2014 U.S. Dist. LEXIS 143429 at *16.  However, "New York courts have held . . . that a plaintiff may not add a new defendant under either section unless 'the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'"  Id., at *16-17; see also Strada

4

v. City of New York, 11-cv-5735 (MKB), 2014 U.S. Dist. LEXIS 94687, *29-32 (E.D.N.Y. July 11, 2014).  Here, as discussed above, plaintiff's failure to name the "John Doe" defendants due to lack of knowledge does not constitute a "mistake."  Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure.  Accordingly, C.P.L.R. § 203 does not apply.

> B. Any Amendment to Name the "John Doe" defendants cannot be deemed to Relate Back to the Filing of the Original Complaint Pursuant to C.P.L.R. § 1024

As for C.P.L.R. § 1024, the Second Circuit has recently held that a § 1983 amended complaint may be said to relate back to the original complaint under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the running of the statute of limitations, to identify the defendants by name; and, (2) the party must describe the John Doe parties in such form as will fairly apprise the parties that they are the intended defendants.  Hogan v. Fischer, 738 F.3d 509, 518-519 (2d Cir. 2013).

Here, the complaint is completely devoid of any descriptions of the John Doe officers to fairly apprise the parties that they are the intended defendants.  On the face of the complaint, plaintiff fails to meet this prong.  As for the remaining prong, , plaintiff has made no demonstration that she exercised due diligence, prior to the running of the statute of limitations, to identify the defendants in this matter.  Although the events giving rise to plaintiff's allegations occurred on May 27, 2012, plaintiff appears to have expended no efforts at all to identify the John Doe defendants in the three years that followed and waited exactly three years - until the last day of the statute of limitations to file her complaintSee e.g., JCG v. Ercole, 11-cv-6844 (CM) (JLC), 2014 U.S. Dist. LEXIS 57417, *54 (S.D.N.Y. Apr. 24, 2014) (citing Williams v. United States, 07-cv-3018 (RJS) (THK), 2010 U.S. Dist. LEXIS 25102, at *13 (S.D.N.Y. Feb. 25, 2010)).  According, because there is no evidence that plaintiff exercised due diligence, prior to the expiration of the statute of limitations – and instead, the procedural posture of the case evinces the contrary - C.P.L.R. § 1024 does not apply.

Finally, courts in this District have held that it is "incumbent upon [p]laintiffs to bring its inability to obtain and/or [d]efendants' unwillingness to produce the officers' identities to the Court's attention prior to the running of the statute of limitations . . . so that the Court could Order that this information be produced." Rivera v. City of New York, No. 07 Civ. 5999 (DAB), 2010 U.S. Dist. LEXIS 27603, at *11-12 (S.D.N.Y. May 17, 2010) (denying plaintiffs' motion to amend, reasoning that plaintiffs' failure to timely name individual officers in alleged incident was not a "mistake" within meaning of Rule 15(c) and Barrow, but rather the result of plaintiffs' counsel's failure to diligently seek out such information).  Here, because plaintiff filed her complaint on May 27, 2015—the last day of the limitations period—she assumed foreseeable, common risks of delays in litigation.  Indeed, due to plaintiff's delay in filing her complaint, by the time the Court ordered that this information be produced, plaintiff's statute of limitations had already run.

Accordingly, all claims against the remaining John Does defendants are time-barred (as of May 27, 2015) and the entire case should be *sua sponte* dismissed with prejudice.  This Office respectfully requests that the Court's Valenin Order be deemed moot as any amendment to name the "John Doe" defendants would be futile.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Jenny Weng
Senior Counsel
Special Federal Litigation Division

cc: Jacqueline Silver
67-30 Dartmouth St
Apt 2M
Forest Hills, NY 11375