

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KAITLIN FITZGIBBON**
Assistant Corporation Counsel
Phone: (212) 356-5057
Fax: (212) 356-3559
Email: kfitzgib@law.nyc.gov

May 6, 2016

**BY E.C.F.**
Honorable Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Silver v. City of New York et al., 15-cv-3462 (ARR) (SLT)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the defense of the above-referenced matter.[1] The undersigned writes to respectfully request: (1) that the Court compel plaintiff to provide this Office with an unsealing release pursuant to New York Criminal Procedure Law § 160.50 for the underlying police records by a date certain, in pain of dismissal for failure to prosecute; and (2) that the Court grant this Office an extension of time to respond to the Court's April 7, 2016 Order pursuant to Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997), from May 9, 2016 until thirty days after plaintiff provides this Office with a validly executed § 160.50 release. As plaintiff is proceeding *pro se*, this application is made directly to the Court. This is this Office's first request for an enlargement of time to respond to the Court's Valentin Order.

  By way of background, plaintiff's complaint alleges, *inter alia*, that on May 27, 2012 she was detained by unidentified police officers from the 111th Police Precinct, and that she was taken to the hospital against her will. The Court issued a Valentin Order on December 14, 2015, directing this Office to identify all individual police officers involved in plaintiff's arrest.

---

[1] The City of New York is not a defendant to this action as the Court dismissed it as a defendant by the Memorandum and Order dated December 14, 2015. (See Docket Entry No. 7.) Accordingly, the Office of the Corporation Counsel files this request merely as an interested party.

(See Docket Entry No. 7) On January 20, 2016, this Office filed a letter asking the Court to *sua sponte* dismiss plaintiff's complaint as time-barred by the three-year statute of limitations. (See Docket Entry No. 8) By Order dated April 7, 2016, the Court stated that such a motion was premature and accordingly declined to dismiss plaintiff's case. (See April 7, 2016 Order) Furthermore, the Court ordered this Office to "provide the address where the 'John Doe' defendants may be served within 30 days from the date of this Order." (See Id.)

This Office has forwarded to plaintiff *pro se* a release for records sealed pursuant to § 160.50 on three separate occasions: December 31, 2015, January 20, 2016 and April 20, 2016.[2] To date, plaintiff has yet to provide this Office with a validly executed §160.50 release. As a result, this Office has been unable to conduct the necessary inquiry into the identity of the John Doe officers from the 111th Precinct who were involved in plaintiff's arrest. Accordingly, this Office respectfully requests an extension of time to respond to the Court's April 7, 2016 Valentin Order from May 9, 2016 until thirty (30) days after plaintiff provides a validly executed §160.50 release. This time will enable this Office to request and review the relevant documents in order to ascertain the names of the officers who may have been involved in the alleged incident.

Accordingly, this Office respectfully requests: (1) that the Court compel plaintiff to provide this Office with an unsealing release pursuant to New York Criminal Procedure Law § 160.50 for the underlying police records by a date certain, in pain of dismissal for failure to prosecute; and (2) that the Court grant this Office an extension of time to respond to the Court's Valentin Order, from May 9, 2015 until thirty (30) days after plaintiff provides this Office with a validly executed § 160.50 release.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Kaitlin Fitzgibbon
Assistant Corporation Counsel
Special Federal Litigation Division

cc: VIA ECF AND FIRST CLASS MAIL
Jacqueline Silver
P.O. Box 604726
Bayside, NY 11360

---

[2] On May 2, 2016, plaintiff updated her address on the docket. (See Docket Entry No. 11) This Office subsequently forwarded a fourth release for records sealed pursuant to § 160.50 to plaintiff's new address.