Index No. 15 CV 3462 (ARR) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE SILVER,

Plaintiff,

-against-

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS, and POLICE OFFICER
EDWARD STINE,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kaitlin Fitzgibbon*
*Tel:  (212) 356-5057*
*Matter #:  2015-054679*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

STATEMENT OF FACTS ........................................................................................ 1

STANDARD OF REVIEW ....................................................................................... 3

ARGUMENT

      POINT I

            PLAINTIFF'S CLAIMS AGAINST THE DOE
            DEFENDANTS ARE BARRED BY THE
            STATUTE OF LIMITATIONS ................................................................ 5

      POINT II

            PLAINTIFF'S CLAIMS AGAINST THE
            DEFENDANTS DO NOT RELATE BACK TO
            THE FILING OF THE COMPLAINT UNDER
            FEDERAL RULE OF CIVIL PROCEDURE
            15(C)(1)(C) ............................................................................................. 7

      POINT III

            PLAINTIFF'S CLAIMS AGAINST THE
            DEFENDANTS DO NOT RELATE BACK TO
            THE FILING OF THE COMPLAINT UNDER
            FEDERAL RULE OF CIVIL PROCEDURE
            15(C)(1)(A) ............................................................................................. 9

            A.  Plaintiff's Claims Do Not Relate Back to the
               Filing of the Original Complaint Pursuant to
                C.P.L.R. § 203. ................................................................... 10

            B.  Plaintiff's Claims Against the Defendants Do
                Not Relate Back to the Filing of the Original
                Complaint Pursuant to C.P.L.R. § 1024. ........................... 12

CONCLUSION ........................................................................................................ 14

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                                       <u>**Pages**</u>

<u>Amron v. Morgan Stanley Inv. Advisors Inc.,</u>
    464 F.3d 338 (2d Cir. 2006)........................................................................................4

<u>Ashcroft v. Iqbal,</u>
    556 U.S. 662 (2009)................................................................................................2

<u>Askins v. City of New York,</u>
    10 Civ. 2230 (CM), 2012 U.S. Dist. LEXIS 19940 (S.D.N.Y. Feb. 13, 2012),
    <u>aff'd in relevant part</u>, 727 F.3d 248 (2d Cir. 2013)....................................................8

<u>Aslanidis v. United State Lines, Inc.,</u>
    7 F.3d 1067 (2d Cir. 1993)........................................................................................6

<u>Baldwin County Welcome Center v. Brown,</u>
    466 U.S. 147 (1984)................................................................................................7

<u>Barrow v. Wethersfield Police Dept.,</u>
    66 F.3d 466 (2d Cir. 1995)....................................................................................7, 8

<u>Bell Atl. Corp. v. Twombly,</u>
    550 U.S. 544 (2007)..........................................................................................2, 3, 4

<u>Bell Atlantic v. Twombly,</u>
    127 S. Ct. 1955 (2007)..........................................................................................3, 4

<u>Bender v. City of New York,</u>
    14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002
    (S.D.N.Y. Feb. 10, 2015)........................................................................................11

<u>Buran v. Coupal,</u>
    87 N.Y. 2d 173, 661 N.E.2d 978, 638 N.Y.S.2d 405 (1995)....................................11

<u>Chavis v. Chappius,</u>
    618 F.3d 162 (2d Cir. 2010)......................................................................................4

<u>Conopco, Inc. v. Roll International,</u>
    231 F. 3d 82 (2d Cir. 2000)........................................................................................4

<u>Crichlow v. Butchen,</u>
    09 CV 4398, 2009 U.S. Dist. LEXIS 109501 (E.D.N.Y. Nov. 20, 2009) ................6

<u>Doe v. New York,</u>
    10 CV 1792, 2015 U.S. Dist. LEXIS 31781 (E.D.N.Y. Mar. 13, 2015) ................11

| **Cases** | **Pages** |
|---|---|

In re Elevator Antitrust Litig.,
    502 F.3d 47 (2d Cir. 2007)..................................................................4

Fahs Constr. Group v. Gray,
    725 F.3d 289 (2d Cir. 2013)................................................................5

