United States District Court
Eastern District of New York

15CV3462

-------------------------------------------X

**Letter Motion for an Enlargement of Time**

**Jacqueline Silver**

       Plaintiff,

         ---against---

**Sergeant Scott Dalessandro, Police Officer Luigi Galano, Police Officer Nicholas Kostas, and Police Officer Edward Stine**

       Defendants
_____X

RECEIVED JAN -6 2017 PRO SE OFFICE

Hon. Allyne R. Ross

Honorable Steven L. Tiscione

    I am the plaintiff in the above referenced action. I am asking the court for an enlargement of time to put in my opposition papers. Pursuant to your briefing schedule, plaintiff is required to put in her opposition papers by January 11, 2017.

    Your Honor, I am asking the court to enlarge the time to March 11, 2017 to file and serve the opposition papers. Ms. Fitzgibbon, Counsel for the defendants consented to a two week adjournment, but unfortunately it isn't enough time. This is the first enlargement of time that the plaintiff is asking for on this motion to dismiss.

Plaintiff wants to bring to the courts attention that the defendants' motion to dismiss is twofold, to dismiss on the statute of limitations and to dismiss on what I perceive pursuant to the papers, summary judgment, Rule 12b, 6 of the Federal Rules of Civil Procedure. Your Honor, the second motion to dismiss was never brought up in any of the motions to dismiss that the defendants counsel presented to you. It was never brought up in two pretrial conferences we had with Honorable Tiscione. Ms. Fitzgibbon, was focused on attempting to dismiss plaintiff's case on the Statute of Limitations. The other motion to dismiss came out of left field. It is not possible or feasible to answer this by January 11, 2017. In a pretrial conference on Sept 30, 2016, before Judge Tiscione, defendants counsel stated she will file a motion to dismiss on the statute of limitations. Once again, the other motion was never discussed, it came out of left field.

On December 14, 2015, Hon. Ross you ordered Ms. Fitzgibbon to produce the names of the police officers that used force on me and violated my rights on May 27, 2012, instead they did a motion to dismiss on the Statute of Limitations. Hon Ross on April 7, 2016, you notified the OCC that their motion to dismiss on the statute of limitations is premature and they can refile it at a later time. Once again this was discussed twice, by Fitzgibbons at the pretrial conferences. The other portion of the motion to dismiss was never discussed. Plaintiff has briefly read the papers and noticed that plaintiff will need to produce witnesses. Your Honor, I need clarification on this because Hon. Ross you stayed the discovery. Plaintiff needs to obtain her medical records from May 27, 2012, from Zucker Hillside Hospital, LIJ Medical Center/North Shore LIJ Health Systems, and has to subpoena individuals that potentially might have been involved in calling the police on plaintiff the morning of May 27, 2012. This alone can take a couple of

months to complete. Once again plaintiff needs clarification as to whether this is discovery. Plaintiff was under the impression that discovery was stayed.

This motion to dismiss is very complex and complicated. As mentioned to the court in prior communications, plaintiff is diligently trying to seek counsel. Plaintiff has spoken to a handful of attorneys with no success. Plaintiff was referred to Mr. Eric Sanders. She spoke with him on two occasions, he didn't return plaintiffs calls. Plaintiff has also spoken to a couple of attorneys that have told her when it goes to trial they will be able to represent her. One attorney Mr. Levine told her last week that his partner is expecting a baby and she needs to take time off. He referred me to two attorneys, trying to reach them. Plaintiff spoke with Mr. Mcdonough Esq, back on May 27, 2015. He advised her to file the Summons and Complaint that day (1983 Civil Rights Action). Plaintiff was under the impression that Mr. Mcdonough was going to represent her.

Finally, Hon. Ross, I am asking the court for an enlargement of time to March 11, 2017, for the above reasons. Plaintiff cannot lose this case as her rights were violated on May 27, 2012, was brutalized by the defendants that morning and was verbally abused by the police officers, when she was sitting in her car on the side of the house that she lived in for forty years.

*Jacqueline Silver*
Jacqueline Silver
Prose Litigant

January 5, 2017
CC Kaitlin Fitzgibbon