UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JACQUELINE SILVER,

                                        *Plaintiff,*

                    - against -

                                                        15 CV 3462 (ARR)

(ST)

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS and POLICE OFFICER
EDWARD STINE,

                                        *Defendants.*
-----------------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION
# TO MOTION TO DISMISS

PRELIMINARY STATEMENT

This brief is submitted in opposition to Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), failure to state a claim upon which relief can be granted. In the interest of expediency, the facts of the case will not be repeated herein except as necessary for the understanding of the arguments presented.

ARGUMENT

POINT I: DEFENDANTS HAVE FAILED TO ESTABLISH THAT PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants move to dismiss the case for "failure to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. 12(b)(6). Pursuant to Federal Rule of Civil Procedure 7(b)(B) a notice of motion must "state with particularity the grounds for seeking the order". In the case before us, it is abundantly clear that Defendants have failed to state with particularity the grounds for seeking an order to dismiss Plaintiff's case; as a matter of fact they have not stated any grounds at all why Ms. Silver's case should be dismissed for failure to state a case. It is respectfully submitted that Defendants have failed utterly to state with particularity their grounds for seeking a dismissal of Ms. Silver's case, or state any grounds at all. The declaration in support is devoid of any fact or law that would warrant dismissal on the ground of failure to state a claim upon which relief can be granted, which is the theory upon their motion has been presented.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). This "does not impose a probability requirement at

2

the pleading stage [but instead] simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Bell Atl. Corp. v. Twombly,* 550 US 554, 556 (2007). In considering the motion, the court is required to accept the facts alleged as true and construe all reasonable inferences in the favor of the nonmoving party's, the plaintiff's, favor. *Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir. 1998). Therefore, as the Court knows, by definition, a motion to dismiss must be based on the facts of the case.

However, inexplicably, defendants' papers submitted in support of their motion do not contain even a shred of discussion of the merits of Plaintiff's case, and is equally devoid of any discussion of the factual matter of her claim, sufficient or not.

Defendants have failed entirely to present any valid arguments, or even the briefest of discussions, in support of its motion based on Plaintiff's alleged failure to state a claim. In fact, Defendants have not even argued that Ms. Silver has failed to state a claim that is plausible on its face, or that she has failed to present enough facts to raise an expectation that evidence obtained through discovery would sufficiently support her case. Incredibly, Defendants don't devote even a single word to a discussion to Plaintiff's claim, or the facts she has presented in support thereof. They have presented no argument or legal authority that would warrant a dismissal on the doctrine of failure to state a claim upon which relief can be granted, for the simple reason that no valid argument therefor exists.

Instead, Defendants incorrectly state that "relying solely on the facts presented in the complaint, all claims against defendants Dalessandro, Galano, Kostas and Stine must be dismissed as time-barred." (Defendants' Memorandum of Law at 4), a statement that

3

utterly lacks support in the record. In reality, the Defendants' argument is based entirely on the procedural developments in the case which are wholly unrelated both to the merit of the case, to the facts presented by Plaintiff in her complaint, and to the question as to whether or not her claim has been sufficiently pleaded to state a claim upon which relief can be granted.

It is clear that Defendants have failed to present any arguments in support of its motion to dismiss Ms. Silver's claim for failure to state a claim upon which relief can be granted, and therefore the motion must be denied.

### POINT II: DEFENDANTS' ALLEGATION THAT THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS IS WITHOUT MERIT

As defendants admit, the Court denied their letter motion dated January 20, 2016 to dismiss the case on statute of limitations as premature, instructing them to identify the John Doe defendants before moving to dismiss the case, under *Valentin v. Dinkins,* 121 F.3d 72, 75 (1997). Under the *Valentin* rule "when a [pro se] party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." *Id.* at 75 (internal citations omitted).

Judge Ross followed this rule in her order dated December 14, 2015, where she ordered the Corporation Counsel to produce the full name of the four individual police officers involved in the arrest, and "to provide the address where these defendants can currently be served within 45 days from the date of this order" (**Ex. E**). Even so, defendants defaulted on the order and it was not until *five months* later, on September 9, 2016, that the Defendants finally disclosed the identity of the four officers. There is no

4

evidence in the record of the Defendants had a valid reason for this delay of almost half a year to comply with this simple requirement, neither is there anything to indicate that they moved for an extension of time to do so for a valid reason, or for any reason. It is respectfully submitted that this dilatory practice has prejudiced the plaintiff. It is clear, based on everything herein, that the motion to dismiss is entirely without merit and must be resoundingly denied. The discussion might end here, however plaintiff will nevertheless discuss in further detail defendants' arguments.

Defendants devote a considerable part of their memorandum of law to argue that Plaintiff's case is time-barred and a lengthy explanation of New York's three-year statute of limitations for unspecified personal injury actions, complaining that it was filed on the very last day before the statute of limitations expired. As it is clear that Defendants have no basis for its claim that the action is time-barred under the statute of limitations instead they incorrectly attempt to argue that it is time-barred because Plaintiff was not able to establish the names of the defendants prior to the expiration of the three-year statute of limitations in spite of the Court's order that they produce the names themselves, as will be discussed *infra*.

