UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

JACQUELINE SILVER,

            *Plaintiff,*

    - against -

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS and POLICE OFFICER
EDWARD STINE,

           *Defendants.*
-----------------------------------------------------------------------X

**AFFIDAVIT IN
OPPOSITION TO
MOTION TO DISMISS**

15 CV 3462 (ARR) (ST)

| | | |
|---|---|---|
| STATE OF NEW YORK | ) | |
| | ) | ss.: |
| COUNTY OF QUEENS | ) | |

**JACQUELINE SILVER**, being duly sworn, deposes and says:

1) I am the Plaintiff in this case, and as such I am fully familiar with the facts of the case from my own personal experience. I submit this affidavit in opposition to the Defendants' motion to dismiss my case.

2) The events that caused me to start this action took place on May 27, 2012, when I was brutalized by police and admitted to a psychiatric hospital against my will and unlawfully



1

kept there for eight days.  Some time before this happened my sister had evicted me from my parents' house in Bayside, Queens where I had been living, forcing me to move around between friends who could put me up.

3) Around 9.30 am on May 27, 2012, which was Shavout, a Jewish holiday, I was sitting in my car at the side of my parents' house when suddenly the car was surrounded by five or six officers from the 111th precinct in Queens. (I have attached the Aided Report as **Ex. A**).

4) The police asked to see my drivers' license, and I had to look in the trunk to find my wallet. I asked one of the police what was going on, and he just snapped at me to not "give him an attitude". I was told that my sister, Jennifer Silver, had told the police that I was trespassing because I was on the property of my parents' house where I used to live before she evicted me.

5) The police brutally dragged me out of my car, verbally abused me, violently threw me on the ground and handcuffed me. I suffered cuts, contusions and bruises all over my body when I was thrown to the ground. The police asked me questions about my mental health and if I was taking any medicine, and I told them that the only medicines I was taking was antihistamine and an acid reducer. My sister then showed up and was standing there watching while I was brutalized by the police without trying to intervene. To this day I don't know who called the police or why, and why any of this happened. I have attached the complaint as **Ex. B**.

6) I was approached and detained by police, the police then called an ambulance that took me first to Long Island Jewish Hospital and then to Zucker Hillside which is a psychiatric hospital.

7) This happened two days before a court hearing regarding an order to show cause I filed against my sister. She had evicted me from our parents' house and I had filed an order to show cause to be allowed to move back in, but because I was in the hospital I was unable to attend the court hearing. See (**Ex. C**).

8) The doctors at Zucker Hillside talked with two or more of my friends and family members; one doctor told a long-time friend of my family that I would be released at 2 pm the same day. But I was not released but was held for eight days against my will at the hospital for no reason. Again, I don't know why I was taken to the hospital or why I was kept there all that time. I was unlawfully detained by Sergeant Scott Dalessandro, Police Officer Luigi Galano, Police Officer Nicholas Kostas and Police Officer Edward Stine and unlawfully admitted and confined to the hospital against my will.

9) While I was in the hospital my employer, Blondell Victor, came to visit me. I am a licensed process server and work full-time for his process service firm, BV Services, Inc. Mr. Blondell has also submitted an affidavit in opposition to the motion to dismiss that is attached. As soon as I was released from the hospital I went back to work. I enjoy my work and I hardly ever take time off for any reason.

10) I was in shock and disbelief from being confined against my will in a psychiatric hospital. I am not mentally disturbed and I was not mentally disturbed on May 27, 2012 when all this happened. I am a stable, responsible person leading a normal life; I am active in my synagogue and I have many friends and family around me. I have included affidavits by my friends Ayelet Navy, Linda Edelstein and Nora Iny (**Ex. D**) that were written in connection with a disagreement with my sister over who should be caring for our elderly mother after she had suffered a stroke. As the Court can see, they all testify that I am a

warm, caring and responsible person, that I am able to provide excellent care for my mother and that I am not mentally disturbed.

11) The defendants now claim that my case should be dismissed for the only reason that at the time I filed the summons and complaint I did not have the names of the four police defendants.

12) This is absurd. I would like the Court to understand that the reason I didn't have the names of the police that I am suing at the time I filed the action was that I was not able to obtain them. The defendants' claim that didn't make any effort to obtain their names but this is not true, quite the contrary. It was very important to me to get the police report, both because I wanted to find out who had called the police and because I knew I needed to get the names of the police who had brutalized me and detained me unlawfully.

13) I have called the police station many times to request a copy of the police report and the officers' names, but I never received it.  All I have is the Aided Report that I obtained not from the police department but from the attorney for the defendants.

14) Furthermore, I am appearing pro se without a lawyer and I was not aware that I should have explained in the complaint that I had unsuccessfully tried to learn their identities or described their physical appearances in the complaint.

15) I never understood why the police would not give me a copy of the police report or why they refused to identify the police officers, which forced me to sue them only as "John Doe".

16) It is even more absurd that the defendants are trying to have my case dismissed now, after the court ordered them to provide the names names by orders dated December 14, 2015 and April 7, 2016. (**Ex. E**)  Even though the court had ordered them to reveal their names

within 30 days of the order dated April 7, 2016 it was only *five months* after that

deadline, on September 9, 2016 that the names were finally given to the court. (**Ex. F**).

17) Under these circumstances I believe it would be extremely unjust if my case were to be

dismissed now when the defendants themselves defaulted on the order to reveal the

names of the police for no less than five months, in addition to the fact that the police

department themselves must have known the identity of the four defendants all along. I

can't imagine that it would have taken more than a moment to locate the police report and

to identify the sergeant and the officers who I am suing.

18) I believe it is deeply unfair to claim that I did not make an effort to obtain their names

when in fact I did so repeatedly, and in particular since the defendants themselves waited

five months before they disclosed the defendants' names to the court.

19) In fact, I believe the Defendants have no basis at all for their argument that my case

should be dismissed because of the "John Doe" designation of the Defendants in the

initial complaint. In the order dated December 14, 2015, the Court write that "The

problem encountered by plaintiff is a common one and it is frequently difficult for a pro

se litigant to identify individual law enforcement officers" (**Ex. E**), and that in *Valentin v.

Dinkins,* 121 F.3d 72 (2d Cir. 1997) "the Second Circuit made clear that a pro se litigant

is entitled to assistance from the district court in identifying a defendant." In that case the

Second Circuit found that "[W]hen a party is ignorant of defendant's true identity, it is

unnecessary to name then until their identity can be learned through discovery or through

the aid of the trial court." *Id.* at 75 (internal citations omitted).

20) For all this reasons I believe that the motion to dismiss must be denied.

Jacqueline Silver
*Plaintiff Pro Se*
P.O. Box 604726
Bayside, New York 11360
(347) 554-0531

Sworn to me this 1st day of ~~January~~ February, 2017.

_____
Notary Public

STEVEN B. DRELICH
Notary Public, State of New York
No. 02DR6144863
Qualified in Suffolk County
Commission Expires April 12, 20 1&