UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JACQUELINE SILVER,

                                     Plaintiff,

                                                         15 CV 3462 (ARR) (ST)

                    -against-

SERGEANT SCOTT DALESSANDRO, POLICE
OFFICER LUIGI GALANO, POLICE OFFICER
NICHOLAS KOSTAS, and POLICE OFFICER EDWARD
STINE,

                                  Defendants.

---------------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

       Defendants Dalessandro, Galano, Kostas and Stine ("Defendants") submit this Reply Memorandum of Law in further support of their motion dismiss the complaint in its entirety, and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants respectfully contend that plaintiff's opposition papers fail to controvert positions set forth in Defendants' December 14, 2016 Memorandum of Law.  Accordingly, Defendants respectfully request that the Court grant their motion to dismiss in its entirety.

## ARGUMENT

### POINT I

**PLAINTIFF IS NOT ENTITLED TO "SPECIAL SOLICITUDE" OR LIBERAL CONSTRUCTION OF HER PLEADINGS BECAUSE SHE HAD THE BENEFIT OF LEGAL COUNSEL DRAFT HER MOTION PAPERS**

As an initial matter, the undersigned would like to bring to the Court's attention that, upon information and belief, plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss was drafted by an attorney. (See generally Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, dated January 31, 2017 (hereinafter "Pl. Opp.") at Point II). Although plaintiff still styled herself as a *pro se* litigant on the back cover and signature line of Pl.'s Opp., by email dated January 31, 2017, plaintiff informed the undersigned that she had an attorney draft her Opposition papers. See Email Correspondence between Plaintiff and Defense Counsel, attached to the Reply Declaration of Kaitlin Fitzgibbon ("Reply Decl."), dated February 24, 2017, as Exhibit A

"Generally, courts must treat the submissions of pro se plaintiffs to less stringent standards than formal pleadings drafted by lawyers." Kurian v. Forest Hills Hosp. 10201 66th Rd, 962 F. Supp. 2d 460, 467 (E.D.N.Y. 2013) (internal quotations omitted) (finding that where a plaintiff filed her complaint and opposition to the Defendants' motion to dismiss, but was in fact assisted by an attorney in drafting those submissions, the Court declined to construe her submissions liberally). However, courts in this Circuit have observed that it is "fundamentally unfair to extend the special solicitude typically afforded *pro se* parties to submissions drafted by lawyers." Simpson v. Wells Fargo Bank, 15 Civ. 1487 (JMF), 2016 U.S. Dist. LEXIS 11507, *6 (S.D.N.Y. Feb. 1, 2016), citing CIT Grp./Commercial Servs., Inc. v. Prisco, 640 F. Supp. 2d 401, 407 (S.D.N.Y. 2009); see e.g. Sullivan v. City of New York, 14 Civ. 1334 (JMF), 2016 U.S.

Dist. LEXIS 74734 (S.D.N.Y. June 8, 2016).  In this case, because plaintiff admittedly had legal counsel advising her and drafting her papers, this Court should afford plaintiff no solicitude at all – particularly in light of plaintiff's lack of candor with the Court.

### POINT II

**PLAINTIFF FAILS TO REFUTE THAT THE CLAIMS AGAINST THE DOE DEFENDANTS ARE BARRED BY THE STATUTE OF LIMITATIONS**

In her Opposition, plaintiff does not dispute that her false imprisonment and excessive force claims under 42 U.S.C. § 1983 accrued on May 27, 2012, the date she was purportedly detained against her will by Defendants.  (See generally Pl. Opp. at Point II). Furthermore, plaintiff does not dispute that claims brought under 42 U.S.C. § 1983 have a three-year statute of limitations and that, therefore, the statute of limitations for plaintiff's claims expired on May 27, 2015, the very same day plaintiff commenced the instant action.  In fact, plaintiff's opposition is conspicuously lacking any mention of the applicable statute of limitations period.  Instead,  plaintiff engages in a lengthy discussion that this Office did not provide the names of the Doe defendants by the Valenue Response due date.

