```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACQUELINE SILVER,                           :
                                             :
                Plaintiff,                   :    15-CV-3462 (ARR) (ST)
                                             :
        -against-                            :    OPINION AND ORDER
                                             :
SERGEANT SCOTT DALESSANDRO, POLICE           :    NOT FOR ELECTRONIC OR
OFFICER LUIGI GALANO, POLICE OFFICER         :    PRINT PUBLICATION
NICHOLAS KOSTAS, and POLICE OFFICER          :
EDWARD STINE,                                :
                                             :
                Defendants.                  :
------------------------------------------------------------X
```

ROSS, United States District Judge:

Plaintiff, Jacqueline Silver, brings this action under 42 U.S.C. § 1983 against four police officers of the New York Police Department (NYPD). Silver's claims stem from events that occurred on May 27, 2012. Silver originally filed her *pro se* complaint against unnamed "John Doe" police officers. After the three-year statute of limitations for her claims expired, Silver learned the names of the officers involved in the May 27, 2012 incident and her complaint was deemed amended to specifically name the four police officer defendants. Defendants have now filed a motion to dismiss plaintiff's complaint on the basis that her claims against the four named police officers are barred by the statute of limitations. For the reasons that follow, I refer this matter to Magistrate Judge Steven Tiscione for limited discovery and, if necessary, to conduct an evidentiary hearing on the issue of whether plaintiff acted diligently to identify the defendants before the expiration of the statute of limitations.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are drawn from the allegations in plaintiff's complaint, Compl., ECF No. 1, which are accepted as true for the purposes of a motion to dismiss. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).

On May 27, 2012, at around 8:30 a.m., Silver was sitting in her car outside of her parents' home in Bayside, Queens. Compl. at 4. Police officers from the NYPD's 111th precinct arrived on the scene and told Silver that she was trespassing. Id. at 5. The police officers then "put [Silver] to the ground causing bruises and contusions." Id. at 5. Silver was thereafter taken to the hospital, id. at 4, where she was admitted against her will, id. at 6.

On May 27, 2015 — three years to the day after this incident — plaintiff initiated the instant case by filing a complaint *pro se*. The complaint names four "John Doe" police officers as defendants. Id. at 3. The complaint identifies each police officer defendant's address as the 111th precinct, id., but provides no other identifying information or physical description of any of those defendants. In her complaint, plaintiff wrote that she was "in the process of getting the police officers['] names who violated [her] rights and brutalized [her.]" Id. at 4. She also noted that the three-year statute of limitations on her claims expires "today (May 27th)." Id.

On December 14, 2015, I issued an order in this case. Mem. & Order (Dec. 14, 2015), ECF No. 7. With respect to Silver's claims against the "John Doe" police officers, I explained that "the United States Marshals Service will not be able to serve the John Doe defendants without further identifying information." Id. at 4. I further explained that "[t]he problem encountered by plaintiff is a common one as it is frequently difficult for a pro se litigant to identify individual law enforcement officers." Id. Pursuant to the Second Circuit's decision in Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), I directed the attorney for the City of New York "to ascertain

2

the full name of the individual police officers from the 111th Police Precinct involved in" the incident on May 27, 2012. Id. at 4.

Before complying with this order, the attorney for the City of New York filed a request that plaintiff's claims against the John Doe police officers be dismissed because "plaintiff's claims against John Does, or against any officers whose names plaintiff seeks to substitute for these Does, are time-barred by the statute of limitations." Letter (Jan. 20, 2016) at 1, ECF No. 8. On April 7, 2016, I issued an order denying this request as "premature" and again directed the City to provide Silver with the names of the individual officers. Order (Apr. 7, 2016). I further ordered that "[o]nce this information is provided, the plaintiff's complaint shall be deemed amended to reflect the full name and badge number of these police officers." Id. Subsequently, the City produced the names and shield numbers of the officer defendants, see Letter (Sep. 7, 2016), ECF No. 26, and the named officers (Dalessandro, Galano, Kostas, and Stine) were listed as defendants to this action.

On December 14, 2016, defendants filed a motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the statute of limitations has expired. See Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem."), ECF No. 39; see also Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply"), ECF No. 46.[1] Plaintiff opposes defendants' motion. See Mem. of Law in Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 43.[2]

---

[1] Defendants also served on plaintiff a notice, required pursuant to Local Rule 12.1, that their motion to dismiss may be converted into a summary judgment motion and directing plaintiff to submit sworn affidavits. See Not. to Pro Se Litigant Opposing Rule 12 Mot., ECF No. 37. Silver then filed a number of declarations in opposition to defendants' motion, including her own sworn affidavit. See Aff. in Opp'n to Mot. to Dismiss ("Pl.'s Aff."), ECF No. 44.

