United States District Court
Eastern District of New York
------------------------X

15CV3462
May 23, 2017
Letter Motion

Jacqueline Silver

  Plaintiff,

    ---against---

Sergeant Scott Dalessandro, Police Officer
Luigi Galano, Police Officer Nicholas Kostas
And Police Officer Edward Stine,

  Defendants ,



  I am the plaintiff in the above referenced action . Hon. Ross, plaintiff will like to bring it to your attention that Verizon Wireless was subpoenaed to produce my Verizon Wireless phone records from May 27, 2012 to May 27. 2015. Please see attached letter from Verizon Wireless stating that they don't know the purpose of the deposition subpoena or the nature of the action of investigation being undertaken . Your Honor I don't even understand what this means let alone why the Corporation Counsel is subpoenaing my records. Plaintiff intends to do an Order To Show Cause to the court to stop Verizon Wireless from producing my

records to the Corporation Counsel, Plaintiff spoke with Patty P. in the Legal Processing Department at Verizon Wireless on May 22, about the subpoena/letter. She advised me that I need to get a fax to them as soon as I can in order to halt the issuance of Plaintiffs Verizon Wireless records until the Court rules on my Order To Show Cause. I will have to provide them with the letter that I am sending to you explaining that I will be doing the order to show cause. Your Honor. plaintiff strongly opposes my Verizon Wireless documents to be turned over to the Corporation Counsel. At this point in time it is premature and not relevant to the plaintiff proving her diligence.

    Once again, Hon. Ross I am prose and I am doing the best I can. Once again in order to stop Verizon Wireless from complying with the subpoena plaintiff needs to either do a motion to Quash or a protective order. Plaintiff doesn't know what either one is. Plaintiff also called the prose office yesterday to ask them what a protective order was and they didn't know. I was advised not to call the courtroom or chambers, therefore once again I am doing the best I can to not allow Verizon to turn over my records. Hopefully by the evidentiary hearing in July I will be represented by counsel.

    Please see attached subpoena that the Corporation Counsel served on Verizon Wireless. Your Honor, Plaintiff feels that this subpoena isn't relevant to plaintiff's burden in proving diligence. This wasn't discussed in the conference before Magistrate Tiscione. At this point Your Honor, plaintiff feels that the Corporation Counsel for the police officers went behind my back and subpoenaed my Verizon Wireless records without even asking me for the records first. Plaintiff Silver isn't clear on why the Corporation Counsel of the City of New York needs to have this information.

Plaintiff will be more than happy to comply when the case moves into full discovery. Right now plaintiff believes it is irrelevant to bring it into discovery especially that it's the adversary subpoena. Plaintiff feels at this point that the Corporation Counsel for the defendants are trying to sabotage her efforts to prove diligence in getting the names of the cops .

In Your Honors' order dated March 31, you stated that the defendant bears the burden of demonstrating that the statute of limitations period has lapsed. I am not clear if they proved this already in the Motion to Dismiss or they need to prove it in the limited discovery that you ordered. This wasn't discussed in the April 13th conference, plaintiff needs clarification on this.

Honorable Ross, I am confused as to the extent of the limited discovery. Is it only for me to prove that I exercised due diligence or is the corporation counsel – Ms. Fitzgibbons also engaging in the limited discovery, plaintiff is not clear. If Ms. Fitzgibbons is also engaging in the limited discovery then is it accurate to say that she is trying to disprove that plaintiff exercised due diligence in getting the names of the police officers. If this is what she is doing plaintiff feels that all her efforts to do the diligence is counterproductive, if Ms. Fitzgibbons is going to try to disprove her. While I am using all my efforts and time to prove this to the court , so hopefully my case will move forward, Ms. Fitzgibbons is doing the opposite. I don't understand the reasoning behind this. Plaintiff needs to know who was the order intended for .

