**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JACQUELINE SILVER**

15CV- 3462 (ARR)(ST)
NOTICE OF MOTION

--Plaintiff--

--against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**



--Defendants--

**PLEASE TAKE NOTICE,** that upon the annexed affidavit of Jacqueline Silver sworn to

July 14,  2017, and upon the **subpoena** to produce documents, herein, prose plaintiff will

move this court, _____, United States District Court, in room     United States Courthouse,

Brooklyn, New York 11201., on the 27th day of July, 2017, as soon thereafter as Jacqueline

Silver, prose plaintiff can be heard, for an order granting The Bay Terrace Garden Jewish Center

aka The Bay Terrace Jewish Center in contempt of court for failure to respond to a subpoena

that was served on Greta Doe –Bay Terrace Jewish Center, on Tuesday June 13th , 2017 .

Dated: Queens, New York
July 13, 2017

Jacqueline Silver
Plaintiff Pro Se
P.O.  Box 604726
Bayside, NY 11360

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK


**JACQUELINE SILVER**

                              15CV- 3462
                              Affirmation     

          --Plaintiff--

          --against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**



          --Defendants--


STATE OF NEW YORK) ss:
COUNTY OF KINGS   )

      I, JACQUELINE SILVER, being duly sworn, deposes and says, I am the pro se plaintiff in the above entitled action and respectfully move this court to issue an order compelling The Bay Terrace Jewish Center to answer the subpoena that was served on them on June 13th, 2017. Please see attached subpoena and proof of service.

      The reason why I am entitled to this relief I seek is the following.  Plaintiff Ms. Silver made a good faith effort to try to obtain the documents through this subpoena, additional emails, and phone calls. On or around May 15th , 2017 plaintiff had an extensive conversation with Susan Wortman . She has told me that the synagogue could have my documents that are in the possession of her husband and Cantor of the Bay Terrace Jewish Center.  I can't stress

to the court that Mrs. Wortman has told me time and time again that she was an honest goody-

two shoes. Why would she say that if the documents weren't in the synagogue? I have to

believe her.  Plaintiff needs these documents once again to fully comply with the limited

discovery as these documents may contain the names of the police officers that brutalized me

on the morning of May 27, 2012, along with other documents that may lead to the names of

the police officers. Mr. Wortman has told me many times since 2012 that he has contacts

where he could get the names of the police officers. I have known Mr. Wortman

for over 10 years. I have confided in him and trusted him.

On June 13th, around 2:13pm, Mr.  Victor served Greta Doe employee at the Bay

Terrace Jewish Center attached Subpoena for the Bay Terrace Jewish Center to produce

documents to my P.O. Box in Bayside by June 28th, 2017.  They made no attempt to answer

or object/ quash the subpoena, within the 14 day period the law allows, Rule 45, C, 2, B.

Therefore there right to quash or answer the subpoena has been waived.

On June 22, 2017 right before the conference, plaintiff spoke with Ms. Fitzgibbon in

which she has told plaintiff that the attorney, name unknown at that time, for the synagogue

contacted her, (behind my back) to discuss the subpoena. June 27th, plaintiff contacted Steven

Chase attorney for the synagogue to discuss the subpoena and why he went behind my back.

He told me because of technical difficulties, and that I was prose, what that meant plaintiff is

unclear. He tried to get me to cancel the subpoena. Plaintiff has advised him that she wasn't

planning on doing that. Plaintff also discussed about Susan Wortman telling me that the

documents are possibly in the synagogue. Once again, she told me she is ab honest person so I

had to believe her. Mr. Chase also told me that he is a member of the board and that he will

reply to the subpoena as a favor to the synagogue.

On July 3rd, plaintiff left a message on Steve Chases voice mail about the time has elasped to Quash the Subpeona or answer it. As of July 13, The Bay Terrace Jewish Center has ignored the subpoena.

Under Federal Rule of Civil Procedure 45(e), the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Rule 45 g grants the court the power to hold a party in contempt "simply on the basis of failure to comply with the subpoena." See *Hunter TBA, Inc. v. Triple V Sales*, 250 F.R.D. 116 (E.D.N.Y. 2008) citing *PaineWebber, Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247,249 (S.D.N.Y. 2002) citing *Diamond v. Simon*, No. 89 CV 7061, 1994 WL 10622 at *1 (S.D.N.Y. Jan. 10, 1994); and *Daval SteelProds. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d.Cir. 1991). The Court has the authority to enforce its subpoenas and orders by the power of civil contempt. The purposes of sanctions in a civil contempt proceeding are to coerce the contemnor into complying with an Order of the Court and to compensate the harmed party for losses sustained on account of the contempt. *In re Sciaba*, 334 B.R. 524 (Bankr. D. Mass. 2005) citing *In re Tower Recovery Systems, Inc.*, 950 F.2d 798, 802 (1st Cir. 1991).

WHEREFORE, I respectfully request that the court grant the within motion, as well as such other and further relief that the court feels is just and proper.

Sworn to before me this day of

July 13, 2017.

Notary Public

MICHAEL FARINA
Notary Public, State of New York
No. 4991473
Qualified in Queens County
Commission Expires February 3, 20 ___

Jacqueline Silver
Plaintiff Pro Se