**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JACQUELINE SILVER**

15CV- 3462 (ARR)
NOTICE OF MOTIONS

--Plaintiff--

--against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**



--Defendants--

PLEASE TAKE NOTICE , that upon the annexed affirmation of Jacqueline Silver, sworn to August 14th , and upon the Notice of Motion and Affirmation in Support , Pro Se Plaintiff will move this Court Judge Allyne R. Ross, United States District Court, United States Courthouse, Brooklyn, New York 11201,on the 28 th day of August, 2017, as soon thereafter as Jacqueline Silver, pro se plaintiff can be heard, for an order granting Victor and Susan Wortman, pursuant to the Federal Rules of Civil Procedure (45) to be held in contempt of court and impose monetary sanctions for failure to respond to a subpoena that was personally served on them December 26, 2016, and why a second ORDER shouldn't be issued and entered hereinto STRIKE Mrs. Wortmans' letter dated May 31st docket number 59.

Dated: Bayside, New York                    Jacqueline Silver
August 11, 2017                             Pro Se Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

☐ ORIGINAL

JACQUELINE SILVER

15CV- 3462 (ARR)

AFFIRMATION IN SUPPORT

--Plaintiff--

--against--

SERGEANT SCOTT DALESSANDRO,
POLICE OFFICER LUIGI GALANO,
POLICE OFFICER NICHOLAS KOSTAS,
AND POLICE OFFICER EDWARD STINE.

--Defendants--

STATE OF NEW YORK) ss:
COUNTY OF KINGS   )

I, JACQUELINE SILVER, pro se plaintiff in the above referenced action, deposes and says, that I am making this affirmation to respectfully move this court to issue an order pursuant to the Federal Rules of Civil Procedure (45) for an ORDER holding Mr. and Mrs. Wortman in contempt of court and impose monetary sanctions for failure to respond to a subpoena that was personally served on them on December 26,

2016, and a Motion to Strike Mrs. Wortmans' letter and removed from the docket and the official court record or plaintiffs seeks for the court to order Mrs. Wortman to serve Ms. Silver and Ms. Fitzgibbons the letter that she gave to the court.

 Your Honor, below is part of the phone conversation I had with Mr. Wortman about the documents that are in his possession that he has told me I could use for my federal court case. This is the only evidence I have to prove that Mr. Wortman has these documents. He admitted to me on an MP3 player back in 2016. Plaintiff subpoenaed the Wortmans' back in December 2016, (3 months before Hon. Ross ordered the limited discovery) because Mr. Wortman had documents relevant to my case. Victor opened up the conversation with, YOU CAUGHT ME AT A GOOD TIME, I AM GIVING YOU AN OPEN BOOK . He told me when I asked him where did you get the documents from he told me he has no idea it was found on his door step, somebody must have dropped it off at my house, it said to Victor Wortman, for your use, as needed, important came in a big yellow envelope and had a whole bunch of things. He then said I wish I knew who put it there. He told me he was going to drop it off when we were going to meet at the Pizza place in New Hyde park on or around February15th, 2016. (this never took place. ) . On February 16, 2016, Victor called me to find out where I was the night before . He went on to say that he waited for me to give me 61 pages of doctors notes and police information , THINGS I WOULD NEVER BELIEVE… He then again stressed that the 61 pages of doctors notes and police information was put on his porch. Honorable Ross , that is the main reason why I had to subpoena Susan Wortman.

He then went on to say that it was very hard to read it's not typed, somebody wants to protect him, he has a lot of friends, he has no idea who I was in touch with who I spoke with. If I want the documents I could give it to you I have no use for them. He is not here to hold those things its stuff that you need, if you want it I could give it to you. Plaintiff has known Mr. Wortman since 1998 when we met at NYSC, where I was a sales consultant. Back in 2012 I turned to him for help with my mother in the senior living facility. The senior living facility where my mother was living didn't allow the residents to light Shabbos candles. I turned to Victor to help me and one thing lead to another, he lied to me about his marriage and told me that he was divorced And that is when our intimate relationship started. Three months later, plaintiff was put into the hospital by Jennifer Silver. I confided in Mr. Wortman and he told me that he would help me find out who put me in the hospital, why etc. He told me he knows lawyers, detectives and a lot of people because he is the Cantor in a synagogue. He was shocked about the police brutalizing me. Mr. Wortman felt bad and told me he would help me to get to the bottom of this.

