


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**JACQUELINE SILVER**

15CV- 3462 (ARR)
REPLY

--Plaintiff--

--against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**

--Defendants--

Jacqueline Silver, pro se plaintiff submits this reply to Steve Chases letter he wrote to the court on 7/28. This letter is not in proper form for opposition papers As a lawyer, Chase should know how the opposition papers should be drafted. He didnt put in an affidavit or affirmation, and no memorandum of law, which leads me to question his credibilty as a lawyer and the credibilty of the reply from the shul. It is apparant that this letter and the reply from The Bay Terrace Jewish Center was sloppily put together at the last minute in order to pacify Ms. Silver. This is unacceptable to me for reasons below.

On June 22, during a conversation that I had with Ms. Fitzgibbon, she mentioned to me that Steve Chase, Esq called her on behalf of the Bay Terrace Jewish Center to discuss the subpoena that was recently served on them.. This lawyer went behind my

back and called Fitzgibbon, without calling me first as I am the issuer of the subpoena and the Pro Se Plaintiff. When I called Steve Chase, back on June 27th, he told me the number one reason why he called Ms. Fitzgibbon was because I am Pro Se. He also went on to say that there were technical difficulties. He asked me why I needed to know. I told him I am the pro se plaintiff in this action and he had no right to go behind my back. I am the pro se plaintiff and I am the one that issued the subpoena and it is my case. He had a problem that I was prose. He violated my constitutional rights as a pro se litigant and had absolutely no right to go behind my back.

I gave Mr. Chase my phone number and email if he had any questions. He then proceeded to to tell me he was doing the synagogue a favor. He then proceeded to ask me if I could cancel the subpoena. I said why would I. He replied, if you were a lawyer you would not have subpoenaed the synagogue. I told him I am not going to cancel it and stressed to him that SUSAN WORTMAN admitted to me in an hour and half phone conversation the day after mothers day that the documents are in the BAY TERRACE GARDEN JEWISH CENTER.

Once again plaintiff will like to bring to the courts attention, that Susan Wortman repeatedly told me (on the phone and in voicemails that she left me that she is a crazy honest, goody two shoes. I would have to believe her even though she lied to the court in a letter she wrote to them. I would also like to bring to the courts attention that in a face to face conversation with Victor Wortman a couple of years ago, he told me that the synagogue had a file on me, but did not get specific when asked.

The Bay Terrace Jewish Center was served a subpoena to produce documents because in the long conversation I had with Susan Wortman she told me that the documents were in the synagogue and once again she told me she was "a crazy honest,

goody two shoes." Your Honor, once again I have to believe her. WHY WOULD SHE LIE>>>>> She admitted to me that she is aware that the documents existed. She went as far to tell me in a face to face conversation on Rosh Hashanah last year, that her loyalty lies within her husband, Cantor Victor Wortman –and that she will lie and tell a judge IN AN OPEN COURTROOM that she knows nothing about the documents. One of the six messages that Mrs. Wortman left me between mothers day and May 18

Hon. Ross and Magistrate Tiscione, the Bay Terrace Jewish Center is playing a **SHELL GAME**. They are obviously moving around documents -61 pages –according to Victor Wortman, to avoid turning over what is asked for in the subpoena. They don't want to tell me where they are . Synagogue is obligated to produce the documents and if they don't have them then they need to tell me where they are. At this point they would do anything to evade producing the documents It is obvious that they wont have in their possession phone records but they will need to produce them as asked in the subpoena. Also another point I would like to raise with the court is that signing the Bay Terrace Garden Jewish Center is not acceptable to me. Victor Wortman is the Cantor in the synagogue and he could have written the letter. The signer of the letter is an entity not a person. How is an entity going to prove there are no documents in the shul. Lastly, its odd that Steve Chase didnt sign his name on the reply letter. Plaintiff Ms. Silver needs the shul to identify who signed the letter as once again the Bay Terrace Garden Jewish Center is an entity not a human being, this is unacceptable and the reply letter is ambigious. This letter that Mr. Chase wrote to the court in reference to his allegations that I harassed the staff is irrelevant, inappropriate and has no bearing on whether or not the BTJC complied with your order dated July 18. Your Honor I am at a loss as how I was supposed to serve your order by not

contacting the synagogue or Steve Chase who wrote the letter.

Once again, Victor Wortman and I had a conversation in February 2016, where he was adamant about receiving 61 pages of documents, Your Honor; between Mrs. Wortman admitting the documents are in the Bay Terrace Jewish Center and Mr. Wortman and plaintiffs' conversation about him telling me he has the documents, one would leave you to believe the documents are in somebody's possession, therefore leaving me with no other option that the Bay Terrace Jewish Center played a SHELL GAME. It is also unknown if Mr., Chase has the right as a Board Member to get involved with an pro se plaintiff who issued the subpoena and write a letter to the judge bashing the Plaintiff for absolutely no reason at all .

