UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 6 · 2017 ★

BROOKLYN OFFICE

-------------------------------------------------------------------X

JACQUELINE SILVER,                           :

                    Plaintiff,               :     15-CV-3462 (ARR) (ST)

     -against-                               :     OPINION AND ORDER

SCOTT DALESSANDRO, LUIGI GALANO,             :     NOT FOR ELECTRONIC OR
NICHOLAS KOSTAS, and EDWARD STINE,           :     PRINT PUBLICATION

                    Defendants.              :

-------------------------------------------------------------------:
                                             :
                                             X

ROSS, United States District Judge:

On September 19, 2017, plaintiff requested review of Magistrate Judge Tiscione's order dated August 31, 2017.  See Objections to Magistrate Tiscione's Order and Relief to Stay Diligence, Silver v. Dalessandro, 15-cv-3462, ECF 82 (Sept. 19, 2017) (hereinafter "Objections"). In that order, Judge Tiscione denied plaintiff's motion to hold non-parties Victor and Susan Wortman in contempt and to impose monetary sanctions on them for failing to respond to plaintiff's subpoenas.  Judge Tiscione also denied plaintiff's motion to have Susan Wortman's June 6, 2017 letter stricken from the docket.  In the same order, Judge Tiscione gave plaintiff until September 15, 2017 to submit evidence in support of her asserted diligence in attempting to identify the defendant police officers before the statute of limitations expired.  For the reasons discussed below, I affirm Judge Tiscione's order, but grant plaintiff one final extension until October 27, 2017 to submit evidence of her diligence.

**Denial of Motion for Contempt and Sanctions**

A district court shall reverse a magistrate judge's order on a non-dispositive motion only where the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed.

R. Civ. P. 72(a). Matters involving pretrial discovery are generally considered non-dispositive and are therefore reviewed under this standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A finding is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). Under this "highly deferential standard," reversal is only permitted where the magistrate judge has abused his discretion. Grief v. Nassau County, --- F. Supp. 3d ----, No. 15-cv-7240, 2017 WL 1190944, at *3 (E.D.N.Y. Mar. 30, 2017).

Plaintiff argues that Victor and Susan Wortman should be held in contempt and required to pay monetary sanctions because they failed to respond to her December 2016 subpoenas. Plaintiff alleges that Mr. Wortman told her over the phone that he had sixty-one pages of unidentified documents about her. Plaintiff alleges that the documents might be her medical or police records. The Wortmans vigorously deny that they have ever had such documents. Judge Tiscione denied plaintiff's motion for contempt and sanctions because the Wortmans repeatedly stated that they do not have the documents at issue and because the documents, if they do exist, would be irrelevant to the one remaining issue in the case—plaintiff's diligence. See Tr. of Status Conference (Aug. 30, 2017) at 34:13-15, 52:15-17, 65:18-22 (nonpossession of documents); see also id. at 27:6-9; 36:15-23; 46:10-12, 67:11-21, 68:25-69:2 (irrelevance of documents).

I do not find Judge Tiscione's ruling to be clearly erroneous. On the contrary, I find it persuasive. Federal Rule of Civil Procedure 45(g) states that a court "*may* hold in contempt a person who, having been served, fails *without adequate excuse* to obey [a] subpoena." Fed. R. Civ. P. 45(g) (emphasis added). In other words, even if a subpoena recipient has no adequate excuse for noncompliance, it is still within the discretion of the court to choose not to hold the

2

recipient in contempt. Here, the Wortmans did have an adequate excuse: they were unable to comply with the subpoena, because they did not have the documents in question. "[I]nability to comply with [a] subpoena constitutes an adequate excuse and a defense to a contempt motion." Kowalczyk v. United States, 936 F. Supp. 1127, 1149-50 (E.D.N.Y. 1996) (citing United States v. Bryan, 339 U.S. 323, 330 (1950)). Furthermore, plaintiff has been unable to explain how the documents she seeks would be relevant to the issue of her diligence. It was therefore not an abuse of discretion for Judge Tiscione to deny plaintiff's motion for contempt and sanctions. Nor was it an abuse of discretion for Judge Tiscione to refuse to impose monetary sanctions on the Wortmans.

