UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACQUELINE SILVER,

                            Plaintiff,          **REPORT AND RECOMENDATION**

     -against-                                 15-CV-3462 (ARR) (ST)

SERGEANT SCOTT DALESSANDRO,
P.O. LUIGI GALANO, P.O. NICHOLAS
KOSTAS, P.O. EDWARD STINE, CAPTAIN
JOHN DOE 5,

                            Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

Plaintiff Jacqueline Silver alleges that on May 27, 2012 she was unlawfully detained by about six NYPD officers from the 111th Precinct and that they used excessive force to arrest her. *See* Compl. at 5-6 (Dkt. No. 1). On May 27, 2015, she brought this action under 28 U.S.C. § 1983 against four John Doe officers and one John Doe captain. *See id*. at 3. She also brought this action against the City of New York and the 111th Precinct, but Plaintiff proceeded *pro se* and *in forma pauperis* and the Court *sua sponte* dismissed those claims pursuant to 28 U.S.C. §1915(e)(2)(B). *See* Order at 5 (Dec. 14, 2015) (Dkt. No. 7).

The Court also ordered the City to identify the individual defendants pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). *See* Order at 4. Nine months later, the City identified Sergeant Scott Dalessandro and Officers Luigi Galano, Nicholas Kostas, and Edward Stine as the John Doe officers present for Plaintiff's arrest. *See* Dkt. No. 26 at 1. The City also affirmed that it was unable to identify any Captain present for Plaintiff's arrest. *Id*. at 2.

This Court ordered the clerk of the court to amend the caption to reflect the names identified by the City. *See* Minute Order (Sept. 9, 2016). The City then moved to dismiss Plaintiff's claims

as time barred on the grounds that the amendment of the fictitious defendants' names could not relate back to the filing of the original complaint. *See* Mem. ISO at 7-13 (Dkt. No. 39). The Court found that Plaintiff's claims do not relate back under Federal Rule of Civil Procedure 15(c)(1)(C), which allows relation back when the Plaintiff has made a non-prejudicial mistake as to the identity of the Plaintiff. *See* Order at 6-8 (Mar. 31, 2017) (Dkt. No. 50).

The Federal Rule of Civil Procedure 15(c)(1)(A), however, also "permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." *Hogan v. Fischer*, 738 F.3d 509, 509 (2d Cir. 2013) (citation omitted). New York law, which provides the applicable statute of limitations for § 1983 brought in New York, allows for relation back under both N.Y. C.P.L.R. § 203 and § 1024. *See Vasconcellos v. City of New York*, 2014 U.S. Dist. LEXIS 143429, at *16-23 (S.D.N.Y. Oct. 2, 2014). The Court found that Plaintiff could not rely on § 203, which closely tracks the requirements of 15(c)(1)(C). *See* Order at 8 (Mar. 31, 2017). C.P.L.R. § 1024, however, provides for a more forgiving principle, allowing relation back if (1) the plaintiff exercised due diligence prior to the expiration of the statute of limitations and (2) if the plaintiff described the John Doe parties with sufficient detail in the original complaint to apprise the John Does that they were the intended defendants. *See Hogan*, 738 F.3d at 518-19. To determine whether the Plaintiff satisfied that standard, the Honorable Allyne R. Ross ordered limited discovery into Plaintiff's diligence and referred the matter to this Court for a report and recommendation. *See* Order at 12 (Mar. 31, 2017).

This Court held multiple hearings at which Plaintiff had the opportunity to demonstrate her diligence. *See* Dkt. Nos. 52, 62, 67, 76. Furthermore, both the Honorable Allyne R. Ross and this Court ordered Plaintiff on multiple occasions to file an affidavit or other evidence demonstrating that she exercised diligence, ultimately giving her until October 6, 2017 to comply. *See* Dkt. Nos.

67, 76, 85. Nevertheless, Plaintiff has failed to offer any evidence or affirmations that she exercised diligence before the expiration of the statute of limitations on May 27, 2015; instead, Plaintiff has simply insisted that it is permissible to learn the names of defendants during discovery. *See*, *e.g.*, Dkt. No. 82 ("Plaintiff is also unclear about the diligence . . . Plaintiff also saw this on the packet that shows you how to write a complaint. Please refer to Writing and Filing the Complaint page 2 1st paragraph one. It states that it is permissible to find out a defendant's identity after the complaint is filed, through the discovery process."). While Plaintiff is correct that discovery can be used to identify defendants, the claim is only timely if the complaint is amended within the limitations period or the amended complaint *relates back* to the original.

This Court, therefore, finds that Plaintiff did not exercise diligence in identifying Defendants before May 27, 2015. Her amended complaint, therefore, cannot relate back under C.P.L.R. § 1024, and this Court must recommend dismissing her complaint as time-barred.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      March 12, 2018