UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
: 
:
JACQUELINE SILVER, :
: 15-CV-3462 (ARR) (ST)
Plaintiff, :
:
-against- : <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
:
: <u>ORDER</u>
SCOTT DALESSANDRO, LUIGI GALANO, NICHOLAS :
KOSTAS, and EDWARD STINE, :
:
Defendants. :
:
-------------------------------------------------------------------- X

ROSS, United States District Judge:

       The court has received a Report and Recommendation dated March 12 from the Honorable Steven Tiscione, United States Magistrate Judge. R. &. R., ECF No. 87. The deadline for objections was March 26. Within that time, plaintiff filed a request for more time to demonstrate diligence. Mot. for Extension of Time 5, ECF No. 88 ("Objs."). Specifically she requests that the court allow discovery to continue on the diligence issue after the criminal case against her is resolved. <u>Id.</u> at 4-5. Although it is not clear from the face of the document, I treat plaintiff's motion as an objection to the Report and Recommendation.

       Even reviewing the issue de novo, however, I agree with Judge Tiscione that the case must be dismissed. Roughly one year ago, I determined that plaintiff's case could only proceed if she demonstrated her diligence in identifying the individual defendants before the statute of limitations had run. Op. & Order 9-11, ECF No. 50 ("Mot. to Dismiss Order"). I reiterated this point when I affirmed Judge Tiscione's discovery order in October 2017. Op. & Order 3-5, ECF No. 85 ("Disc. Order"). Plaintiff has been given ample time—including multiple extensions—to demonstrate her

1

diligence. R. & R. 2-3; Disc. Order 4-5. She has made no progress in doing so. As I have noted, plaintiff has instead fixated on the issue of her subpoenas to Victor and Susan Wortman. Disc. Order 4. These subpoenas seek documents that, to the extent they exist, would be irrelevant to the diligence issue. Id.

In plaintiff's most recent motion, she argues that these very subpoenas led to her arrest and that she cannot be expected to pursue the subpoenas (and therefore demonstrate diligence) until that criminal case is resolved. Objs. 2-5. This argument is unavailing. Not only do the subpoenas not pertain to documents relevant to the diligence issue, the arrest itself occurred after plaintiff had already had months to submit evidence of her diligence. See Hearing Tr. 20:11-14, ECF No. 83.

I hereby adopt the Report and Recommendation in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).[1] The case is therefore dismissed.

So ordered.

                                              /s/ Allyne R. Ross
                                              Allyne R. Ross
                                              United States District Judge

Dated:          March 27, 2018
                   Brooklyn, New York

---

[1] Plaintiff also requests rulings on ECF No. 78 (her motion to appoint counsel), ECF No. 79 (her response to Steven Chase's July 28 letter), and ECF No. 82 (her objections to Judge Tiscione's discovery order). Her motion to appoint counsel is rendered moot by my dismissal of the case. Her response to Steven Chase's letter merely restates arguments that were rejected by me and by Judge Tiscione. And her objections to Judge Tiscione's discovery order were ruled on when I affirmed his order on October 6, 2017.