UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE SILVER

15CV-3462

--Plaintiff--

--against--

SERGEANT SCOTT DALESSANDRO,

POLICE OFFICER LUIGI GALANO,

POLICE OFFICER NICHOLAS KOSTAS, AND

POLICE OFFICER EDWARD STINE.



Notice Of Motion
March 27, 2019

**PLEASE TAKE NOTICE** that upon the attached affidavit of Jacqueline Silver, sworn to March 28th, 2019, and upon the Notice of Motion herein, the plaintiff will move this court, Hon. Alleyne Ross, U.S.D.J, in Room 8C South, United States Courthouse, Brooklyn, New York 11201, on the 19th day of April, 2019, as soon thereafter as plaintiff can be heard, for an order pursuant to Rule 60 (B) (Relief from a judgment or order) to be issued to Plaintiff Silver.

Dated: Nassau County, New York
March 27, 2019

Jacqueline Silver
Plaintiff Prose

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACQUELINE SILVER

                                                          15CV-3462

--Plaintiff--

                      --against--

**SERGEANT SCOTT DALESSANDRO,**

**POLICE OFFICER LUIGI GALANO,**

**POLICE OFFICER NICHOLAS KOSTAS, AND**

**POLICE OFFICER EDWARD STINE.**

                                         **AFFIDAVIT**
                                         **March 27, 2019**

STATE OF NEW YORK    )
COUNTY OF KINGS      ) ss:

Jacqueline Silver, being duly sworn, deposes and says: I am the plaintiff in the above referenced action and respectfully move this Court to issue an order restoring/reopening the above action to the docket/ calendar.

Plaintiff Silver is asking the Court for relief from the Order dated March 27, 2018.  Pursuant to to Rule 60 (B) (1) (6) (Relief from a judgment or order) of the Federal Rules of Civil Procedure plaintiff is seeking this relief. Plaintiff believes that she is entitled to this relief for the following reasons. On March 7th 2019, my cases in the Queens Criminal court were dismissed . As I stated in the multiple letters that I sent to you Hon. Ross, the Queens Legal Associates

public defender told me not to submit any documents into the United States District Court because it might incriminate me in the criminal action. This was back in November 2017. These criminal actions were supposed to end multiple times but kept dragging because my defense attorneys kept on saying they needed adjournments. Another reason why my cases took so long to end was because the prosecution took five months to concede they didn't have the supporting deposition from the eyewitness. I was told to hold off until the resolution on the criminal case.

This leads me to Rule 60 (B) (1) excusable neglect . Plaintiff Silver had no choice than to put aside the above action until the criminal case was resolved. Ms. Silver, didn't purposely neglect the diligence . Hon. Ross, I understand the significance of the diligence and why you wanted me to do the diligence. Once again, at one of the status conferences back in 2017 (July?) I submitted the attached Plaintiffs Limited Discovery (due diligence), to Ms. Fitzgibbons. Magistrate Tiscione, accepted it as my diligence but told me to submit an affirmation. Both Ms. Fitzgibbons and Magistrate Tiscione are well aware that I did my diligence. I just needed to provide the court with an affirmation.

I believe the problem stemmed from the subpoena that was served on the Wortmans back in 2016. Once again, the subpoena was served on the Wortmans months before you ruled on the diligence . The subpoena was not relevant to the diligence but was relevant to the case . I issued the subpoena to the Wortmans because from what was said to me , I concluded that their were documents that were pertinent to my case. At that point in time Your Honor, the diligence matter wasn't even in existence .

From the time of my arrest on August 17, 2017 until the disposal of my actions in Queens Criminal Court on March 7th, I have experienced severe anxiety and stress waiting for this case to end . This false arrest by the Wortmans and Steve Chase took a toll on me. Hon. Ross, all that was needed for me to do was submit the affirmation for the limited discovery I gave to

Ms. Fitzgibbons. I didn't expect for Susan Wortman to go behind my back and write a letter filled with lies, defamation and strong allegations that I harassed her in Contempt of Court for serving a Contempt Motion on her and Victor Wortman. Nobody wants to be served as I know from being a Process Server, but accusing the person who issued the subpoena of harassment is a grave injustice. I didn't expect her also to go beyond that letter and go under oath in front of Magistrate Tiscione and defame me , put me in a false light , accuse me of harassing her and lying to Magistrate Tiscione for exercising my rights to serve a subpoena on them.

