**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

JACQUELINE SILVER,

                                    Plaintiff,

                                                                    **REPORT AND**
                                                                    **RECOMMENDATION**

            -against-                                               15-CV-3462 (ARR) (ST)

SERGEANT SCOTT DALESSANDRO,
P.O. LUIGI GALANO, P.O. NICHOLAS
KOSTAS, P.O. EDWARD STINE, CAPTAIN
JOHN DOE 5,

                                    Defendants.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Plaintiff Jacqueline Silver, appearing *pro se*, brings this Motion for Relief from a

Judgment or Order.  She seeks relief from the District Court's Order dated March 27, 2018 that

dismissed her § 1983 civil rights action.  *See* ECF No. 92 ("Motion for Relief from a Judgment

or Order" or "Rule 60(b) Motion"); Order Adopting Report and Recommendation ("March 27

Order"), ECF No. 89.  In the underlying case, Silver made claims of unlawful detention and use

of excessive force by New York City Police Department ("NYPD") officers.  *See* March 27

Order.  This Court finds that Silver's Rule 60(b) Motion was untimely filed and, in any event,

fails on its merits.  Therefore, this Court recommends that the Rule 60(b) Motion be DENIED.

### A. Background

On May 27, 2015, Silver filed a Complaint alleging that NYPD officers unlawfully

detained her and unlawfully used excessive force against her.  Complaint ("Compl."), ECF No.

1, ¶ IV.  She alleged that, on May 27, 2012, officers approached her while she was sitting in her

car outside of her parents' house in Bayside, Queens and asked her for identification.  *Id.*  Silver

alleged that police were alerted to her presence after her sister called them to complain that

Silver was trespassing on the premises.  *Id.*  Silver was unable to find an identification card.  *Id.*

She alleged that police officers, at some point, handcuffed her and caused her to fall to the

1

ground.  *Id.*  Silver alleged that she was then transported by ambulance to a hospital where she was admitted and detained against her will.  *Id.*  She alleged that she suffered "bruises and contusions" from the fall and "humiliation and emotional distress" from the incident.  *Id.*

Silver initially named as defendants the City of New York, NYPD Bayside, the 111th Precinct, four "John Doe" police officers, and one "John Doe" Captain.  *See* Compl. ¶ III.  In a Memorandum and Order dated December 14, 2015, the District Court dismissed the complaint against the City of New York, the NYPD and the 111th Police Precinct for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Mem. and Order, ECF No. 7, at 5.  The Court ordered counsel for the City of New York, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), to "ascertain the full name of the individual police officers from the 111th Police Precinct involved in plaintiff's arrest on May 27, 2012 and to provide the address where these defendants can currently be served within 45 days from the date of this Order."  *Id.* at 4 (citation omitted). The City identified one NYPD sergeant and four NYPD officers by name who were present for Silver's 2012 arrest.  *See* Letter Response to Court's Valentin Order, ECF No. 26, at 1.  This Court ordered the Clerk of Court to amend the caption to reflect the names of the individual officers identified in the City's letter.  *See* Min. Order dated Sept. 9, 2016.

Following amendment, the City filed a Motion to Dismiss pursuant to Rule 12(b)(6).  *See* Mot. Dismiss, ECF No. 36.  The City argued that Silver's claims were barred by the applicable statute of limitations and should, therefore, be dismissed.  *See* Mem. Supp. Mot. Dismiss, ECF No. 39, at 3.

