**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



**JACQUELINE SILVER**

    --Plaintiff--

15CV-3462



    --against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**



    **--Defendants--**

Objections To Report and
Recommendation Entered
By Magistrate Judge

November 13, 2019

Jacqueline Silver, pro se plaintiff submits this objection to Magistrate Tisciones Report and Recommendation dated October 28, 2019. Plaintiff Silver is seeking relief from a Motion that was returnable on April 19th, 2019. Silver is seeking an order pursuant to Rule 60 (B) (Relief from a judgment or order ) to be issued to her restoring docket number 15CV-3462 to the calendar. Plaintiff Silver objects to Magistrate Tisciones recommendation to deny the motion as untimely filed. Silver is asking Hon Ross to GRANT Ms. Silvers motion as it was timely filed.

*Procedural History*

On May 27, 2012 while sitting in my car on the side of my Bayside home, I was unlawfully detained by Jennifer Silver (sibling) and half a dozen police officers from the 111th precinct. They approached Ms. Silver and asked her for identification. The police told me that Jennifer Silver told them that I was trespassing and that I was in my parents home. About four police officers swarmed my car. At that time, their names were unknown. They asked me a lot of irrelevant and inappropriate questions. They police then handcuffed me and caused me to fall to the ground. Once again this was unwarranted and in violation of my civil rights. The police for no legitimate reason put me in an ambulance and took me to LIJ Emergency room and held me against my will. Plaintiff suffered contusions and bruises from the fall and humiliation and emotional distress from this traumatic experience. Plaintiff was detained due to the horrendous/unfounded and no basis lies that Jennifer Silver told LIJ ER. On May 27th, 2019, Ms. Silver filed a complaint against the 111th Precinct in Bayside Queens for unlawful detainment and for unlawfully using excessive force.

Pursuant to Hon. Ross' order dated 4/7/2016, she ordered the Corporate Counsel to ascertain the full names of the individual police officers that were involved in the May 27, 2012 incident in Bayside, Queens. On December 14th, 2015, Hon Ross entered an order for the Corporate Counsel to ascertain the full names of the police officers that were involved in Ms. Silvers May 27th, 2012 incident on the side of her Bayside home. The corporate counsel failed to do that and instead the OCC has filed a Motion to Dismiss. Hon. Ross ruled that this motion was premature and once again asked the defendants to ascertain the full names of the Does that Silver had in her complaint. This was ordered on 4//7/2016. Almost four months later and the OCC still didn't comply. Hon. Ross it took the defendants counsel over a year and a half to produce those names.

Once again I showed it to Magistrate Tiscione and Kaitlin Fitzgibbon's on or around April 2017. Once again, all Magistrate Tiscione told me to produce was the diligence in an affirmation. Both Ms. Fitzgibbons and Magistrate Tiscione were well aware that I submitted my diligence. ,

On December 14th, 2016, Kaitlin Fitzgibbon , attorney for the defendants filed a motion to dismiss complaint pursuant to Fed R. Civ. P. 12 (b) (6). Plaintiff's opposition to defendants motion to dismiss was served and filed on February 2, 2017. Defendant's reply was served and filed by February 23 2017. Pursuant to Your Honors order dated March 31st, 2017- the court found that Plaintiff Silver was entitled to limited discovery as to whether she acted diligently to identify the individual officers on or before May 27, 2015.

Another reason why Ms. Silver objects to Magistrate Tisciones' R and R is because she filed the motion (returnable on April 2, 2019) seeking relief pursuant to Rule 60 from a judgment or order . Silver submitted this motion to have her above action restored to the calendar , pursuant to Rule 60 (B). in Magistrates Tiscione's R and R page 4, paragraph 2 -it states that I am seeking relief from the courts order in failing to provide the diligence . Once again this is inaccurate and not true. Plaintiff Silver filed this motion to ask the court for relief pursuant to Rule 60 B, because plaintiff has an excusable default.   Pursuant to Rule 60 (B) (1) (6) (Relief from a judgment or order) of the Federal Rules of Civil Procedure all it states is that you have an excusable default and the motion is filed within a reasonable time, (within a year). The word reasonable is defined in the legal dictionary as , " a generic and relative one,  and applies to that which is appropriate for a given situation. The word reasonable time is defined as , in the absence of a fixed or expressed time, as soon as circumstances permit, which was a couple of weeks after my criminal case ended and before the motion became untimely.