Grandon v. Merrill Lynch & Co.
    147 F.3d 184 (2d Cir. 1998)................................................................3

Harrison v. Harlem Hosp.,
    364 Fed. Appx. 686 (2d Cir. N.Y. 2010) ...........................................5

Hickey v. City of New York,
    173 Fed. Appx. 893 (2d Cir. 2006)....................................................6

Hixon v. City of New York, et al.,
    14 Civ. 2504 (AT), 2015 U.S. Dist. LEXIS 94887 (S.D.N.Y. July 13, 2015) .......................11

Hogan v. Fischer,
    738 F.3d 509 (2d Cir. 2013)..............................................6, 7, 8, 9, 10, 12

Holmes v City of New York,
    132 A.D.3d 952 (N.Y. App. Div. 2nd Dep't 2015) ............................13

Huitzil v. Delta Int'l Mach. Corp.,
    09 Civ. 451 (JGK), 2011 U.S. Dist. LEXIS 81524 (S.D.N.Y. July 20, 2011) ........................9

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007)................................................................3

Mancuso v. Hynes,
    379 F. App'x 60 (2d Cir. 2010) .........................................................4

Misa v. Hossain,
    42 A.D.3d 484 (N.Y. App. Div. 2nd Dep't 2007) .............................13

Mitchell v. Kugler,
    07 CV 1801 (JG) (LB), 2009 U.S. Dist. LEXIS 4655 (E.D.N.Y. Jan. 23, 2009).....................5

Moran v. County of Suffolk,
    11 CV 3704, 2015 U.S. Dist. LEXIS 37010 (E.D.N.Y. Mar. 24, 2015) ...............................11

Nat'l R.R. Passenger Corp. v. Morgan,
    536 U.S. 101 (2002)...........................................................................7

**Cases**                                                                                          **Pages**

Olivo v. City of New York,
    14 CV 4966, 2015 U.S. Dist. LEXIS 101957 (E.D.N.Y. Aug. 4, 2015) .................................12

Ormiston v. Nelson,
    117 F.3d 69 (2d Cir. 1997)............................................................................................5

Owens v. Okure,
    488 U.S. 235 (1989)....................................................................................................5

Paycom Billing Servs. v. Mastercard Intl, Inc.,
    467 F.3d 283 (2d Cir. 2006)........................................................................................4

Pearl v. City of Long Beach,
    296 F.3d 76 (2d Cir. 2002)..........................................................................................5

Rodriguez v. City of New York,
    10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725 (S.D.N.Y. Sept. 7, 2011).......................8

Scott v. Village of Spring Valley,
    577 Fed. Appx. 81 (2d Cir. 2014) .................................................................................8

Seymore v. Dep't Corr. Servs.,
    11 Civ. 2254 (JFK), 2014 U.S. Dist. LEXIS 21404 (S.D.N.Y. Feb. 18, 2014).......................4

Singleton v. City of New York,
    632 F.2d 185 (2d Cir. 1980),
    cert. denied, 450 U.S. 920 (1981) ...........................................................................5, 6

Sloane v. Town of Greenburgh,
    01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107
    (S.D.N.Y. July 27, 2005) ..........................................................................................11

Strada v. City of New York,
    11 CV 2014, U.S. Dist. LEXIS 94687 (E.D.N.Y. July 11, 2014) ..........................................10

Strada v. City of New York,
    11 CV 5735, 2014 U.S. Dist. LEXIS 94687 .......................................................................10

Tapia-Ortiz v. Doe, et al.,
    171 F.3d 150 (2d Cir. 1999).........................................................................................6

Temple v New York Community Hosp. of Brooklyn,
    89 A.D.3d 926 (N.Y. App. Div. 2d Dep't 2011) ................................................................13

Vasconcellos v. City of New York,
    12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2, 2014) .........8, 9, 10, 11

**Statutes**                                                                                      **Pages**

28 U.S.C. §1915(e)(2)(B) ...................................................................................................2

42 U.S.C. §1983.....................................................................................................5, 6, 8, 9

C.P.L.R. § 203...................................................................................................9, 10, 11