POINT III: DEFENDANTS' ARGUMENTS BASED ON
RULE 15(C)(1)(C) ARE WITHOUT MERIT

The Defendants' claim that the fact that Ms. Silver did not know the identities of the Defendants at the time she commenced the action is an indication that she did not exercise sufficient due diligence prior to the expiration of the three-year statute of limitations as required by CPLR 1024, because "the complaint is completely devoid of

5

any descriptions of the John Doe officers to fairly apprise the parties that they are the intended defendants". (Mem. of Law at 12).

Incredibly, the defendants fail to even mention the controlling authority on the doctrine of relating back, *to wit,* the Supreme Court's decision in *Krupski v Costa Crociere S.P.A* (560 US 538 [2010]), most likely for the simple reason that it defeats their argument entirely.

In *Krupski,* the Supreme Court of the United States found that "it would be error to conflate knowledge of a party's existence with the absence of mistake ... the reasonableness of the mistake is not itself at issue." (*id.* at 9, 10), and, furthermore, that "the purpose of relation back [is] to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, *for resolving disputes on their merits"* (*id.* at 10) (emphasis added). It is clear that the defendants pay little or no attention to the facts of the plaintiff's case, life-changing events where she was seriously brutalized and unlawfully confined to a mental hospital for eight days for no reason and without even an explanation, causing her both physical injuries and serious emotional suffering.

As to Ms. Silver's incorrectly alleged lack of diligence in obtaining the true identity of the police defendants – information that was available to the defendants all along – again any reference to the *Krupski* case is conspicuously lacking, likely for the simple reason that citing the correct cases would make the Defendants' case fall flat. In *Krupski* the Supreme Court specifically ruled that Rule 15(c)(1)(C) "plainly sets forth an exclusive list of requirements for relation back, *and the amending party's diligence is not among them.*" *Id.* at 13. Instead, the Supreme Court ruled, "the question under Rule

15(c)(1)(C)(ii) is what the prospective defendant reasonably would have understood about the plaintiff's intent in filing the original complaint against the first defendant." *Id.* at 14.

It is respectfully submitted that the problem of defendants' lack of knowledge as to the identity of the defendants would have been remedied in a matter of a brief moment by referring the police's own record since the complaint clearly states the plaintiff's name and address, the fact that the four "John Does" were employees of the 111th precinct and that the events occurred on May 27, 2012 at approximately 8.30 am. For all these reasons, the motion must be denied.

### POINT IV: DEFENDANTS' ARGUMENTS BASED ON RULE 15(C)(1)(A) ARE WITHOUT MERIT

Next, defendants attempt to discredit Ms. Silver's case by invoking Federal Rule of Civil Procedure 15(c)(1)(A). Even this argument fails, under the rule from *Hogan v. Fischer,* 738 F.3d 509 (2013). In that case, the Second Circuit found that "under Rule 15(c)(1(A) we must determine if New York state law provides a more forgiving principle of relation back in the John Doe context, compared to federal relation back doctrine under Rule 15(1)(C). We hold that it does." *Id.* at 518 (internal citations omitted). As the Court knows, CPLR creates a special procedure for claims against "John Doe" defendants. CPLR Section 1024 reads:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party be designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

To meet this requirement, a plaintiff must "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name [and] the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Hogan* at 518. (internal citations omitted). It is respectfully submitted that Ms. Silver, just as the plaintiff in the *Hogan* case, did exercise due diligence to the extent possibly but her requests for disclosure of the police officers were repeatedly denied. Furthermore, as explained, as a *pro se* plaintiff, she was not aware of the requirement that she included a physical description of the defendants; however, the fact that they were all police officers employed by the 111th precinct in Queens should clearly have been sufficient information to apprise Sergeant Dalessandro, Officer Galano, Officer Kostas and Officer Stine that they were the intended defendants in her case. Therefore, just as in the *Hogan* case, it is clear that she did in fact meet the requirements of CPLR 1024, and therefore Rule 15(C)(1)(A) has been satisfied.

## CONCLUSION

For all the reasons stated herein the motion to dismiss must be denied an plaintiff's case be allowed to go forward.

Dated:        Bayside, New York
              January 31, 2017

Respectfully submitted,

Jacqueline Silver
Plaintiff *Pro Se*

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JACQUELINE SILVER,

                              *Plaintiff,*

          - against -

                                                        15 CV 3462 (ARR)

(ST)

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS and POLICE OFFICER
EDWARD STINE,

                              *Defendants.*
----------------------------------------------------------------------X


# OPPOSITION TO MOTION TO DISMISS
# WITH SUPPORTING PAPERS


Jacqueline Silver
*Plaintiff Pro Se*
P.O. Box 604726
Bayside, New York 11360
(347) 554-0531