However, plaintiff's discussion as to when defendants provided the names of the defendants is irrelevant and does not save her from the fatal fact that, regardless, plaintiff's claims against the Doe defendants were time-barred by the Valentin Response due date.  Indeed, on December 14, 2015, nearly 7 months **after** the statute of limitations to name the Doe defendants had already expired, this Office was directed for the first time to ascertain the full names of the individual police officers from the 111th Police Precinct involved in the plaintiff's arrest by January 28, 2016.  (See Docket Entry No. 7, at 4).  On January 20, 2016, this Office filed a letter motion requesting that the Court dismiss the claims against the John Doe defendants

*sua sponte* **on the grounds that plaintiff's claims against them are time-barred.**  (See Docket

Entry No. 8).   Even if this Office had identified the John Doe defendants at that time instead of

moving to dismiss the claims, because plaintiff filed her complaint on the last day of the statute

of limitations naming only John Doe Police officers from the 111th precinct, her claims against

the Defendants later identified as Officers Dalessandro, Galano, Kostas and Stine still would not

have related back under Fed. R. Civ. P. 15(c)(1)(C) or Fed. R. Civ. P. 15(c)(1)(A), as discussed

in Defendants' Motion to Dismiss and in Points III and IV *infra*.

### POINT III

**PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENT THAT HER CLAIMS DO NOT RELATE BACK UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(C)(1)(C)**

Plaintiff appears to argue that just because she did not know the identities of the

Defendants at the time she commenced the instant action, does not mean that she did not exercise

due diligence prior to the expiration of the statute of limitations to identify the John Doe officers.

(See Pl. Opp. at Point III).   However, plaintiff neither states the efforts made to identify the John

Doe officers nor proffers any evidence other than the fact that she knew they worked at the

NYPD's 111th precinct on the date of the incident.

Instead, plaintiff cites to a single case, Krupski v. Costa Crociere S.P.A., 560 U.S.

538 (2010), and states in a conclusory manner that Krupski "defeats [Defendants] argument

entirely," without applying the law of that case to the facts of plaintiff's case.   As an initial

matter, defendants note that they did not cite to Krupski in their original moving papers, and

instead chose to cite to Barrow v. Wethersfield Police Dept., 66 F.3d 466 (2d Cir. 1995) because

the Second Circuit has issued several decisions that continue to treat Barrow as good law in the

wake of Krupski.   See Sherrard v. City of N.Y., 15 Civ. 7318(CM), 2016 U.S. Dist. LEXIS

51044, at *11 (S.D.N.Y. Apr. 15, 2016) ("Furthermore, the Second Circuit itself has indicated in several post-Krupski decisions that it believes Barrow to be good law.") (citing Sewell v. Bernardin, 795 F. 3d 337, 342 (2d Cir. 2015); Scott v. Village of Spring Valley, 577 F. App'x 81, 82-83 (2d Cir. 2014); Hogan v Fischer, 738 F. 3d 509 (2d Cir. 2013)).

However, even if Krupski were found to be the controlling authority here, plaintiff's claims would still not relate back to the filing of the original complaint because the facts of that case are vastly different from those in the case at hand.  In Krupski, the plaintiff was seeking to sue "Costa Crociere," the company that owned the cruise ship on which she was injured, however, plaintiff mistakenly named a different "Costa" entity, "Costa Cruise," as the defendant in her original complaint because she believed that was the company in charge of the cruise ship.  560 U.S. 538, 554-55 (2010).  In that case, plaintiff's original complaint referenced the cruise ship ticket's forum requirement, pre-suit notification procedure, and that the ticket identified "Costa Crociere" as the carrier and proper party for a lawsuit.  Id.  Further, the two companies "Costa Crociere" and "Costa Cruise" were affiliated entities.  Id.  Therefore, the Supreme Court held that the "Costa Crociere should have known that Krupski's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity," and allowed for relation back under Fed. R. Civ. P. 15(c)(1)(C)(ii).  Id. at 557.

Here, unlike in Krupski, plaintiff provided only one vague fact about the John Doe Defendants in her complaint: that they worked at the 111th Police Precinct.  This alone is not enough to place Defendants on notice that they were the intended parties to be sued in this litigation.  Furthermore, it has been held by Courts in this Circuit that "under controlling Second Circuit precedent, Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not

know their identities." <u>Harris v. City of N.Y.</u>, 13 Civ. 7788 (LGS), 2016 U.S. Dist. LEXIS 12872, at *12 (S.D.N.Y. Feb. 3, 2016) (internal citations and quotations omitted); <u>See also</u> <u>Gomez v. City of N.Y.</u>, 13 Civ. 1822 (VSB)(RLE), 2016 U.S. Dist. LEXIS 2611, at *11 (S.D.N.Y. Jan. 7, 2016) ("According to the Second Circuit, 'Rule 15(c)(1)(C) makes clear that the lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'") (quoting <u>Hogan v. Fischer</u>, 738 F.3d 509, 518 (2d Cir. 2013)); <u>See</u> <u>e.g.</u> <u>Scott v. Village of Spring Valley</u>, 577 F. App'x 81, 82-83 (2d Cir.2O14); <u>Sewell v. Bernardin</u>, 795 F. 3d 337, 342 (2d Cir.2015).   Plaintiff does not refute that she did not know the identities of the Defendants on the date she filed the complaint.   Accordingly, the claims against Dalessandro, Galano, Kostas and Stine  do not relate back under Fed. R. Civ. P. 15(c)(1)(C).