[2] Although Silver is maintaining this action *pro se*, she sought the assistance of an unnamed attorney for the purpose of drafting her opposition to defendants' motion to dismiss. See Letter at 1 (Mar. 8, 2017), ECF No. 48 ("I had a lawyer help me for the limited purpose of drafting [the opposition papers]. The lawyer

3

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In ruling on a Rule 12(b)(6) motion, [the court] accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." Taylor, 313 F.3d at 776; see also Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc., 343 F.3d 189, 194 (2d Cir. 2003).

"Dismissal under [Federal Rule of Civil Procedure] 12(b)(6) is appropriate when a defendant raises a statutory bar as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (alterations and emphasis omitted) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)). The expiration of the statute of limitations period is an affirmative defense that a defendant may raise in a motion to dismiss under Rule 12(b)(6). Id. at 425-26 ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1226 (3d ed. 2004))).[3]

---

wasn't representing me at the time these opposition papers were drafted and is not representing me at this time.").

[3] Plaintiff incorrectly asserts that defendants' argument regarding the statute of limitations is "wholly unrelated . . . to the question as to whether or not her claim has been sufficiently pleaded to state a claim upon which relief can be granted." See Pl.'s Opp'n at 4. As explained above, dismissal under Rule 12(b)(6) is appropriate when the expiration of the statute of limitations period is evident from the face of the complaint.

Defendants bear the burden of demonstrating that the statute of limitations period has lapsed, id. at 425, but plaintiff bears the burden of demonstrating that her allegations relate back to a timely filed complaint, Wingspan Records, Inc. v. Simone, No. 12 Civ. 2172, 2014 WL 6879849, at *5 (S.D.N.Y. Dec. 5, 2014) ("[I]t is *plaintiff's* burden to prove every element of relation back.").[4]

## DISCUSSION

"Section 1983 actions filed in New York are . . . subject to a three-year statute of limitations." Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). The limitations period begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 518 (quoting Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002)). Here, it is undisputed that the limitations period began to run on May 27, 2012, the date of the incident underlying plaintiff's claims, and that the limitations period expired on May 27, 2015, the date plaintiff filed her complaint. See Defs.' Reply at 3; Compl. at 4; see also Pl.'s Opp'n at 5.

Plaintiff's initial complaint named "John Doe" police officers as defendants. See Compl. at 3. The four named police officer defendants (Dalessandro, Galano, Kostas, and Stine) were substituted as defendants to this action after the expiration of the limitations period. "Generally, 'John Doe' pleadings cannot be used to circumvent statutes of limitations . . . ." Hogan, 738 F.3d at 517 (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (internal quotations omitted)). However, the substitution of named defendants for John Doe defendants is deemed timely "when all of the specifications of [Federal Rule of Civil Procedure] 15(c) are met,"

---

[4] See also, e.g., Talton v. Amalgamated Transit Union, 962 F. Supp. 2d 504, 506 (W.D.N.Y. 2013); Cabrera v. Lawlor, 252 F.R.D. 120, 122 (D. Conn. 2008); cf. Baez v. JetBlue Airways, 745 F. Supp. 2d 214, 223 (E.D.N.Y. 2010) (ordering limited discovery on relation back issues when plaintiff failed to carry her burden).

5

Aslanidis, 7 F.3d at 1075, because "[a]mended pleadings that meet the requirements of Rule 15(c) are considered to 'relate back' to the date of the original complaint." Hogan, 738 F.3d at 517.

Thus, the sole question raised by this motion is whether substitution of the four named police officer defendants for the "John Doe" police officers originally named in the complaint meets the requirements of Federal Rule of Civil Procedure 15(c), so that the claims against the named defendants "relate back" to the date of plaintiff's timely filing of her initial complaint against the "John Doe" officers. Specifically, the substitution must meet the requirements of one of the two sub-divisions of Rule 15(c) that provide for relation back of new parties: Rule 15(c)(1)(A) or Rule 15(c)(1)(C). As explained below, I find that plaintiff's substitution of the four named defendants for the "John Doe" officers named in her initial complaint does not meet the requirements of Rule 15(c)(1)(C). Because I cannot yet determine whether plaintiff has met the requirements of Rule 15(c)(1)(A), I am ordering limited discovery on this issue.