Hon Ross, on or around March 31, 2017 you ordered discovery limited as to whether or not I acted diligently to identify the individual officer defendants on or before May 27th , 2015. Then on April 13th there was a conference held with Magistrate Judge Steven Tiscione and Ms. Fitzgibbons. I discussed to Magistrate Judge Steven Tiscione some of the steps and diligence I took to find out the names of the police officers and what I will be presenting in discovery on June 13th, 2017.

Ms, Fitzgibbons , said nothing during the entire conference.

Honorable Ross, upon preparing and gathering my documents. witnesses and all other information I need to do my diligence I realized that from May 27, 2012, I had a year to initiate a lawsuit in Queens Supreme Court before the one year statute of limitations was expired . At that point I wasn't even thinking of suing the police officers in the 111 Precinct. Therefore in actuality the diligence plaintiff did to identify the names of the police officers should've started May 2013 . Plaintiff is asking the court to reconsider the dates from May 27th 2013 –May 27, 2015, and therefore modify the dates on Ms. Fitzgibbons subpoena to reflect the above time period.

Respectfully Yours,

Jacqueline Silver

Pro Se Plaintiff



Verizon Security Subpoena Compliance
180 Washington Valley Road
Bedminster, NJ 07921
PHONE: 800-451-5242  FAX: 888-667-0028

MAY 10, 2017

SILVER       JACQUELINE
3817 212TH ST
BAYSIDE    NY    113612034

Verizon Wireless Case Number:  170105657
Docket #:   15 CV 3462
Target Mobile Number:  3475540531

Dear Customer,

This is to notify you that Verizon has received a deposition subpoena requiring the production of certain records associated with the target referenced above.

Verizon has no information as to the purpose of the deposition subpoena or the nature of the action or investigation being undertaken. Any questions you have should be directed to the party who issued the deposition subpoena.

Please be advised that unless Verizon is provided with a motion for a protective order or a motion to quash within 10 days from the date of this letter, or by the date specified in the deposition subpoena (whichever is later), Verizon intends to produce the records. Motion papers can be sent to Verizon via fax number 325-949-6916.

Sincerely,


Patti P

Coordinator-Verizon Security Subpoena Compliance
800-451-5242

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

__Jacqueline Silver__
_Plaintiff_
)
)
Sergeant Scott Delesandro,
Police Officer Lois Malone,
The City of police officer
_Defendant_
Nicholas Kostas, Police Office Edward ___
)
)
)
)
)

Civil Action No. ~~15~~ 15CV3162(ARR)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: __LCSAC Processing Dept for TEXAS 325-747-6916__

(Name of person to whom this subpoena is directed)

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, ~~electronically stored~~ information, or objects, and to permit inspection, copying, testing, or sampling of the material: __Plaintiffs Verizon Wireless phone records from 5/27/2012 to 5/27/2015, all incoming, outgoing and possible text messages. I am the plaintiff in this action__

| Place: Jacqueline Silver P.O. Box 64144 Bayside, NY 11364 (cell 126) | Date and Time: June 5th, 2017 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: N/A | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ 2017

_CLERK OF COURT_

_Signature of Clerk or Deputy Clerk_     OR     _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

_____

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| Jacqueline Silver | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15 CV 3462 |
| The City of New York, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Wireless, Correspondence, P.O. Box 291089, Columbia, SC 29229
Attn: Correspondence Unit

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: A copy of Jacquleine Silver Verizon Wireless phone records: Phone Number# (347) 554-0531, Period of Time: May 27, 2012 – May 27, 2015.

| Place: The New York City Law Department<br>100 Church Street, 4th floor, New York, NY 10007<br>Attn: Monifa Lambert | Date and Time:<br>05/12/2017 9:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/26/17

CLERK OF COURT                     OR          /s/ Kaitlin Fitzgibbon

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
The City of New York
Kaitlin Fitzgibbon, Assistant Corporation Counsel; (212) 356-___, kfitzgibbon@law.nyc.gov, The NYC Law Department

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

S. Liver
P.O. Box 604726
Bayside NY 11360

United States District Court
Attn: Pro Se Office
Eastern District of NY
Brooklyn NY 11201

NEW YORK NY 100
26 MAY 2017 PM 11 L

05/26