    Plaintiff Silver, was not served a copy of the letter that Susan sent to you Honorable Ross and Magistrate Tiscione., therefore not allowing me to oppose this letter and defend myself to these allegations against me. Ms. Silver did not have the opportunity to respond to Mrs. Wortmans letter. She made accusatory statements that haven't been proven, which leads me to believe she did this only to get back at me for being romantically involved with Mr. Wortman. Plaintiff had no intentions of bringing this up to the court, as she finds her relationship with Mr. Wortman, the money that the Bay Terrace Jewish Center promised me, all the other accusations that Mrs. Wortman put in her letter that Ms. Silver is not aware about because she was not served, the lie

about how I harassed her etc, is all irrelevant and has no bearing on the fact that Mrs. Wortman totally IGNORED the subpoena until she was served with a Contempt Motion on March 22, 2017. Honorable Ross, it is apparent that Mrs. Wortman had no intention of complying/obeying the subpoena and therefore should be held in contempt and imposed monetary sanctions as she has placed an undue burden on me and possibly sabotaged my action and possibly defamed me by writing to the judges on my case, filled with lies and meaningless allegations..

Mr. Wortman along with Rabbi Blickstein from the Bay Terrace Jewish Center and Rabbi (Yossi Blesofsky) from the Chabad in Bayside Queens are well aware about the money situation. I could disprove and discredit Mrs. Wortmans' lies about the Synagogue not raising money for me. Please see attached text from Mr. Wortman and email from Rabbi Blesofsky regarding the money they were raising for me. If Mrs. Wortman lied about this in her letter to the court then how credible could she be under oath on June 22, in front of Magistrate Tiscione. If I was given the opportunity to be served with the letter I would have discredited the entire letter. I have texts and emails to prove that these two Rabbis and Mr. Wortman collectively raised security for me. I have multiple texts and emails from 2012 to 2016 showing that Victor Wortman and I had an intimate relationship and the letter that Susan Wortman wrote to the judges were obviously filled with lies and allegations that are unfounded .

What Susan Wortman neglected to omit from her letter is how she has been harassing me and threatening me since 2012. She has conveniently left out that she shoved her wedding band in my face at the Gap in the shopping Center in Bayside, Queens, back in 2015. She also conveniently left out that she threatened me back in July/August of 2012 or 2013 when I rang her doorbell after Mr. Wortman told me "to do what I need to do.",

regarding the security he promised me for an apartment and then threatened me that she would call the cops on me."

Once again on December 26th 2016, Susan Wortman threw the papers in Mr. Gottliebs face, she neglected to tell the court this. An addendum to the affidavit of service that Mr., Gottlieb did was put in the Motion in Contempt back in March. Her behavior is aggressive and violent and is a concern to me . Plaintiff has spoken to many lawyers and some paralegals and advised me that the LETTER she wrote to both of you is borderline criminal and she could have perjured herself.. The letter was written to the court after she got served the Contempt Motion. These were her opposition papers to the contempt motion therefore plaintiff has a right to respond. There was absolutely no reason for that LETTER except to get back at me and written out of malice. Hon. Ross why was she confused and Mr. Wortman wasn't ????  There is something wrong here. They are husband and wife, were issued the same subpoena personally on the same day and time. . Susan wrote the letter back in May and Victor didn't -something is not KOSHER . According to Mr. Wortman they are both represented by Alexander Fine who was also served the contempt motion on March 22.

Susan contacted me and we had a long conversation(the day after mothers day) about the subpoena, and whether she answered it or not. She proceeded to ask me about whether or not she answered the subpoena , she told me she doesn't understand why she got this. I told her that I am not an attorney, I cant give her legal advice and that I had nothing to do with the service of that subpoena. I also tried to explain to her that I am a process server and I am not the person who served the subpoena . I also went on to tell her that she threw the papers in Mr. Gottliebs face and that she shouldn't have done that. We also discussed why I served her a subpoena and

I might withdraw her Notice of Motion in Contempt . She went on to tell me that, THIS IS NOT FOR HER." She went to get her inhaler and made a point to tell me that she is having trouble breathing . Finally the hour conversation ended by telling me she looked all over the house and couldnt find where the documents where , but did admit to me that they were in the Bay Terrace Jewish Center. The next day and a couple of days later I got half a dozen voicemails from Susan. At this point I felt that she harassed me and disrupted me from serving my papers.