A non-party waives their right to object to the subpoena if they do not raise any objections in writing, usually before the earlier of the date on the subpoena, which in this case was June 28th or 14 days after they received the subpoena, which was the 27th of June, pursuant to the  The synagogue never answered the subpoena nor responded in any way possible therefore plaintiff wants the court to hold the Bay Terrace Jewish Center in contempt of court  and impose monetary sections for failure to respond to a subpoena by June 27 or 28.  If they do not object and fail to comply with the subpoena, they may be held in contempt. Once again the Bay Terrace Jewish  Centers time has passed to reply to the subpoena, so either way you look at it, the synagogues reply from Steve Chase irrelevant, unacceptable and moot. Ms. Silver once again is asking the court to hold the  synagogue in contempt and monetary sanctions imposed on them.

I just want my case to move forward and did not expect this to happen. I have a right to issue a subpoena to any individual  or  synagogue who I believe has documents,

or was told has documents relevant to my case, without being harassed, have the cops called on for something I didn't even do, threatened by Steve Chase etc. Pro Se plaintiff Silver did everything right and followed the courts rules and the Federal Rules of Civil Procedure.

On July 3, I called Steve Chase and left a voice message to let him know that the time to respond or object to the subpoena has elapsed, I gave him a couple of more days to reply or I will have to file a contempt motion. He never called me back. Plaintiff filed the contempt motion and had Mr. Gottlieb served it on the synagogue.
In reply to Mr. Chases' letter he sent to Your Honor, it has allegations and accusations about me harassing the staff with nothing to back it up. The part where he states that I harassed the staff and it needs to stop is irrelevant to the subpoena that was served on the BTJC. It was totally unnecessary to put that in there, especially that it is unfounded. It is apparent that Steve Chase and the BTJC doesnt want to produce the documents and instead used intimidation tactics, harassment and threats of calling the cops on me, and having me arrested, all of which is unwarranted and in actuality they harassed me. In the same phone conversation Mr. Chase accused me of calling him a liar. Once again what is the relevancy of all this. Mr. Chase was fine with me until he told me he was on the board and was doing the shul a favor. I then said ok that's good to know so I could talk to you about your cantor (Victor Wortman) and how he committed adultery. About a month later Mr. Chase accused me of harassing the staff and told me he is calling the cops. It is apparent that they wanted me out of the way so they can continue to cover up Mr. Wortmans adultery. All I was doing your honor was following your order dated July 18th. I called the synagogue to find out who should be served the order and subpoena so they cant come out and say they weren't served. I

spoke to Mr. Chase a couple of weeks before in which he told me that he will do the shul a favor and send a reply to my PO Box. I needed to know if Steve Chase is representing the synagogue so I know to serve him with your Order dated July 18th. The times I called and spoke to Sandy and Greta they told me that they will find out who the lawyer is and call me back, they never called me back. I called again and got the synagogues voice mail, I left messages to call me back and that I need the lawyers name. They hung up the phone, was nasty to me, for no reason at all and evaded giving me the lawyers name.

Once again plaintiff is the issuer of the subpoena and has every right to call the individual or entity being served to find out who the attorney is.

Once again, it is irrelevant and moot that they replied on July 10th , per Steve Chase, their time to object or answer the subpoena has passed leaving the subpoena unopposed. If the court is going to accept this letter then plaintiff needs the affidavit of service proving that the synagogue mailed this letter to the plaintiffs po box.

Ms. Silver is also at a loss and is not clear if Mr. Chase is representing the Bay Terrace Jewish Center , if the shul needs to be represented by counsel and if Steve Chase needs to be served. For future subpoenas to the shul and other forms of communication to the plaintiff will like the court to grant her a restraining order or whatever the court seems proper on Steve Chase to cease and desist all communications with Ms. Fitzgibbon, Ms. Silver and the shul on any thing regarding this case 15cv03462, due to his unethical, slimy conduct and behavior that he engaged in . Ms. Silver once again contacted Mr. Chase after he wrote the letter to Your Honor accusing Ms. Silver of harassing the staff at the shul. This is a strong allegation without any proof to back it up. Magistrate Tiscione the reason why

plaintiff is bringing this up in her reply, even though she thinks its irrelevant is because they are allegations and plaintiff has a right to defend it.

Mr. Chase misused the legal system and subpoenas which has been held to be an abuse of process, especially as a lawyer he has to abide by the RULES OF PROFESSIONAL CONDUCT, which it is apparent that Steve Chase didnt do this. What did he expect to accomplish by bashing me and telling the court I harassed the staff -when in actuality it was the opposite. Plaintiff Silver will like to bring to the courts attention that Mr. Chase and the shuls intimidation and threats of harassment and calling the cops are troubling.

Since Mrs. Wortman and Mr., Chase could have potentially damaged my lawsuit with the Federal Court I am asking the court to hold them accountable for what they did to pro se plaintiff, whatever the court seems just and proper.

ProSe Plaintiff

Jacqueline Silver

August 26, 2017