Plaintiff also argues that Susan Wortman's June 6 letter should be stricken from the docket because the letter was untruthful and because the letter was "ex parte" (by which she means that a copy was not served on her). The lack of service, plaintiff alleges, denied her the opportunity to discredit the contents of the letter. In his August 30 hearing, Judge Tiscione denied this motion. I find that that denial was not clearly erroneous. Judge Tiscione correctly observed that the letter was not ex parte—it was filed on the docket. Tr. at 13:16-14:9. In addition, plaintiff had the opportunity to discredit the letter's contents at the August 30 hearing. Moreover, the letter is not at all relevant to the diligence question. And finally, a party's bare allegation that a docketed letter is untruthful is not an appropriate reason to strike it from the docket, especially when the alleged lies are unrelated to the only remaining issue in the case.

I therefore affirm Judge Tiscione's order on plaintiff's motion for contempt and sanctions and her motion to have Susan Wortman's letter stricken from the docket.

### Request for Extension on Diligence Showing

Plaintiff's September 19 Objections also contained a request that the court "stay the order/diligence." Objections at 2, 5. I understand this to mean that plaintiff seeks additional time

3

to submit evidence of her diligence in identifying defendants during the limitations period. The most recent deadline for this evidence, set by Judge Tiscione in the challenged order, was September 15, 2017. Plaintiff has had roughly five months to perform her discovery on the diligence issue. See Minute Entry for Status Conference, ECF 52 (Apr. 23, 2017). Plaintiff has not submitted any evidence of diligence in this time. Instead, she has fixated on the status of her subpoenas to Victor and Susan Wortman. These subpoenas, as Judge Tiscione has observed on multiple occasions, seek documents that, to the extent they exist, would be irrelevant to plaintiff's diligence.

Plaintiff has given no adequate reason to delay the diligence order.[1] Plaintiff's Objections did, however, indicate that she does not fully understand why it is necessary for her to demonstrate diligence for her case to proceed. Objections at 2 ("Plaintiff is also unclear . . ."). My opinion and order of March 31, 2017 on defendants' motion to dismiss explains this more fully, but I will briefly summarize the reasons here. Plaintiff refers to instructions for complaint writing, which state that a plaintiff may file a complaint with a John Doe defendant and substitute in the named defendant later. That is true. But the substitution of the named defendant must either (1) be made before the statute of limitations has ended (which is not the case here), or (2) satisfy one of the conditions described in Federal Rules of Civil Procedure 15(c)(1)(A) or 15(c)(1)(C) or in N.Y. Civil Practice Law and Rules §§ 203 or 1024. My March 31 order explains that the only condition plaintiff might satisfy is the one that requires her to prove diligence. Plaintiff does not satisfy any of the other conditions. If plaintiff cannot prove diligence, she cannot satisfy *any* of the conditions that would allow her to substitute in a named defendant after the limitations period.

---

[1] The contempt motion is now resolved and there are no other pending issues in the current case.

4

To reiterate: The instructions to which plaintiff refers deal with substitutions made before the end of the statutory limitations period or that satisfy the special conditions mentioned above. Plaintiff's lawsuit was not filed until the last day of the limitations period, meaning all of her substitutions came after the limitations period had ended. The only way for plaintiff to substitute in named defendants (and therefore proceed in her case) is to demonstrate her diligence in attempting to identify those named defendants before the end of the limitations period.

In light of plaintiff's stated confusion and her status as a pro se plaintiff, I will grant one further extension—until October 27, 2017—for plaintiff to submit evidence of her diligence.

## Conclusion

I affirm Judge Tiscione's August 31 order denying plaintiff's motion to hold the Wortmans in contempt and to impose monetary sanctions on them, and denying plaintiff's motion to strike Susan Wortman's letter from the docket. Plaintiff may have until October 27, 2017 to submit any evidence of her diligence. No other extensions will be granted.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated:      October 6, 2017
            Brooklyn, New York

5