To make matters worse, Mrs. Wortman looked at me straight in the face a month before the subpoena was served (November 2016) on them and told me that her loyalty lies with her husband and that she will look at the judge straight in the face and tell him/her that she knows nothing about my documents.

Once again, Hon. Ross since I was told multiple times by my defense attorneys not to put anything into the United States District Court , I couldn't submit the Affirmation for the Limited Discovery that Magistrate Tiscione asked me to do by September 15, 2017.

Once again, at one of the status conferences back in 2017 (July?) I submitted the attached Plaintiffs Limited Discovery (due diligence), to Ms. Fitzgibbons. Magistrate Tiscione, accepted it as my diligence but told me to submit an affirmation. Both Ms. Fitzgibbons and Magistrate Tiscione are well aware that I submitted the limited discovery. Ms. Silver is still not clear because as I stated above, I submitted the Limited Discovery for the Diligence at a status conference so all I needed once again was to submit the diligence in an affirmation.

Hon. Ross in your order dated October 6, 2017, you granted me one final extension until October 27,2017, (which I really appreciated) but once again I was told by my defense attorney not to submit anything into the court until my case is over. I was also experiencing severe swallowing problems/GERD from the false arrest. It took a toll one me especially that the

arrest was based on lies, fallacies and inaccuracies, you can't even imagine Judge Ross what the Wortmans said to the police to have me arrested . All I wanted to do was prove my innocence and get the case dismissed.

Ms. Silver is still not clear because as I stated above, I submitted the Limited Discovery for the Diligence at a status conference so all I needed once again was to submit the diligence in an affirmation. This is another reason why I request relief from the Order.

I just wanted to briefly mention your order dated October 6, 2017 in which you stated that the "Wortmans denied they ever had such documents." Pursuant to Rule 60b (1) I don't know if you would call this a mistake or an inaccuracy , but that is not true about the Wortmans. Hon. Ross, the phone conversation I had with Victor Wortman back in 2016 about the Documents, he made it very clear that he had my them. On March 6th, of this year, my 18b panel attorney Mr. Harding listened to this conversation, (day before a jury was going to be selected) and he agreed with me that Victor Wortman has these documents or he knows where they are, (based upon what Mr. Wortman discussed in the conversation) Magistrate Tiscione told me when we went under oath back in August 2017, that if Judge Ross allows you to continue the case and I can prove that Mr. Wortman has my documents then he could be sanctioned. At this point it is mute, plaintiff Silver is seeking relief from you order and has no intention of bringing up the subpoena if relief is granted . Susan Wortman has flip flopped on the documents in question as she said under oath on August of 2017. "Ms. Silver, what I said to you ,these are my exact words, their not in my house, their either in his car of the Bay Terrace Jewish Center." Hon. Ross , she made it very clear that she knows where the documents are ….

Judge Ross, in reference to your order dated March 27, 2019 which I pray for relief from, you stated that I filed a request for more time to demonstrate diligence. That wasn't the case. I filed the letter for multiple reasons but the main reason was to stay the submitting of the affirmation for the limited discovery (I submitted at a status conference in 2017), and all other

status conferences, submission of other documents while my criminal case was pending. I apologize if their was a miscommunication on the letter I wrote to you. I never intended to ask your for another extension but for a stay in the above action.

This action got very complicated after Susan Wortman wrote that letter (May 31st, 2017) to both you and Magistrate Tiscione. The document was also submitted to you so you won't think I neglected the diligence issue. A lawyer who represents process servers against the Department of Consumer Affairs advised me to write the letter to you (around March 20th, 2018) with the intention of requesting a stay and letting you know that I wasn't neglecting the diligence issue and that I had extenuating circumstances that were not in my control .I apologize if you were unclear about the letter. Judge Ross, I know that you have been very fair to me as a pro se plaintiff, and I really grateful for that .