The District Court found that Silver was entitled to limited discovery as to whether her claims relate back under New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 1024.  *See* Order Referring Mot. Dismiss ("March 31 Order"), ECF No. 50, at 9–10.  Even though the Court found that Silver's claims do not relate back under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure or N.Y. C.P.L.R. § 203, the Court found that Silver's claims might relate back under N.Y. C.P.L.R. § 1024 if Silver could show that she exercised "due diligence" by making "timely efforts to identify the correct party before the statute of limitations expired."  March 31 Order at

2

11 (citation omitted).  The Court found that Silver's previous submissions were made in "general terms" and therefore unable to satisfy the "exacting standard" under the Rules to establish "due diligence."  March 31 Order at 11.  Yet, "in light of the fact" that Silver had "persistently maintained that she acted diligently before the expiration of the statute of limitations," the District Court found that Silver was "entitled to limited discovery on this issue."  March 31 Order at 11. (citations omitted).  The District Court ordered limited discovery to occur "on or before May 27, 2015[,]" thus giving Silver approximately two months to marshal evidence of her diligence.  March 31 Order at 12.  The Court granted several extensions of time in which to provide discovery.  *See* ECF Nos. 54, 76, 85.

Following the period of limited discovery, on March 12, 2018, this Court recommended dismissing Silver's amended complaint because she had failed to show "due diligence" and therefore failed to meet her burden of showing that her claims relate back under N.Y. C.P.L.R. § 1024.  *See* R. & R., ECF No. 87, at 3.  This Court recommended dismissal because, without the benefit of the relation back doctrine, the three-year statute of limitations period barred Silver's claims.  *See* R. & R. at 3.  This Court characterized the lengthy period of limited discovery as follows:

> This Court held multiple hearings at which Plaintiff had the opportunity to demonstrate her diligence. *See* ECF Nos. 52, 62, 67, 76. Furthermore, both the Honorable Allyne R. Ross and this Court ordered Plaintiff on multiple occasions to file an affidavit or other evidence demonstrating that she exercised diligence, ultimately giving her until October 6, 2017 to comply. *See* ECF Nos. 67, 76, 85. Nevertheless, Plaintiff has failed to offer any evidence or affirmations that she exercised diligence before the expiration of the statute of limitations on May 27, 2015; instead, Plaintiff has simply insisted that it is permissible to learn the names of defendants during discovery. *See, e.g.*, ECF No. 82 ("Plaintiff is also unclear about the diligence . . . Plaintiff also saw this on the packet that shows you how to write a complaint. Please refer to Writing and Filing the Complaint page 2 1st paragraph one. It states that it is permissible to find out a defendant's identity after the complaint is filed, through the discovery process."). While Plaintiff is correct that discovery can be used to identify defendants, the claim is only timely if the complaint is amended within the limitations period or the amended complaint relates back to the original.

R. & R. at 2–3.  Therefore, because Silver "did not exercise diligence in identifying Defendants

before May 27, 2015," this Court recommended "dismissing her complaint as time-barred."  R. & R. at 3.  On March 27, 2018, the District Court adopted this Court's recommendation and dismissed the complaint.  *See* March 27 Order.

On April 2, 2019, Silver filed a Motion seeking relief from the Court's March 27, 2018 Order due to "excusable neglect" in failing to provide due diligence pursuant to court orders. *See* ECF No. 92 ("Pl.'s Mot."), at 2–3.  Silver states that she had criminal charges pending against her in "Queens Criminal court."  According to Silver, her court-appointed counsel advised her "not to submit any documents into the United States District Court because it might incriminate [her] in the criminal action.  This was back in November 2017."  Pl.'s Mot. at 3. Silver claims that her Motion was not submitted until the present moment because "[t]his was the earliest time that [she] could've reasonably submitted this motion."  Pl.'s Mot. at 6.[1]  On April 4, 2019, Silver's Motion was referred to me by Judge Allyne R. Ross.  *See* Order, ECF No. 93.

**B. Analysis**

Silver states that she is seeking relief pursuant to "Rule 60(B)(1)" and "Rule 60(B)(1)(6) of the Federal Rules of Civil Procedure."  Pl.'s Mot. at 2.  The latter statutory provision does not exist.  *See* Fed. R. Civ. P. 60 *et seq.*  But given our standard of review for *pro se* submissions— as in, "to raise the strongest arguments that they suggest," *Joseph v. Conway*, 567 F. App'x 56, 60 n.2 (2d Cir. 2014)—this Court construes the citations as referring to Rule 60(b)(1)— providing relief in circumstances involving, in pertinent part, "excusable neglect"—and Rule 60(b)(6)—the provision providing relief for "any other reason that justifies relief."