Once  again, Hon Ross. Plaintiffs  Rule 60 motion was submitted in a reasonable time and  a year of the entry  of the judgment.

Ms. Silver strongly objects to Magistrate Tisciones report and recommendation that states that she filed this motion untimely. Ms. Silver filed this Motion within the one year

time frame required under Rule (60) (C) (1) -Timing of the Motion – A motion under Rule 60 (b) must be made within a REASONABLE time... no more than a year after the entry of the judgment. Hon Ross, Silver was very cognizant of submitting this motion within a year. On March, 28th, 2019, I called the pro se office to see if it was ok to mail it because I couldn't get to Brooklyn by five. They told me it was fine to mail it. They didn't mention to me that there is a 24 hour box in which I could drop off the document. I even explained to them that my papers have to be in on the 28th. They were all ready on the 28th. If I knew about the drop off box I could of drove there. Plaintiff would also like to bring to your attention that the Rule states, no more than a year from the entry of the judgment, which was March 28th therefore the Motion was timely made. Magistrate Tiscione was incorrect to say that I didn't submit it in a timely fashion. Plaintiff Silver was very aware that it had to be filed within a year as most courts allow you to do. After a year courts look at it as abandoning the case and Silver didn't want this to happen.

In reference to Magistrate Tisciones' R and R (page 4), plaintiff realized that she had made a mistake. My public defender (QLA) at the arraignment in September of 2017, (not in November), advised me not to put any more documents into the United States District Court. Plaintiff can provide if necessary the name of the public defender who advised me. Not only did the public defender tell me that, but a lawyer in the US District court also told me the same thing along with multiple other lawyers. At this point since the limited discovery/diligence was completed all that was needed was the affirmation.

Hon. Ross as you are well aware I am pro se and tried to get a lawyer multiple times through the court and through private attorneys. Due to the fact that I couldn't afford an attorney I had to do this pro se. Silver has done her best with the resources she has available. Silver is doing the best she can with Magistrate Tisciones R and R. Plaintiff is not a lawyer and found it very difficult to understand Magistrate Tisciones R and R. Plaintiff is asking you Hon. Ross

to grant this motion as there were extenuating circumstances and legitimate reasons why Silver couldn't submit the affirmation for the limited discovery she submitted at the statue conference.

Plaintiff Silver opposes what Magistrate Tiscione states about not bringing this Motion within a year as Plaintiff mailed it (as the Pro Se office told me it was ok) on the 28th and that is exactly one year of the date of entry of the judgment . 60 (c) (1) . It is very prejudicial and discerning to say that plaintiff could've filed this Motion sooner. Magistrate Tiscione, has no idea the emotional distress , pain and suffering etc that Susan and Victor Wortman and Chase has caused me because of their unlawful and false arrest. The entire criminal complaint was filled with lies. I repeatedly told every criminal defense lawyer I had that the Wortmans and Chase lied to the police. I am asking you Hon. Ross to listen to the Wortmans testimony and how they lied and defamed me, all because a subpeona that was served on them. Victor Wortman once again ,told me he had my documents therefore I had no choice then to subpoena him. Susan Wortman, once again, looked at me in the face and said, "MY LOYALTY LIES WITH MY HUSBAND, I WILL TELL THE JUDGE I KNOW NOTHING ABOUT YOUR DOCUMENTS." I was drained emotionally and physically from this ordeal and nobody can imagine what it is like to be falsely arrested. Plaintiff Silver filed this motion as soon as was feasibly possible. Magistrate Tiscione has no way of knowing that plaintiff could've filed the motion sooner . Once again, this is unnerving and prejudicial for him to state this. There were extenuating circumstances and legitimate reasons as to why this motion was filed when it was . There is absolutely no benefit for Silver to file it late .