C.P.L.R. § 203(c) .............................................................................................................11

C.P.L.R. § 1024................................................................................................10, 12, 13

Fed. R. Civ. P. 12(b)(6)..............................................................................................1, 3, 4, 14

Fed. R. Civ. Pro. 15(c)(1)(C)'s ......................................................................................11

Federal Rule of Civil Procedure 15(c) ...................................................................6, 8, 11

Federal Rule of Civil Procedure 15(c)(1)(A)..................................................1, 9, 10, 11

Federal Rule of Civil Procedure 15(c)(1)(C) ........................................1, 7, 8, 9, 10, 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JACQUELINE SILVER,

                                Plaintiff,

                                                   15 CV 3462 (ARR) (ST)

               -against-

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS, and POLICE OFFICER EDWARD
STINE,

                                Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

       Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) plaintiff's excessive force and false imprisonment claims against the Doe defendants are barred by the statute of limitations;  (2) plaintiff's claims against the defendants do not relate back to the filling of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C); (3) plaintiff's claims against the defendants do not relate back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c)(1)(A).  Accordingly, defendants respectfully request that the Court enter an Order dismissing plaintiff's Complaint in its entirety, and granting further relief as the Court deems just and appropriate.

## STATEMENT OF FACTS

       Plaintiff commenced this action by filing the Complaint on May 27, 2015, in the Eastern District of New York.  (See Plaintiff's Complaint, filed May 27, 2015, annexed to the Declaration of Kaitlin Fitzgibbon, dated December 14, 2016  (hereinafter "Fitzgibbon Decl.") as

Exhibit "A" (hereinafter "Ex. A")).  In the Complaint,[1] plaintiff alleges that on May 27, 2012 at approximately 8:30am she was sitting inside of her car, which was parked outside of her former home in Bayside, Queens, when she was "swarmed with about [six] police officers." (Ex. A at 4).[2]   The officers had approached plaintiff and asked for her identification, they informed plaintiff that she was trespassing—she had been evicted from her former home in Bayside in April 2012—then asked her if she had ever been in a hospital.  (Ex. A at 5).  The officers then handcuffed plaintiff by allegedly taking her to the ground, causing bruising and contusions.  (Ex. A at 5).  Plaintiff was subsequently transported by ambulance, against her will, to the Long Island Jewish (hereinafter "LIJ") Hospital emergency room.  (Ex. A at 6).  Plaintiff was later transferred from LIJ Hospital to Hillside Hospital where she was then admitted and detained against her will. (Id.).

On May 27, 2015—exactly three years after the alleged incident—plaintiff commenced the instant action.  In the complaint, plaintiff purports to name John Doe #1 (police officer), John Doe #2 (police officer), John Doe #3 (police officer), John Doe #4 (police officer), and John Doe #5 (captain) from the 111th Police Precinct as defendants, without providing any physical description or other means of identification.  (See generally Ex. A).[3]  By letter motion dated January 20, 2016, this Office requested that the Court sua sponte dismiss plaintiff's claims against the John Doe defendants on the grounds that they were time-barred by the statute of limitations.  (See Docket Entry No. 8).  By Order dated April 7, 2016, the Court stated that such

---

[1] Defendants in no way concede the allegations set forth in plaintiff's Complaint but recognize that all facts pled therein must be assumed to be true in the Court's consideration of the instant motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))

[2] For ease of reference, citations to documents filed on the docket sheet utilize ECF pagination.

[3] By Order dated December 14, 2015, the Court dismissed plaintiff's claims against the City of New York and the NYPD's 111th Police Precinct for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).  (See Docket Entry No. 7).

a motion was premature, and instructed this Office to first identify the John Doe defendants before moving to dismiss this case. (See April 7, 2016 Order). Thus, by letter dated September 9, 2016, this Office identified the John Doe defendants as NYPD officers Galano, Kostas, Stine and Sergeant Dalessandro. (See Docket Entry No. 26). It appears from a review of the docket that plaintiff's complaint has since been deemed amended to reflect the full names and badge numbers of these officers, an amended summons was issued, and the defendants were served with a copy of the complaint on October 25, 2016. (See Court Order dated September 9, 2016; Docket Entry Nos. 29-33). Defendants now move on grounds that plaintiff's claims in the instant action are barred by the applicable statute of limitations and should, therefore, be dismissed.

## STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. Grandon v. Merrill Lynch & Co. 147 F.3d 184, 188 (2d Cir. 1998). A complaint may be dismissed pursuant to Rule 12(b)(6) where it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1975 (2007). A party bringing a claim must satisfy "a flexible 'plausibility standard,' which means that a pleader must amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964–65 (internal quotation marks and alteration omitted). In order to state a claim, the factual allegations contained in the pleading "must be enough to raise a right to relief above the

speculative level." Id. at 1965; see also In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) ("While Twombly does not require heightened fact pleading of specifics, it does require enough facts to nudge plaintiffs' claims across the line from conceivable to plausible.") (internal quotation marks and alteration omitted).

Moreover, conclusory statements cannot "substitute for minimally sufficient factual allegations." Paycom Billing Servs. v. Mastercard Intl, Inc., 467 F.3d 283, 289 (2d Cir. 2006) (internal quotation marks omitted); see Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss). Furthermore, a motion under Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F. 3d 82, 86–87 (2d Cir. 2000).

A pro se litigant's complaint is entitled to liberal interpretation and may be read as raising the strongest arguments that it suggests. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nevertheless, a pro se complaint must be dismissed if it fails to satisfy the plausibility standard set forth in Iqbal. Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010). Additionally, when reviewing a pro se complaint, the Court "'cannot invent factual allegations that [the plaintiff] has not pled.'" Seymore v. Dep't Corr. Servs., 11 Civ. 2254 (JFK), 2014 U.S. Dist. LEXIS 21404, at *5 (S.D.N.Y. Feb. 18, 2014) (quoting Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).[4]

Here, relying solely on the facts presented in the complaint, all claims against defendants Dalessandro, Galano, Kostas and Stine must be dismissed as time-barred.

---

[4] In the event that defendants' motion to dismiss is converted into a motion for summary judgment, City Defendants reserve the right to move again with additional evidence in the interest of justice.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS AGAINST THE DOE DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS**

The instant case before the Court should be dismissed in its entirety as a matter of law.  Plaintiff's false imprisonment and excessive force claims in this case are time-barred because plaintiff failed to name the John Doe NYPD defendants prior to the expiration of the statute of limitations on those claims.

For § 1983 actions, "the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'"  Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)) (alterations in original).  New York's three-year statute of limitations for unspecified personal injury actions applies to claims under § 1983 and to each of plaintiff's purported federal claims.  See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). See also Fahs Constr. Group v. Gray, 725 F.3d 289 (2d Cir. 2013) ("The statute of limitations on an Equal Protection claim brought in New York under 42 U.S.C. § 1983 is three years.") (citations omitted); Harrison v. Harlem Hosp., 364 Fed. Appx. 686, 688 (2d Cir. N.Y. 2010) (claims brought in New York under 42 U.S.C. §§ 1981, 1983, and 1985 are governed by a three-year statute of limitations and that actions brought under 42 U.S.C. § 1986 fail without a cognizable and timely claim under 42 U.S.C. § 1985) (citations omitted).

A § 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action.  Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981).  Specifically, a claim for excessive force accrues when the force occurred.  Mitchell v. Kugler, 07 CV 1801 (JG) (LB), 2009 U.S. Dist. LEXIS

4655, at *19 (E.D.N.Y. Jan. 23, 2009).  Similarly, a claim for false arrest/false imprisonment accrues at the time the challenged detention occurs.  See Crichlow v. Butchen, 09 CV 4398 (ARR), 2009 U.S. Dist. LEXIS 109501, at *3-4 (E.D.N.Y. Nov. 20, 2009) ("The statute of limitations for a § 1983 civil rights action in New York is three years, and accrues for a false arrest claim at the time of arrest." (internal citations omitted)); see also Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (finding that the plaintiff's § 1983 false arrest claim accrued on the date of his arrest, as that "was the time at which plaintiff knew of his injury arising from the alleged[ly] . . . false arrest").