## POINT IV

**PLAINTIFF FAILS TO REBUT DEFENDANTS' ARGUMENT THAT HER CLAIMS DO NOT RELATE BACK UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(C)(1)(A)**

Plaintiff argues that Defendants failed to apply the New York state law that provides the more forgiving standard, in accordance with the Circuit's ruling in <u>Hogan v. Fischer</u>, 738 F.3d 509 (2d Cir 2013), by applying New York C.P.L.R. § 203 rather than New York C.P.L.R. § 1024.  Plaintiff goes on to argue that her claims should relate back under Fed. R. Civ. P. 15(c)(1)(A) if New York C.P.L.R. § 1024 is applied to the facts of her case.  This argument fails to acknowledge that Defendants did apply **both** New York C.P.L.R. § 203 and New York C.P.L.R. § 1024 to the facts of plaintiff's case, and argued in their original moving papers that her claims do not relate back under either statute.  (See Memorandum of Law in Support of Defendants' Motion to Dismiss (hereinafter "Def. Mot. To D.") dated December 14, 2016 at Point III).  Defendants also pointed out to the Court that although in <u>Hogan</u> the Circuit

found  C.P.L.R. § 1024 to be more forgiving than C.P.L.R. § 203, "[c]ourts in this Circuit have either found § 203 to be more forgiving or assessed both laws and applied the more forgiving of the two." <u>Strada v. City of New York</u>, 11 CV 5735 (MKB), 2014 U.S. Dist. LEXIS 94687, at *20-22, n. 5 (E.D.N.Y. July 11, 2014).

As discussed more fully in Defendants' original moving papers, plaintiff's claims against the John Doe defendants do not relate back to the filing of the original complaint even under New York C.P.L.R. § 1024. (<u>See generally</u> Def. Mot. To D. at Point III subsection B). Plaintiff does not demonstrate that she exercised due diligence, prior to the expiration of the statute of limitations, to identify the proper defendants.  Plaintiff does not proffer any evidence that she attempted to discover the Defendants' identities, she merely states that "her requests for the disclosure of the police officers were repeatedly denied," without describing these alleged requests with any specificity whatsoever.  (Pl. Opp. at 8).  Moreover, plaintiff does not describe the John Doe officers with enough specificity, or any specificity at all, to apprise the intended parties that they are the identified defendants.

As stated in Point III, *supra*, the only fact in plaintiff's complaint that could possibly be construed to describe the Defendants is the fact that they worked at the 111th Police Precinct, and this is not enough.  In <u>Hogan</u>, for example, plaintiff's complaint provided "substantial detail about the **appearance** of his alleged assailants," which the Court found to be sufficient detail to give notice to the John Does that they were the intended parties.  <u>Hogan</u>, 738 F.3d at 519; <u>Arminio v. Holder</u>, 15 Civ. 5812 (NSR), 2016 U.S. Dist. LEXIS 101203, at *12 (S.D.N.Y. Aug. 1, 2016) (declining to allow plaintiff's claims against the John Doe defendants to relate back under 15(c)(1)(A) where plaintiff only provided the date and time of the incident, but failed to describe the intended defendants' appearances and  did not demonstrate any effort

undertaken to identify them). Lastly, proceeding *pro se* does not forgive plaintiff's ignorance of the law, and as such, her argument that she was not aware that she needed to describe the officers who arrested her, is unavailing. See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 475 (E.D.N.Y. 2002) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law.") (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). As such, if New York C.P.L.R. § 1024 is the applicable law, plaintiff has failed to satisfy its requirements, and thus, her claims against the Defendants do not relate back under Fed. R. Civ. P. 15(c)(1)(A).

## CONCLUSION

For the foregoing reasons, defendants Dalessandro, Galano, Kostas and Stine respectfully request that the Court dismiss with prejudice plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), together with such other and further relief as this Court may deem just and proper.

Dated:      New York, New York
            February 24, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants Dalessandro,*
*Galano,Kostas and Stine*
100 Church Street
New York, New York 10007
(212) 356-5057

By:      _____/s/_____
            Kaitlin Fitzgibbon
            *Assistant Corporation Counsel*
            Special Federal Litigation

cc:    **<u>BY FIRST CLASS MAIL</u>**
Jacqueline Silver
*Plaintiff Pro Se*
P.O. Box 604726
Bayside, NY 11360