**A. Plaintiff's Claims Do Not Relate Back Under Rule 15(c)(1)(C).**

Federal Rule of Civil Procedure 15(c)(1)(C) allows relation back when the following four conditions are met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

Hogan, 738 F.3d at 517 (emphasis omitted) (quoting Barrow v. Wethersfield Police Dept., 66 F.3d 466, 468–69 (2d Cir. 1995)). Defendants argue that Silver has failed to meet the third prong, which requires a *mistake* in the identity of the defendant. See id. at 517-18 ("Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties." (quoting Barrow, 66 F.3d at 470).

6

It is well-established that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." Id. at 518 (quoting Barrow, 66 F.3d at 470). Accordingly, "[the Second] Circuit has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities." Id. at 517. Following this rule, numerous courts in this Circuit have held that amendments made after the expiration of the statute of limitations to substitute identified individuals for "John Doe" defendants do not relate back under Rule 15(c)(1)(C) because the plaintiff's failure to identify the John Doe defendant at the initiation of the proceedings is not a "mistake." See, e.g., id. at 518.[5]

Here, Silver did not sue the individual police officer defendants (Dalessandro, Galano, Kostas, and Stine) in her original, timely filed complaint. Instead, she sued "John Doe" police officers and wrote in her complaint that she was "in the process of getting the police officers['] names." Compl. at 4. Accordingly, plaintiff did not make a "mistake" concerning the officers' identities, and so her substitution of the named officers as defendants does not relate back under Rule 15(c)(1)(C).

Plaintiff unpersuasively argues that the Supreme Court's decision in Krupski v. Costa Crociere S. p. A., 560 U.S. 538 (2010), "defeats [defendants'] argument entirely." Pl.'s Opp'n at 6. Krupski held that a plaintiff who *knows* the identity of the proper defendant may nonetheless

---

[5] See also, e.g., Johnson v. Constantellis, 221 F. App'x 48, 50 (2d Cir. 2007); Barrett v. City of Newburgh, No. 13-cv-4118, 2017 WL 1102672, at *4 (S.D.N.Y. Mar. 23, 2017); Cruz v. City of New York, No. 15 Civ. 2265, 2017 WL 544588, at *5 (S.D.N.Y. Feb. 8, 2017); Mosquea v. City of New York, No. 15-cv-9410, 2016 WL 5818592, at *1 (S.D.N.Y. Oct. 5, 2016); Moran v. Cty. of Suffolk, No. 11 Civ. 3704, 2015 WL 1321685, at *6 (E.D.N.Y. Mar. 24, 2015); Vasconcellos v. City of New York, No. 12 Civ. 8445, 2014 WL 4961441, at *7 (S.D.N.Y. Oct. 2, 2014); Askins v. City of New York, No. 10 Civ. 2230, 2012 WL 12884363, at *9 (S.D.N.Y. Feb. 14, 2012), aff'd in relevant part on other grounds, vacated in part, sub nom. Askins v. Doe No. 1, 727 F.3d 248 (2d Cir. 2013).

make a "mistake" for the purpose of Rule 15(c)(1)(C) by suing the incorrect defendant. 560 U.S. at 549. Krupski did not address the question presented here: whether a plaintiff who *does not know* the identity of the proper defendants makes a "mistake" by suing John Doe defendants. Indeed, after Krupski, the Second Circuit has reaffirmed that "the lack of knowledge of a John Doe defendant's name does not constitute a mistake of identity," Hogan, 738 F.3d at 518 (quotation omitted), and numerous courts in this Circuit have held that Krupski did not abrogate this rule, see Vasconcellos, 2014 WL 4961441, at *7 (collecting cases).

### B. Plaintiff Is Entitled to Limited Discovery as to Whether Her Claims Relate Back Under Rule 15(c)(1)(A).

As applied here, Federal Rule of Civil Procedure 15(c)(1)(A) allows relation back to the extent that New York law allows relation back. In turn, New York law allows relation back when the plaintiff meets the requirements of either N.Y. C.P.L.R. § 203 or § 1024.