In the voicemails she left me she said that she thought we had a great conversation, we spoke for a long time, we were truthful to each other , she just doesn't get it, she was up all night and the only thing she could think of was the two hour conversation I had with Victor. She wanted me to tell her if Victor said anything to me that got me upset. She admitted that she was bothering me by calling me and she would stop bothering me and she would not call again but she kept on persisting . She apologized for Victor calling me and saying horrible things to me, (that was her interpretation) What Victor tells her about me and him and what he does and says to me is totally different. Your Honor, this entire situation is discerning to me. It is painful for me to relive this .

Once again I am a licensed process server, I have a paralegal certificate and am very knowledgeable with all aspects of the law. I never saw anybody who was issued a subpoena to produce documents behave this way. It is very disturbing . Mrs. Wortman misused the legal system and subpoenas which has been held to be an abuse of process . Since Mrs. Wortman potentially might have damaged my lawsuit with the Federal Court I am asking the court to hold her accountable for what she did to pro se plaintiff.

Hon. Ross , I make every effort to be a law abiding citizen. I am an ethical person

and have a good heart. I just want my case to move forward and did not expect this to happen. I have a right to issue a subpoena to any individual who I believe has documents relevant to my case, including Susan Wortman, without being harassed, have the cops called on for something I didn't even do, threatened by Steve Chase etc. Mrs. Wortman claims to be am an honest goody two shoes

Your Honor, the reason why I am bringing this to the courts attention is that she left me all these voicemails stating the above and then wanted me to speak to her about it but left me with no option to contact her. She called me on restricted and I had no way to get back to her. I even texted Victor to have her call me. She went even as far as to say this isn't for her. Plaintiff also felt that we resolved the subpoena issue the day after mothers' day and then Mrs. Wortman went behind my back and wrote the letter to the court, without serving it on me and giving me the opportunity to respond.

Therefore, plaintiff respectfully requests that this letter dated May 31st from Susan Wortman be stricken from the court file and the docket , as it is exparte and is not allowed pursuant to the Federal Rules of Civil Procedure. . A Goody, Two Shoes honest person would not write a letter like this to judges and lie like she did.

Once again Mr. Wortman was very adamant and told me that , "SUSAN WORTMAN AND VICTOR WORTMAN ARE REPRESENTED BY COUNSEL." Your Honor, Mr. Farina longtime friend and attorney contacted Mr. Wortman to attempt to discuss why they cannot ignore the subpoena and consequences if he did. Mr. Wortman never called him back, this was on March 18th They both made no attempt to Quash the Subpeona as Mr. Fine told Mr. Farina he might be doing. Mr. Fine also told Mr. Farina that he was representing Victor Wortman, this was back in March. Your Honor, all I want is my documents. I am not looking to

punish Mr. and Mrs. Wortman. Once again, there time to produce has passed. They both had multiple chances to either object or answer the subpoena. [h] . Plaintiff issued a legitimate subpoena to the both of them , they had no reason not to comply . Plaintiff is confused and doesn't understand why Mr. Wortman did not show up at the conference on the 22nd and never objected or answered the subpoena , and wasn't held in contempt or So Ordered to produce the documents . Plaintiff is at a loss.  This is inconsistent with the Federal Rule of Civil Procedure 45 (G) Contempt.

Once again , a non-party that has been served with a subpoena for productions of documents has fourteen (14) days to serve any written objections to the subpoena under rule 45 (c) (2) (b) . Both Mr. and Mrs. Wortman had until January 9 th to raise any objections to the subpoena, which they did not. Once again, Your Honor they waived their right back in January 2017. If you do not provide any objections before the deadline they will waive their rights to assert any objections and morever, if you do not object and fail to comply with the subpoena\, YOU COULD BE HELD IN CONTEMPT .

Plaintiff wrote a letter to the court asking the court to decide whether or not Susan answered the subpoena  before she wrote that Letter to the court. Everything else Mrs. Wortman has said in her letter to the court is irrelevant. Plaintiff wrote numerous letters to the Wortmans regarding the subpoena, therefore she  had no choice then to bring the motion to the court.