**WHEREFORE**, Pursuant to to Rule 60 (B) (1) (6) (Relief from a judgment or order) of the Federal Rules of Civil Procedure, plaintiff is seeking relief from your order dated March 27, 2018. Plaintiff also respectfully prays that the court grant the within motion to restore to the docket , as well as such other and further relief that the court finds just and proper.

Hon. Ross, Ms. Silver is seeking your permission pursuant to Rule 60 B to reopen my above action . This was the earliest time that I could've reasonably submitted this motion.

Sworn to me before this day of 28th , 2019

*Stephanie E. Catlett*
Notary Public

STEPHANIE E. CATLETT
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01CA6375264
Qualified in Nassau County
Commission Expires May 14, 20__

*Jacqueline Silver*
Jacqueline Silver

## Re: Activity in Case 1:15-cv-03462-ARR-ST Silver v. City of New York NYPD Bayside Queens Precinct et al Order on Motion for Extension of Time to Complete Discovery

Jackie
Thu 7/13/2017 9:22 AM
To: Fitzgibbon, Kaitlin (Law) <Kfitzgib@law.nyc.gov>

Please. Call me in the process if putting my discovery together want to talk to you about that thanks Jackie

On June 22, 2017 3:33:46 PM EDT, Jackie Silver <JackieS1000@live.com> wrote:
>Hi Kaitlin
>
>Sorry I didn't make it today - in the end I was scared and apprehensive
>to go especially after I spoke to chambers .
>
>How did it go - Jackie
>
>
>Sent from Outlook
>
>
>
>_____
>
>From: Fitzgibbon, Kaitlin (Law) <Kfitzgib@law.nyc.gov>
>Sent: Tuesday, June 6, 2017 8:38 AM
>To: Jackie Silver (jackies1000@live.com)
>Subject: FW: Activity in Case 1:15-cv-03462-ARR-ST Silver v. City of
>New York NYPD Bayside Queens Precinct et al Order on Motion for
>Extension of Time to Complete Discovery
>
>
>
>Yes, the Judge did grant your request for an extension of time.  See
>his Order below.  Discovery has been extended until July 13, 2017 and
>the conference is to go forward as scheduled on July 14, 2017.
>
>
>
>Kaitlin
>
>
>
>From: ecf_bounces@nyed.uscourts.gov
>[mailto:ecf_bounces@nyed.uscourts.gov]
>Sent: Monday, June 05, 2017 10:50 AM
>To: nobody@nyed.uscourts.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE SILVER

15CV- 3462
Plaintiff's Limited Discovery

--Plaintiff--

--against--

SERGEANT SCOTT DALESSANDRO,
POLICE OFFICER LUIGI GALANO,
POLICE OFFICER NICHOLAS KOSTAS, AND
POLICE OFFICER EDWARD STINE.

--Defendants—

Kaitlin,

Here is a preliminary report of what I will be presenting to the court tomorrow in the status conference regarding the issue of what diligence I did to obtain the names of the police officers before I filed my lawsuit on May 27, 2015. I will be adding more information before the evidentiary hearing.

Enclosed please find documentation on some of the ways I attempted to get the names of the police officers. 1. Verizon Wireless subpoena to obtain my phone records. Per Verizon Wireless they returned the subpoena because they told me

since I am not an attorney I will need the subpoena sent to the court. I will discuss this with Judge Tiscione tomorrow.

2. This is the summons and complaint I filed with the court in Islandia before I knew where to file it. As you can see I filed it without the names of the cops and told the prose office that I didn't have the names they said don't worry about it –I can get it later. I was in the process of getting the names of the police officers. Judge Ross stressed in her order.

3. I will be getting about four witnesses to testify about how I tried to find out from them about the cops assaulting me that morning and who they were . Jennifer and Claudia Silver , Lillian Michaelangeli and I probably would have to get Mr. Wortman as he has been trying to help me since I was wrongfully put in the Hospital, to find out how I was put in the hospital and I figured that would lead to the names. Once again I have Mr. Wortman on a recorded mp3 player telling me he has the documents, I believe he also has a police report with more extensive information . I will be filing a motion to renew per magistrate Tiscione.