To the extent that Silver seeks relief under Rule 60(b)(1), her Motion is untimely.  As set forth in detail below, a (b)(1) motion must be brought within one year of the order or judgment from which the petitioner seeks relief.  Under Rule 60(b)(6), a petitioner need only bring the motion within a "reasonable" period of time.  This Court assumes, without deciding, that the

---

[1]     It appears that Silver could have filed the Motion sooner.  In a separate section of her Motion, however, Silver represents that her criminal case was dismissed on March 7, 2019.  *See* Rule 60(b) Motion at 3.  Thus, Silver could have filed in the intervening three weeks before the limitations period expired on March 28, 2019.

4

Motion was brought within a reasonable period.  Nevertheless, Silver's claim fails on its merits.

       *i.    Rule 60(b)(1) Claim*

       Rule 60(b)(1) provides relief from an order or judgment that is premised on a mistake, inadvertence, surprise, or excusable neglect.  Generally, Rule 60(b)(1) "has been invoked to remedy the mistake of a party or his representatives." *Stefanopoulos v. City of New York*, 299 F. App'x 49, 50 (2d Cir. 2008) (citation omitted).[2]  "Since 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances." *Cent. Vermont Pub. Serv. Corp. v. Herbert*, 341 F.3d 186, 190 (2d Cir. 2003) (citation omitted).  To that end, courts in this Circuit have repeatedly refused to find excusable neglect where a petitioner's claim is based on his or her attorney's failure to file a document or meet a deadline based on that attorney's carelessness or negligence.  *See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997) (holding no excusable neglect where attorney failed to file document due to preoccupation with other matters); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02-CV-910 (GEL), 2004 WL 2584874, at *1 (S.D.N.Y. Nov. 12, 2004) (same); *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 CIV. 9288 (CBM), 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003) (finding no excusable neglect where attorney repeatedly lied to client about case and failed to oppose motions); *Cobos v. Adelphi Univ.*, 179 F.R.D. 381, 386–87 (E.D.N.Y. 1998) (finding no excusable neglect where counsel mismanaged case).

---

[2]      Despite applying Rule 60(b)(1) to Silver's claim of attorney negligence, this Court recognizes that the Supreme Court has suggested in dicta that Rule 60(b)(1) does not apply to claims arising from the negligence of a third-party.  Based on the "language and structure of Rule 60(b)," the Court reasoned, "a party's failure to file on time for reasons beyond his or her control is not considered to constitute 'neglect.'"  *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993) (citing *Klapprott v. United States*, 335 U.S. 942 (1949) (granting relief under Rule 60(b)(6) four years after default judgment where petitioner fell ill while detained and could not afford legal advice)).  While subsection (b)(1) applies to claims where "a party is partly to blame for the delay" a claim under subsection (b)(6) only includes situations where a "party is faultless in the delay."  *Id.* at 393.  The Court contrasted the language of Rule 60(b) with that of Bankruptcy Rule 9006—the latter patterned after Rule 6(b), which is "not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Id.* at 392.  This Court need not decide in what circumstances an attorney's actions or inaction is attributed to his or her client.  Instead, this Court applies binding precedent from this Circuit holding that claims of attorney negligence fall within the ambit of Rule 60(b)(1).  *See, e.g.*, *Canfield*, 127 F.3d at 250–51.

But at least one court has granted relief to a plaintiff claiming that he or she failed to prosecute a civil case based on advice from his or her attorney in a related criminal matter.  In *Montae v. American Airlines*, 757 F. Supp. 2d 47 (D. Mass. 2010), the court granted a motion for relief from judgment by a *pro se* plaintiff alleging unlawful arrest and other civil rights claims against police officers.  The plaintiff alleged that "the public defender assigned to her criminal case had advised her to let the suit 'drop' until the criminal charges were resolved."  *Id.* at 56. Additionally, the plaintiff claimed that she was suffering from physical and psychological trauma due to family illness and the underlying arrest that served as the basis of the lawsuit.  *Id.*  The Court found that the plaintiff had met her burden of showing excusable neglect based on the likelihood that the plaintiff's "actions were simply the product of her ignorance of the judicial system and the poor advice of her public defender."  *Id.*  The court found that the justification offered "constitute[d] the kind of 'extraordinary circumstances' envisioned by Rule 60(b)."  *Id.*

Nevertheless, although Silver raises a claim under Rule 60(b)(1), her claim is untimely because it was not filed within the one-year limitations period.[3]  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order . . . ."  Fed. R. Civ. P. 60(c)(1); *see also Pryor v. Berryhill*, 286 F. Supp. 3d 471, 474–75 (E.D.N.Y. 2017).  The Second Circuit has instructed that the one-year limitations period prescribed by Rule 60(c) is "absolute."  *See Buffalo Teachers Fed'n v. Tobe*, 514 F. App'x 57, 58 (2d Cir. 2013); *see also Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) ("This one-year limitations period is 'absolute,' even when the party seeking relief is pro se[.]") (citation omitted).  Further, the Rules explicitly provide that "[a] court must not extend the time to act under Rule[] . . . 60(b)."  Fed. R. Civ. P. 6(b)(2).  A motion is "made" for purposes of Rule 60(b) on the date on which it is filed.  *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (considering the

---

[3]      While Silver's claim is cognizable under Rule 60(b)(1), her claim fails on the merits of (b)(1) for the same reason it fails under subsection (b)(6).  This Court discusses the merits of her claim under Rule 60(b)(6) in the following section.

filing date as the date on which motion was made for purposes of statutes of limitations); *Pryor*, 286 F. Supp. 3d at 475 (same). Thus, to be timely, the Rule 60(b)(1) motion must have been filed no more than a year and a day after the District Court entered its Order on March 27, 2018—namely, by March 28, 2019. *See* Fed. R. Civ. P. 6(a)(1)(A) (providing for the exclusion of the "day of the event that triggers the period" in calculating a time period specified under the Rules). In contrast to the specific limitations period under (b)(1), a Rule 60(b)(6) motion need only be made within a "reasonable" period of time following the entry of the order or judgment from which the petitioner seeks relief. *See* Fed. R. Civ. P. 60(c)(1).

Silver's Motion is dated March 27, 2019. *See* Pl.'s Mot. at 1. A photocopied image included with the Motion indicates that the Motion was sent by postal mail on March 28, 2019. *Id.* at 13–14. The Pro Se Office of the Clerk of Court did not receive the Motion until five days later on April 2, 2019. *See id.* at 1 (indicating via stamp that the Motion was received on April 2, 2019).

Generally, when a litigant submits a filing by postal mail, the filing date is the date on which the motion was received, not the date on which the motion was sent. *See Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) (citation omitted); Fed. R. Civ. P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering it . . . to the clerk[.]").[4] Therefore, as a matter of law, Silver's Motion was filed on April 2, 2019, the date on which it was received by the Clerk of Court. Construed as a Rule 60(b)(1) motion, Silver's Motion is therefore untimely because it was not filed within the one-year limitations period following the issuance of the March 27, 2018 Order. But as a Rule 60(b)(6) motion, to be timely the Motion must be filed within a "reasonable" amount of time. This Court assumes, without deciding, that Silver filed her Motion within a "reasonable" period of time for purposes of subsection (b)(6).

---

[4] An exception to the general rule exists for incarcerated *pro se* litigants. *See Houston v. Lack,* 487 U.S. 266, 275–76 (1988) (announcing the so-called "prison mailbox rule"). Court papers from incarcerated, *pro se* litigants are deemed to have been filed when those documents are placed in the possession of prison officials for forwarding to the court. *See id.*; *Harrison v. Harlem Hosp.*, 364 F. App'x 686, 687 (2d Cir. 2010). There is no evidence that Silver was incarcerated at any time during the limitations period.

*ii.   Rule 60(b)(6) Claim*

Given the structure of Rule 60(b) and Second Circuit caselaw, our analysis should end after we deny relief under Rule 60(b)(1).  That is because subsection (6) is a residual provision that only applies if the proffered reasoning does not fit within one of the other subsections of Rule 60(b).  *See* Fed. R. Civ. P. 60(b)(6) (stating that it applies to "any other reason" not falling within the other subsections of the Rule); *see also Pioneer Inv. Servs.*, 507 U.S. at 393 (stating, in dicta, that the provisions of 60(b)(1) and (b)(6) are "mutually exclusive").  As the "Second Circuit has instructed, a 'court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable.'"  *Azkour*, 2017 WL 1609125, at *4 (quoting *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989)); *see also United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001).  Nevertheless, despite finding that Rule 60(b)(1) applies to Silver's claim, this Court addresses Rule 60(b)(6) based on the caselaw stating that claims of attorney negligence or misadvice are properly analyzed under *both* subsections (b)(1) and (b)(6).  *See, e.g.*, *E. Savs. Bank, FSB v. Springer*, No. 11-CV-4431 (ERK), 2015 WL 13735520, at *5 (E.D.N.Y. Jan. 30, 2015); *DeMarco v. Hartford Life & Accident Ins.*, No. 12-CV-4313 (BMC), 2014 WL 3490481, at *4 (E.D.N.Y. July 11, 2014); *FirstStorm Partners 2, LLC v. Vassel*, No. 10-CV-2356 (KAM) (RER), 2013 WL 654396, at *15 (E.D.N.Y. Feb. 21, 2013) (citations omitted); *Alvarado v. Manhattan Worker Career Ctr.*, No. 01-CV-9288 (CBM), 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003).

Silver claims that she failed to comply with the Court's orders because she was reasonably acting under the direction of legal counsel.[5]  This Court assumes that Silver's appointed counsel did, in fact, advise her to "hold off" in providing limited discovery to this Court and Silver complied with that advice.  But even accepting her claims as true, Silver fails to

---

[5]     It is unclear why counsel would not have advised Silver to seek a stay during the pendency of the criminal case, or, at least, advised Silver to apprise the court as early as possible as to her reasons for non-compliance.  This Court puts aside the quality of the alleged advice or whether it was reasonable for Silver to abdicate her court-ordered responsibilities based on the alleged advice.

account for the relevant timeline of limited discovery and neglects to provide a valid reason for relief from the Court's Order.

Silver alleges that, "in November 2017," counsel advised her to "hold off" in providing discovery—but this alleged advice was given *after* the last court-ordered deadline for production in October 2017 and many months after the period of limited discovery began in March 2017. During the discovery period, this Court held four in-person hearings, each of which occurred prior to November 2017. *See* ECF Nos. 52, 62, 67, 76. After several extensions of time, the District Court ordered Silver to provide evidence of diligence by October 27, 2017. *See* Op. & Order, ECF No. 85 (dated Oct. 6, 2017). Silver did not provide evidence of diligence by the final court-ordered date—nor has she provided such evidence to date. Silver's claim fails for the reason that she completely neglects to explain how counsel hindered her ability to provide evidence during the discovery period that concluded prior to the alleged advice. Silver, thus, fails show that the advice given to her in November 2017 had any effect on her past inaction.

Silver has failed to show that she is entitled to relief from the District Court's Order dismissing Silver's case for failing to provide evidence of diligence by the ordered deadlines.

## C. Conclusion

Silver filed her Rule 60(b) Motion outside of the one-year limitations period. Silver also failed to meet her burden of showing entitlement to relief under Rule 60(b). Accordingly, this Court recommends that her Motion for Relief from an Order or Judgment be DENIED. Defendants' counsel shall immediately forward a copy of this Report and Recommendation to Plaintiff via return receipt and file proof of delivery on ECF.

## D. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018);

*McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

/s/

Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      October 28, 2019