Your Honor, pursuant to Magistrate Tisciones R and R, page 5 (I) , he makes reference in a long paragraph about the lawyer or representative making mistakes, failure to file a document or negligence on the part of the attorney . Honor Ross , this is irrelevant to plaintiff as this is not applicable to me and my motion . At my arraignment it was briefly mentioned in passing and not taken as advice from an attorney. Magistrate Tiscione misconstrued what I said about the criminal lawyer telling me that I shouldn't put anything into the US District Court until the

criminal case is over. It had nothing to do with negligence and plaintiff believes that this is irrelevant and not applicable to her situation . Plaintiff never mentioned in her motion anything about the behavior of the attorney . Magistrate Tiscione is taking what I said in my motion and taken it out of context. Plaintiff never made any claims about negligence whatsoever . He is making it more complicated than it is and this is beyond plaintiffs capability of opposing this R and R. Plaintiff did this motion once again to restore this action to the calendar because she believes that she has excusable and legitimate reasons why she didn't submit the affirmation. Plaintiff never claimed what the attorney said to be construed as excusable default. The lengthy discovery period that Magistrate Tiscione mentioned was because Mr. and Mrs. Wortman decided to write a letter to the judges on my action and once again, filled the letter with lies, false allegations, malice and irrelevant information. The Wortmans had managed to sabotage my action. Their testimony over the phone and Susans in person was uneccessary, time consuming to both the court , the judges and the plaintiff and defendant. Susan Wortman answered her subpoena by telling me she has no knowledge of my documents. I showed it to Ms. Fitgibbons and Magistrate Tiscione at a status conference back in early 2017. Mr. Wortman never responded to the subpoena contrary to Magistrate Tiscione. Instead , he went under oath and completely bashed me . put me in a false light, and lied to Magistrate Tiscione. Hon. Ross all he needed to do was say he didn't have my documents. The Wortmans are the ones that prolonged the lengthy period of discovery.

  Honorable Ross, once again this R and R is very complicated and beyond my capability to the point where I can't continue to finish reading this. This r and r is for a plaintiff that is represented by counsel not pro se. Once again, plaintiff submitted a simple Motion to restore to calendar because she has excusable and legitimate reasons. Plaintiff filed this motion within a reasonable time, per Rule 60 and therefore requests this action be restored to the calendar. Plaintiff can't determine when the United States District Court is going to receive the papers.

Pursuant to the Pro Se office, it can get on the docket two weeks after they received it. Ms. Silver disagrees with Magistrate Tisciones R and R (page 6) where it states a motion is made for purposes of Rule 60B on the date of which it is filed. Rule 60 makes no reference to this. It just states it needs to be done within a reasonable time , a year from the date of entry of the judgment .

Plaintiff Silver filed her motion within a reasonable time and exactly a year from the entry of the judgment. Silver would like to bring it to the courts attention that she was served this R and R on or around November 5th, as it was received damaged on November 2 by the Great Neck Annex.

Plaintiff Silver would like to bring to the courts attention that she never said anything about the court orders and not complying because of the advice of legal counsel. Once again Your Honor , the public defender for my criminal case didn't represent me and therefore cannot give me advice on the case in US District Court . Once again, he just mentioned it in passing. Magistrate Tiscione kept harping on this and plaintiff doesn't see the relevancy.

Plaintiff Silver provided the court with the diligence in which Magistrate Tiscione accepted. Hon. Ross, this entire diligence issue is not relevant to my reasons for wanting to restore my case to the calendar. Plaintiff Silver is entitled to do a motion for relief to put an action back on the docket as long as she meets the requirements of Rule 60 . Once again. Silver has met the requirements of Rule 60 and therefore objects to Magistrate Tisciones R and R in its entirety. It is very discerning that Magistrate Tiscione makes reference to violating the courts orders to produce the diligence when Silver included it in her motion papers. This is prejudicial. Hon Ross. on or around March 2018, I asked you to stay the action until my criminal case was over . It was misinterpreted as a extension of the diligence. Plaintiff would once again like to clarify that I didn't ask you for another extension. I asked you for a stay to be granted .

Wherefor, Silver met the requirements of Rule 60 and once again respectfully requests for the motion to be granted and whatever relief the court finds just and proper. NY courts don't like to dismiss cases on the non merits and therefor plaintiff Silver requests in the interest of justice that this action be restored to calendar.

Dated: November 18, 2019  Jacqueline Silver
Great Neck, NY 11022  Pro Se Plaintiff

cc: Kaitlin Fitzgibbon by email