Moreover, the inclusion of "John Doe" defendants in a complaint will not serve to extend the statute of limitations as to those defendants unless the amended complaint relates back, pursuant to Federal Rule of Civil Procedure 15(c), to the date the timely complaint was filed.  Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013); Tapia-Ortiz v. Doe, et al., 171 F.3d 150, 152 (2d Cir. 1999) ("It is familiar law that 'John Doe' pleadings cannot be used to circumvent statute of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued") (quoting Aslanidis v. United State Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993)); Hickey v. City of New York, 173 Fed. Appx. 893, 895-6 (2d Cir. 2006) (upholding a district court's denial of plaintiff's motion to amend the complaint to substitute the real names of John Doe officers after the expiration of the statute of limitations).

In the instant matter, plaintiff asserts false imprisonment and excessive force claims under 42 U.S.C. §1983, stemming from her purported detention on May 27, 2012. Accordingly, the statute of limitations for these purported claims expired on May 27, 2015, the same day the Complaint was filed in this matter.  On September 9, 2016, the Court deemed plaintiff's complaint amended to substitute Sergeant Dalessandro, Officer Galano, Officer Kostas

and Officer Stine for some of the John Doe defendants. (See Court Order dated September 9,

2016).  That substitution occurred well after the expiration of the statute of limitations, and was

therefore, impermissible.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14

(2002) ("Procedural requirements established by Congress for gaining access to the federal

courts are not to be disregarded by courts out of a vague sympathy for particular litigants")

(quoting Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984)).  As set forth

below, because defendants Dalessandro, Galano, Kostas and Stine were not named as defendants

until September 9, 2016, after the statute of limitations for plaintiff's excessive force and false

imprisonment claims expired and because plaintiff's claims do not relate-back to the date the

original pleadings were filed, her claims are untimely, and therefore, subject to dismissal.

**POINT II**

**PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS DO NOT RELATE BACK TO THE FILING OF THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(C)(1)(C)**

"Rule 15(c)(1)(c) provides the federal standard for relation back."  Hogan v.

Fischer, 738 F.3d 509, 517 (2d Cir. 2013).  For a claim against a defendant to relate back under

Rule 15(c)(1)(c), the following requirements must be met:

> (1) the claim must have arisen out of conduct set out in the original
> pleading; (2) the party to be brought in must have received such
> notice that it will not be prejudiced in maintaining its defense; (3)
> that party should have known that, but for a mistake of identity, the
> original action would have been brought against it; and . . . [4] the
> second and third criteria are fulfilled within 120 days of the filing
> of the original complaint, and . . . the original complaint [was] filed
> within the limitations period.

Id. (alteration in original) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468-69 (2d

Cir. 1995)).  However, the "failure to identify individual defendants when the plaintiff knows

that such defendants must be named cannot be characterized as a mistake." Hogan, 738 F.3d at 517-518 (quoting Barrow, 66 F.3d at 470); see also Scott v. Village of Spring Valley, 577 Fed. Appx. 81, 82-83 (2d Cir. 2014) (holding that a proposed amendment failed to satisfy Fed. R. Civ. Pro. 15(c)(1)(c) where it did not "correct a mistake of fact . . . but rather [sought] to add information – the names of the officers involved – that [plaintiff] lacked when he filed the complaint"). Accordingly, where plaintiffs fail to amend and identify the Doe defendants in a § 1983 action within the statute of limitations period, any amended complaint naming those individuals after the expiration of the statute of limitations cannot be said to relate back under Rule 15(c)(1)(C).

Courts in this Circuit have routinely denied plaintiffs' requests to file amended pleadings in cases where the plaintiffs seek to name Doe defendants after the statutes of limitations have expired. See id., at 518 ("This Court's interpretation of Rule 15(c)(1)(C) makes clear that lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'") (citations omitted); Vasconcellos v. City of New York, 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429 (S.D.N.Y. Oct. 2, 2014) (holding that plaintiff could not amend her complaint to name the Doe officers because the three-year statute of limitations had expired); Askins v. City of New York, 10 Civ. 2230 (CM), 2012 U.S. Dist. LEXIS 19940, at *21-28 (S.D.N.Y. Feb. 13, 2012), aff'd in relevant part, 727 F.3d 248 (2d Cir. 2013) (denying Plaintiff leave to amend to identify Doe defendants as the amendment would not "'relate back' to the original, timely filed complaint"); Rodriguez v. City of New York, 10 Civ. 1849 (PKC), 2011 U.S. Dist. LEXIS 102725, at *18-28 (S.D.N.Y. Sept. 7, 2011) (denying leave to amend to add an individual defendant after the statute of limitations had expired because lack of knowledge of the identity of a proper defendant is not a mistake for purposes of relation back under Fed. R. Civ.

Pro. 15(c)); Huitzil v. Delta Int'l Mach. Corp., 09 Civ. 451 (JGK), 2011 U.S. Dist. LEXIS 81524, at *12-14 (S.D.N.Y. July 20, 2011) (denying leave to amend to add new defendant after the expiration of the statute of limitations where plaintiff claimed that he was unable to timely discover the proper defendant's identity).

In the instant matter, plaintiff filed the Complaint against various Doe defendants on the date her three-year statute of limitations expired.  The Doe defendants were not identified in this case until September 9, 2016, after the expiration of the statute of limitations, and were only identified after an investigation conducted by defense counsel.  (See Docket Entry No. 26). Because plaintiff failed to name or identify the individual Doe defendants before the statute of limitations expired, and because this failure cannot be characterized as a "mistake," defendants respectfully contend that plaintiff's claims against them cannot be said to relate back under Fed. R. Civ. Pro. 15(c)(1)(C).

## POINT III

**PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS DO NOT RELATE BACK TO THE FILING OF THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(C)(1)(A)**

"Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." Hogan v. Fischer, 738 F.3d 509, 509 (2d Cir. 2013) (quotations omitted). "In other words, the [Amended] Complaint relates back if New York law, which provides the applicable statute of limitations [for § 1983 claims in New York], authorizes relation back."  Vasconcellos v. City of New York, 12 Civ. 8445 (CM), 2014 U.S. Dist. LEXIS 143429, *16 (S.D.N.Y. Oct. 2, 2014).  Under New York State Law, a party may seek relation back for a previously unknown defendant under § 203 of the New York

Civil Practice Law and Rules, and under § 1024 of the New York Civil Practice Law and Rules

("C.P.L.R.").[5]

## A. Plaintiff's Claims Do Not Relate Back to the Filing of the Original Complaint Pursuant to C.P.L.R. § 203.

Under New York law, a party seeking relation back to a previously unknown

defendant may utilize § 203 of the New York Civil Practice Law and Rules ("C.P.L.R."), New

York's general relation back statute.  <u>Strada v. City of New York</u>, 11 CV 2014 (MKB), U.S.

Dist. LEXIS 94687, *20 (E.D.N.Y. July 11, 2014).  Under CPLR § 203:

> New York courts allow claims against a new defendant to "relate
> back to timely filed pleadings when (1) the new claim arose out of
> the same conduct, transaction or occurrence as the original
> allegations; (2) the new party is united in interest with the original
> defendant, and by reason of that relationship can be charged with
> such notice of the institution of the action that he will not be
> prejudiced in maintaining his defense on the merits; and (3) the
> new party knew or should have known that, but for a mistake as to
> the identity of the proper parties, the action would have been
> brought against him as well.

<u>Id.</u>, at *21-23.  However, "New York courts have held . . . that a plaintiff may not

add a new defendant under … [CPLR § 203] unless 'the new party knew or should have known

that, but for an **excusable mistake** by plaintiff as to the identity of the proper parties, the action

would have been brought against him as well.'"  <u>Vasconcellos</u>, 2014 U.S. Dist. LEXIS 143429,

at *16-17 (collecting cases) (emphasis in original); <u>Strada</u>, 2014 U.S. Dist. LEXIS 94687, at *29-

32.  "This requirement closely tracks the federal relation-back requirement of Rule

---

[5] In <u>Hogan</u> the Second Circuit noted that Fed. R. Civ. Pro. 15(c)(1)(A) permits relation-back under state law if that law is more forgiving than its Federal corollary, and held that New York C.P.L.R. § 1024 is more forgiving than Fed. R. Civ. Pro. 15(c)(1)(C).  <u>Hogan</u>, 738 F.3d, 518.  It is unclear whether New York C.P.L.R. § 203 is also more forgiving than Fed. R. Civ. Pro. 15(c)(1)(C), however "[c]ourts in this Circuit have either found § 203 to be more forgiving or assessed both laws and applied the more forgiving of the two." <u>Strada v. City of New York</u>, 11 CV 5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *20-22, n. 5 (E.D.N.Y. July 11, 2014 (collecting cases). Accordingly, and for the limited purposes of this motion, defendants will presume that C.P.L.R. § 203 is applicable to the instant matter.

15(c)(1)(C)."  Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *17.  See also Bender v. City of New York, 14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002, at *13-14 (S.D.N.Y. Feb. 10, 2015) ("The third prong of § 203(c) employs the same standard as the federal rule.") (quotations omitted) (citing Sloane v. Town of Greenburgh, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107, at *9-10 (S.D.N.Y. July 27, 2005); Buran v. Coupal, 87 N.Y. 2d 173, 179, 661 N.E.2d 978, 638 N.Y.S.2d 405 (1995) (noting that § 203 was largely modeled after Rule 15(c) of the Federal Rules of Civil Procedure)).

Here, plaintiff has not alleged a mistake in serving the proper parties nor can she. For the reasons set forth *supra*, because plaintiff cannot satisfy Fed. R. Civ. Pro. 15(c)(1)(C)'s "mistake" requirement as to the Doe defendants involved in his claims, she also cannot satisfy the "mistake" requirement of CPLR § 203.  See, e.g., Hixon v. City of New York, et al., 14 Civ. 2504 (AT) (RLE), 2015 U.S. Dist. LEXIS 94887, at n. 5 (S.D.N.Y. July 13, 2015); Moran v. County of Suffolk, 11 CV 3704 (PKC) (GRB), 2015 U.S. Dist. LEXIS 37010, at *17-19 (E.D.N.Y. Mar. 24, 2015); Doe v. New York, 10 CV 1792 (RJD) (VVP), 2015 U.S. Dist. LEXIS 31781, at *40-41 (E.D.N.Y. Mar. 13, 2015); Bender v. City of New York, 14 Civ. 4386 (LTS) (GWG), 2015 U.S. Dist. LEXIS 16002, at *13-14 (S.D.N.Y. Feb. 10, 2015) Vasconcellos, 2014 U.S. Dist. LEXIS 143429, at *16-17; Sloane v. Town of Greenburgh, 01 Civ. 11551 (MBM), 2005 U.S. Dist. LEXIS 16107, at *9-10 (S.D.N.Y. July 27, 2005) ("At least as to this [mistake] prong of [C.P.L.R. § 203], New York's relation back law employs the same standard as the federal rule.") (citations omitted).  Thus, plaintiff's claims against defendants Dalessandro, Galano, Stine and Kostas do not relate back to the filing of the original complaint under Rule 15(c)(1)(A) of the Federal Rules of Civil Procedure.

11

**B.**   **Plaintiff's Claims Against the Defendants Do Not Relate Back to the Filing of the Original Complaint Pursuant to C.P.L.R. § 1024.**

Similarly, plaintiff's claims against defendants Dalessandro, Galano, Kostas and Stine also do not relate back under C.P.L.R. § 1024.  An amended complaint may also be said to relate back under C.P.L.R. § 1024 if it meets two requirements: (1) the plaintiff must exercise due diligence, prior to the expiration of the statute of limitations, to identify the defendants by name; and, (2) the [plaintiff] must describe the John Doe parties in such form as will fairly apprise the parties that they are the intended defendants.  Hogan, 738 F.3d at 518-519 (citations omitted).  Notably, "New York courts stress that **any** failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party." Olivo v. City of New York, 14 CV 4966 (ERK), 2015 U.S. Dist. LEXIS 101957 (E.D.N.Y. Aug. 4, 2015) (finding no due diligence where plaintiff's sole effort was filing a notice of claim two years and eleven months in advance of the statute of limitations) (emphasis in original) (collecting cases) (quotation omitted).

Here, as to one of the requirements, other than providing the John Doe defendants' assigned precinct, the complaint is completely devoid of any descriptions of the John Doe officers to fairly apprise the parties that they are the intended defendants.  On the face of the complaint, plaintiff fails to meet this requirement.  As to the remaining requirement, plaintiff has made no demonstration that she exercised due diligence, prior to the running of the statute of limitations, to identify the defendants in this matter.  Instead, plaintiff waited three years, until the date the statute of limitations expired, to file her complaint naming only John Doe defendants.  Accordingly, it cannot be said that she exercised due diligence to discover the identities of the John Doe defendants.  Indeed, efforts exceeding those made by plaintiff have repeatedly been found insufficiently diligent, and therefore plaintiff's claims against the John

Doe defendants do not relate back under CPLR § 1024.   See e.g., Temple v New York Community Hosp. of Brooklyn, 89 A.D.3d 926, 927-928 (N.Y. App. Div. 2d Dep't 2011) (finding no due diligence for purposes of CPLR 1024 where plaintiff served "some limited discovery demands . . .  prior to the expiration of the statute of limitations, when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery . . . and failed to properly and promptly seek assistance from the Supreme Court.") (citations omitted); Holmes v City of New York, 132 A.D.3d 952, 954 (N.Y. App. Div. 2nd Dep't 2015) (finding no due diligence for purposes of CPLR 1024 where "there is no indication that the plaintiff's engaged in any pre-action disclosure or made any Freedom of Information Law requests. Moreover, there is no indication that the plaintiffs sought assistance from either the Criminal Court or the Supreme Court to learn the identities of the individual officers before the statute of limitations had run.") (citations omitted); Misa v. Hossain, 42 A.D.3d 484, 486 (N.Y. App. Div. 2nd Dep't 2007) ("the plaintiff failed to meet his burden of showing diligent efforts to determine the identity of [the unidentified party], as is required to avail  himself of the provisions of CPLR 1024. The plaintiff failed to promptly seek further discovery, or to at least apply to the Supreme Court for assistance after receiving a patently inadequate response to his barely minimally sufficient discovery requests, which response was received only a short time prior to the expiration of the applicable statute of limitations.") (citations omitted).

Here, plaintiff waited until the day the statute of limitations expired to file her Complaint naming only unidentified officers.  Because plaintiff waited three years to file her complaint on the date the statute of limitations for her claims expired, any subsequent assistance from the Court and this Office to identify these defendants is untimely and futile.  Based on the foregoing, defendants Dalessandro, Galano, Kostas and Stine respectfully contend that plaintiff's

claims against them are untimely, that the amendment adding them after the statute of limitations had already expired is futile because those claims do not relate back to the dates the original pleadings were filed.  Accordingly, plaintiff's claims against the defendants should be dismissed in their entirety, and with prejudice.

## **CONCLUSION**

For the foregoing reasons, defendants Dalessandro, Galano, Kostas and Stine respectfully request that the Court dismiss with prejudice plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated:          New York, New York
                December 14, 2016

                                ZACHARY W. CARTER
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants Dalessandro, Galano,*
                                *Kostas and Stine*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-5057

                                By:      _____/s/_____
                                         Kaitlin Fitzgibbon
                                         *Assistant Corporation Counsel*
                                         Special Federal Litigation


cc:    **BY FIRST CLASS MAIL AND EMAIL**
       Jacqueline Silver
       P.O. Box 604726
       Bayside, NY 11360

16 CV 1703 (LDH) (JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE SILVER,

Plaintiff,

-against-

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS, and POLICE OFFICER
EDWARD STINE,

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*100 Church Street*
*New York, New York  10007*
*Of Counsel:  Kaitlin Fitzgibbon*
*Tel:  (212) 356-5057*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .......................................... ,2016*

*...................................................................... Esq.*

*Attorney for ..........................................................*