#### i. Plaintiff's Claims Do Not Relate Back Under N.Y. C.P.L.R. § 203.

"New York courts have held . . . that a plaintiff may not add a new defendant under [C.P.L.R. § 203] unless 'the new party knew or should have known that, but for an *excusable mistake* by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.'" Vasconcellos, 2014 WL 4961441, at *8 (quoting Malament v. Vasap Const. Corp., 728 N.Y.S.2d 381, 381 (N.Y. App. Div. 2001)). "This requirement closely tracks the federal relation-back requirement of Rule 15(c)(1)(C)." Id.; accord Moran, 2015 WL 1321685, at *7 ("Plaintiff cannot avail himself of § 203 for the same reasons that Rule 15(c) does not apply. . . . [Section] 203 . . . like Rule 15(c), requires a mistake as to the identity of the proper party to be sued."). As explained above, plaintiff did not make a mistake as to the identity of the police officer defendants. Accordingly, her claims do not relate back under N.Y. C.P.L.R. § 203.

8

### ii. Plaintiff Is Entitled to Limited Discovery as to Whether Her Claims Relate Back Under N.Y. C.P.L.R. § 1024.

Section 1024 provides "a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)." Hogan, 738 F.3d at 518 (quotation omitted). "To take advantage of § 1024, a party must meet two requirements. First, the party must 'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.' Second, the party must describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" Id. at 519 (citations omitted) (quoting Bumpus v. N.Y. City Transit Auth., 883 N.Y.S.2d 99, 104 (N.Y. App. Div. 2009).[6]

Defendants first argue, without any citation to legal authority, that plaintiff's claims do not relate back under § 1024 because "other than providing the John Doe defendants' assigned precinct, the complaint is completely devoid of any descriptions of the John Doe officers to fairly apprise the parties that they are the intended defendants." Defs.' Mem. at 12. But plaintiff's complaint provides not only the John Doe officers' assigned precinct, but also the specific date, time, and location of plaintiff's interaction with the officers. See Compl. at 4. Courts in this Circuit

---

[6] Prior to the Second Circuit's decision in Hogan, some district courts in this Circuit read § 1024 to impose a third requirement: "the plaintiff must identify and serve the previously-unknown defendant within 120 days of his filing suit." Fisher v. Cty. of Nassau, No. 10-cv-0677, 2011 WL 4899920, at *4 (E.D.N.Y. Oct. 13, 2011); see also, e.g., Williams v. United States, No. 07 Civ. 3018, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010), R. & R. adopted, 2010 WL 963465 (S.D.N.Y. Mar. 16, 2010); Drake v. Lab. Corp. of Am. Holdings, No. 02-cv-1924, 2009 WL 2867901, at *6 (E.D.N.Y. Sept. 3, 2009), aff'd on other grounds, 417 F. App'x 84 (2d Cir. 2011). Although this service requirement comes from a different section of the C.P.L.R., § 306-b, New York courts treat it as superimposing an additional requirement on plaintiffs who seek to take advantage of the relation back provision of § 1024. See, e.g., Bumpus, 883 N.Y.S.2d at 105. Plaintiff unquestionably failed to meet this service requirement, as she failed to take any action to identify the John Doe defendants, let alone serve them, within 120 days of filing her complaint.

However, the Second Circuit conspicuously omitted any discussion of the service requirement from Hogan, and instead stated that a plaintiff seeking relation back under Rule 15(c)(1)(A) using N.Y. C.P.L.R. § 1024 must only meet "two requirements." See Hogan, 738 F.3d at 519. Hogan thus implies that under Rule 15(c)(1)(A), a federal court imposes *only* the two statutory requirements of N.Y. C.P.L.R. § 1024 itself, and not the corresponding service requirement of § 306-b. I therefore decline to dismiss plaintiff's complaint on this ground.

have routinely held that a plaintiff's complaint fairly apprises police officer defendants that they are intended defendants when the complaint provides "specific contextual information" such as the time, date, and location of an incident between plaintiff and police officers, and the complaint evidences plaintiff's intent to sue the officers involved. Kennedy v. City of New York, No. 12 Civ. 4166, 2015 WL 6442237, at *5 (S.D.N.Y. Oct. 23, 2015).[7] Thus, plaintiff's complaint fairly apprised Dalessandro, Galano, Kostas, and Stine that they were the intended defendants to this action.

Defendants next argue that plaintiff's claims do not relate back under § 1024 because "plaintiff has made no demonstration that she exercised due diligence, prior to the running of the statute of limitations, to identify the defendants in this matter." Defs.' Mem. at 12. Plaintiff counters that she "did exercise due diligence to the extent possibl[e] but her requests for disclosure of the police officers were repeatedly denied." Pl.'s Opp'n at 8; see also Compl. at 4 (alleging that plaintiff was "in the process of getting the police officers['] names"). Further, plaintiff has attached to her opposition papers an affidavit in which she attests that:

> [T]he reason I didn't have the names of the police that I am suing at the time I filed the action was that I was not able to obtain them. The defendants' claim that [I] didn't make any effort to obtain their names but this is not true, quite the contrary.

---

[7] See also, e.g., Dancy v. City of New York, No. 15-cv-432, 2016 WL 6441554, at *7 (E.D.N.Y. Oct. 28, 2016) ("The complaint specified the date, general location, and specific sequence of events of the alleged incident . . . and plaintiff clearly conveyed his intent to sue all of the police officers involved."); Sanabria v. Tezlof, No. 11-cv-6578, 2016 WL 4371750, at *3 (S.D.N.Y. Aug. 12, 2016) ("[Plaintiff's] complaint describes with particularity the date, time, and location of the arrest."); Heinz-Wright v. City of New York, No. 15 Civ. 3269, 2016 WL 3627323, at *4 (E.D.N.Y. June 3, 2016), R. & R. adopted, No. 15-cv-3269, 2016 WL 3620759 (E.D.N.Y. June 29, 2016); Jordan v. City of New York, No. 15-cv-6364, 2016 WL 1383534, at *3 (S.D.N.Y. Apr. 7, 2016); Colson v. Haber, No. 13-cv-5394, 2016 WL 236220, at *5 (E.D.N.Y. Jan. 20, 2016). But see Arminio v. Holder, No. 15 Civ. 5812, 2016 WL 4154893, at *4 (S.D.N.Y. Aug. 1, 2016) ("Although Plaintiff does describe the date and time of the assault in his Amended Complaint, he does not provide substantial detail concerning the appearance of the John Doe officers that would give them notice that they are the intended defendants." (quotation omitted)).

Defendants' argument that a complaint must provide substantial detail about the appearance of defendants to put those defendants on notice, see Defs.' Reply at 7, incorrectly interprets Hogan and ignores the great weight of authority in this Circuit holding otherwise.

> It was very important to me to get the police report, both because I wanted to find out who had called the police and because I knew I needed to get the names of the police who had brutalized me and detained me unlawfully. . . . I believe it is deeply unfair to claim that I did not make an effort to obtain their names when in fact I did so repeatedly.

Pl.'s Aff. ¶ 12, 18. Silver further attests that she called the police station many times to request a copy of a police report and that the police refused to identify the officers, see id. ¶¶ 13, 15, although she does not specify whether this took place before or after she filed her complaint.

To meet the due diligence requirement of C.P.L.R. § 1024, a plaintiff must "'show that . . . she made timely efforts to identify the correct party before the statute of limitations expired." Strada v. City of New York, No. 11-cv-5735, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting Justin v. Orshan, 788 N.Y.S.2d 407, 408 (N.Y. App. Div. 2005)). This is an exacting standard. I agree with defendants that plaintiff's submission, which describes her prior efforts only in general terms, does not suffice to meet her burden to demonstrate her diligence to meet the requirements of § 1024. See Defs.' Reply at 7.

Nevertheless, in light of the fact that plaintiff has persistently maintained that she acted diligently before the expiration of the statute of limitations, I find that plaintiff is entitled to limited discovery on this issue. See Baez, 745 F. Supp. 2d at 223 (ordering limited discovery on relation back issues); cf. Twine v. Four Unknown N.Y. Police Officers, No. 10 Civ. 6622, 2012 WL 6184014, at *13 n. 12 (S.D.N.Y. Dec. 12, 2012), R. & R. adopted, 2013 WL 314447 (S.D.N.Y. Jan. 25, 2013).[8]

---

[8] On March 23, 2017, I granted plaintiff leave to file a sur-reply "limited to the issue of whether her opposition should be liberally construed, given that an attorney drafted it." Order (Mar. 23, 2017). Because, as explained above, I am ordering limited discovery notwithstanding the fact that plaintiff had an attorney's assistance in drafting her opposition to this motion, plaintiff's sur-reply is not necessary to this decision.

11

## CONCLUSION

I order discovery limited only to the issue of whether plaintiff acted diligently to identify the individual officer defendants on or before May 27, 2015. I respectfully refer this matter to Magistrate Judge Steven Tiscione to oversee this discovery, and, if necessary, to conduct an evidentiary hearing and issue a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) concerning whether dismissal of plaintiff's complaint under Rule 15(c)(1)(A) is warranted.

/s/ Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated:     March 31, 2017
           Brooklyn, New York