Honorable Ross, Susan Wortman wrote this letter out of malice , resentment and anger towards me just for the fact that Victor Wortman and I had a three year intimate relationship beginning around February 2012, just three months shy of when Jennifer Silver put me in the hospital (May 27th 2012).  Its discerning that Mrs. Wortman

could be so malicious and evil to write such a letter to the court, especially that she is not a party to this action, she was the recipient of a pishy subpoena. The letter she sent has no bearing on why she did not answer the subpoena until April of 2017, which her time to put in her objections has been waived. Therefore once again your Honor, Ms. Silver requests that Susan Wortman either serves the letter she wrote to the court on me or plaintiff requests the court to strike her letter from the court records. The attorney for the cops that I am suing didn't get served either. Pursuant to the Fed Rule Civ P (5) anything filed to the Judge must be served on the parties to the action. Pursuant to the same rule (5) THE PROSE OFFICE CANNOT accept any papers without an attached affirmation of service, so once again plaintiff respectfully requests the Susan Wortmans' letter needs to be stricken from the court records on the above action. The prose office is not allowed to give advice as Mrs. Wortman is admitting they did.

   Your Honor, since I was never served this letter, I am only aware of what Mr. Wortman has told me about the contents of this letter and what it says on the docket. From what he has showed me and the docket, the letter is filled with accusatory statements, with no documentation to back it up, false allegations even with how the papers were served. Your Honor, I am a licensed process server and a plaintiff in this action, I cannot serve her the subpoena,.

   This is exparte communications that the prose office accepted. Plaintiff got half a dozen answers from AVVO lawyers which is a very reputable site and all of them told me that this is exparte communications is not allowed. This letter should have never been allowed to go through the pro se office. Plaintiff is at a loss as to how this occurred especially when she didn't get served, and the opportunity to respond to Susan Wortmans' letter filled with lies. Plaintiff is not an attorney, but upon

information and belief any documentation that gets filed in the court has to be served on the parties to the action, if not then it is exparte communications , and jurisdiction over Susan Wortman I would presume is questionable.

Pro Se plaintiff Silver did everything right and followed the courts rules and the Federal Rules of Civil Procedure. The time passed for Mr. and Mrs. Wortman to PRODUCE the documents requested in the December 26, 2016 subpoena that was served on them.

Honorable Ross, not only didn't he produce the documents Mr. Wortman didn't respond in anyway possible. Mrs. Wortman responded on or about April of this year, but the time has still passed. Pursuant to this Federal Rule , The Wortmans passed their time to object and therefore went in unopposed…

At the April 13th conference with Honorable Tiscione, plaintiff Silver showed both Ms. Fitzgibbon -attorney for defendants the attached letter, Plaintiff was not sure if that was Mrs. Wortmans answer to the subpoena. (which at that point in time, the letter is moot, as she did not respond to it ) Both Magistrate Tiscione and Kaitlin Fitzgibbon read the letter. Magistrate Tiscione told me that Mrs. Wortmans letter was her answer. I asked him if I should give it to the court he said no its between the both of you, so plaintiff is at a loss as to why Mrs. Wortmans letter containing the letter she sent to me and I discussed with Magistrate Tiscione on April 13th, was filed with the court, and got a conference with Magistrate Tiscione to vent to him about the allegations she claimed in her letter about me . If I was allowed to give it to Magistrate Tiscione when I asked him back in April then the Motion for Contempt could have been decided upon and the letter Susan Wortman wrote would have not come into play. Magistrate Tiscione also told me at the April conference that I should focus on

the limited discovery that you ordered me to do. Your Honor that is what I was doing, until Susan Wortman went behind my back and wrote this exparte letter to Your Honor and Magistrate Tiscione.

Once again plaintiff Silver is at a loss as to why the Contempt Motion and the letter where I asked the court to rule on the Motion were not ruled on until Mrs. Wortman wrote that letter to Your Honor and Magistrate Tiscione and then a week letter a conference was held. Plaintiff is at a loss and needs clarification as to why my contempt motion and letter weren't decided upon. At that point in time Mr. and Mrs. Wortman should've been in contempt of court or So Ordered to produce.

Honorable Ross, as the pro se plaintiff in this action I have been through many obstacles and hurdles since the commencement of this action. It took Ms. Fitzgibbon seven months to produce the names of the police officers after you ordered her twice to do it. Then in December Ms. Fitzgibbon did a motion to dismiss. After that Mr. and Mrs. Wortman were served the subpoena to produce the documents, which was about three months before you decided on the Motion to Dismiss.

I need time to sort out this entire situation with the subpoenas to the Bay Terrace Jewish Center and the subpoenas that were served on Mr. and Mrs. Wortman. Plaintiff will be opposing and replying to the Bay Terrace Jewish Centers answer to the subpoena and board member Steve Chases letter lying about me harassing the staff and his unethical behavior toward Ms. Silver when she called him to discuss the letter. Between the letter Susan wrote and the letter Steve Chase wrote Ms. Silver is drained from this, has trouble sleeping at night and has bad swallowing issues. This has taken a toll on me and at this point in time, for the foregoing reasons pro se plaintiff is asking the court to give me more time to file my Affidavit that Magistrate Tiscione ordered me to

do by August 14th.

Plaintiff feels that she isn't being treated fairly, that letters are being written behind her back and lawyers are calling other lawyers behind her back, leaving plaintiff Silver confused, overwhelmed, and apprehensive. Plaintiff needs to rearrange her efforts now on responding to Mrs. Wortmans letter when she gets served and to renew her Contempt Motion for Victor as he never answered it.

WHEREFORE, prose plaintiff respectfully prays for an order granting Victor and Susan Wortman in Contempt of Court and or imposing monetary sanctions for failure to obey and respond to the subpoena that was personally served on them back in December 2016, and granting Ms. Silver an order to either strike Susan Wortmans letter dated May 31st or order Susan Wortman to serve the letter on both myself and Ms. Fitzgibbon so plaintiff has the opportunity to respond and disprove her letter filled with lies and accusatory statements with no legal basis to back it up. Plaintiff at this point in time is very overwhelmed, confused and cant understand how Mrs. Wortman was allowed to write a letter that put plaintiff in a negative light and possibly ruining her lawsuit. Hon. Ross this case is **very important to me** and I wouldn't never do anything to jeopardize it. I just want to do my limited discovery and move the case forward and hopefully prevail on this injustice that was brought upon me on May 27, 2012, by Jennifer Silver, a.k.a my sister, which caused my rights to be violated by the defendants listed on my action.

Sworn to before me this 14th day of
August, 2017

Jacqueline Silver
Pro Se Plaintiff

STANLEY YEE
Notary Public - State of New York
NO. 01YE6318960
Qualified in Queens County
My Commission Expires Feb 9, 2019

*Faxed UW @ 5/23/17 for VW records*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

(2/3) cost!! Call me anytime after 2pm if u can. for arranging the check pick-up. I understand that Rav Yossi also has something for you. Call me when u can

Hotmail (4)   Messenger (0)   SkyDrive  |  MSN                    Jack
                                                                   pro

New  |  Reply  Reply all  Forward  |  Delete  Junk  Sweep ▼  Mark as ▼  Move

### Cantor texts                                Back to messages  |

**Jackie Silver** ...                                    7/22/12
To jackies1000@li...                                     Reply ▼

Really hope to see U soon;  hopefully by Friday :):):). Stay intouch!!:)   4/25

I will call a little later. I have little bit of emergency in getting ready for Florida. Will call asap.  4/25

Hi beautiful sexy dynamite !!!  We will see each other before this week is over. Just lots of hectic stuff happening. Hugs and kisses! 4/25

Hey guess u are still in ur meeting wow that is the longeeeessssst mtg ever am I ever going to see u again. 4/24

Hi sexy,  middle of meeting.   will call asap:):) 4/24

Miss U too !! I will never think U are crazy!  Good, sweet and wackey but not crazy!!!!  If U could,  call me around 10am Monday. If not, i will reach U by 12.
4/22

Hi I know u are going to think I am crazy but I want to see you I miss u. Look what u do to me cantor... cantor cantor. 4/22

Will talk  later. I CAN'T FIGURE HOW YESTERDAY TEXTING IS FIRST NOW GETTING THROUGH!  YOU LOOK GREAT LIKE SUPER STAR MODEL !!:) Hope to see U next few days. 4/15

'ew  |  Reply  Reply all  Forward  |  Delete  Junk  Sweep ▼

                                    Mark as ▼  Move to ▼

Categories ▼  |