4.      I sent a letter to Zucker Hillside Hospital please see attached , to obtain the medical records for when I was in the hospital. I thought they would have the names of the officers that brought me in. I haven't received the records yet.

5.      Attorneys I contacted before the three year statute of limitations were up. Please see attached paper about filing the complaint and asking lawyer

(Mcdonough) about getting names of police officers.

6. Plaintiff wasn't aware that she can sue in federal court until a couple of weeks before statute of limitations was up, started contacting lawyers.

7. Regarding obtaining the names of the police officers from the precinct I have to go through my papers because from 2012 -2013 I was busy litigating in state courts, (queens Supreme court) , where the statute of limitations was one year. At that point in time I was not suing the police therefore didn't need this information . When I sued them that's basically when I needed to get the names. I have contacted the police department to get the names of the cops but they told me that I have to do a FOIL request and gave me a hard time because unless you're the complainant they cant give you the information.

8. I tried to get the names with much effort and various avenues I could take but since I became aware of suing in federal it was about on or about April 2015. Besides the various ways I tried to get the names , I figured that the court will help me get the names as judge Ross stressed in her order. Valentin vs Dinkins. Once again the first year I wasn't thinking about finding out the cops names as I was litigating in Queens Supreme Court , at that point getting the police officers names weren't relevant. I was advised by a handful of attorneys that you don't have to get the names of the police officers beforehand. I still tried as much as I could.
See you tomorrow Jackie

If you or a loved one has suffered due to police brutality or other misconduct, we will stand up for your rights. Contact us today online or by telephone at 1-888-484-5529 to speak with an experienced New York municipal liability attorney. If your injury prevents you from coming to our law office, we will visit you at the hospital or your home.

**Related Topics**

- Food Poisoning Injury Lawyer
- Injuries on New York Government Property Attorney
- New York Burn Injury Lawyer
- New York Child Abuse Victims Lawyer
- New York City Apartment Negligence Lawyer
- New York Injury Due to Assault Attorneys
- New York Nursing Home Negligence Lawyer
- New York Park Accident Attorney
- New York Police Brutality Attorney
- New York School Accident Lawyer
- New York Slip-And-Fall Accidents Attorney
- NYC Home Health Care Negligence Lawyer

**Contact Trolman, Glaser, & Lichtman, PC**

*Trolman, Glaser & Lichtman, P.C.*
747 Third Avenue, 23rd Floor | New York, NY 10017 | Phone: 212-750-1200 | Toll Free: **888-484-5529** | Fax: 212-980-4017 | Email | New York Law Office

**TGL Video Center**

View an important message from TGL Attorney Jeff Lichtman.

- Visit our Video Center

**Accident Help Guide**

- Accident Help Guide
- What to Do After an Accident
- The Personal Injury Process
- Do I Have a Case?
- Accident FAQ

**TGL Family of Websites**

Visit our websites dedicated to:

http://www.tgllaw.com/Personal-Injury/Police-Brutality.shtml    5/12/2015



March 27, 2019

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 02 2019 ★
BROOKLYN OFFICE

To the Pro Se Office:

Plaintiff is submitting this Notice of Motion via mail to Honorable Alleyne Ross, pursuant to Rule 60.

Please send all future correspondence to Jacqueline Silver PO Box 220154 Great Neck NY 11021.

Jacqueline Silver

*[signature]*

A Rec in Dkt 4/4



RECEIVED
APR 02 2019
PRO SE OFFICE

United States District
Court
Eastern District
Attn JB & Office
225 Cadman Plaza E
Brooklyn, NY 11201

SILVER
P.O box @ 220154
Great Neck, NY 11024




U.S. POSTAGE PAID
FCM LETTER
MANHASSET, NY
11030
MAR 28, 19
AMOUNT
$7.15
R2304E105198-44

CERTIFIED MAIL
7018 1130 0001 9913 3799

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pro Se Office
United States District
Court Eastern District
225 Cadman Plaza E
Brooklyn NY 11201

9590 9402 4921 9032 6167 60

2. Article Number (Transfer from service label)

7018 1130 0001 9913 3799

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...ail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt