Case 1:15-cv-03462-ARR-ST Document 101 Filed 01/14/20 Page 1 of 7 PageID #: 481





**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 14 2020 ★

BROOKLYN OFFICE

**JACQUELINE SILVER**

15CV-3462

--Plaintiff--

--against--

**SERGEANT SCOTT DALESSANDRO,**
**POLICE OFFICER LUIGI GALANO,**
**POLICE OFFICER NICHOLAS KOSTAS, AND**
**POLICE OFFICER EDWARD STINE.**

--Defendants--

### Motion For Reconsideration or Reargument Local Rule 6.3

**PLEASE TAKE NOTICE** that upon the attached affirmation of Jacqueline Silver, sworn to January 14, 2020, and upon the Notice of Motion herein, the plaintiff will move this court, Hon. Alleyne Ross, U.S.D.J, United States Courthouse, Brooklyn, New York 11201, on the 29th day of January, 2020, or as soon thereafter as plaintiff can be heard, for an order pursuant to Local Rule 6.3 (Relief from orders dated November 12th and November 20th) to be issued to Plaintiff Silver .

Dated: Nassau County, New YorkJacqueline Silver
January 9, 2020Plaintiff Prose

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

# JACQUELINE SILVER

15CV-3462

--Plaintiff--

--against--

# SERGEANT SCOTT DALESSANDRO,
# POLICE OFFICER LUIGI GALANO,
# POLICE OFFICER NICHOLAS KOSTAS, AND
# POLICE OFFICER EDWARD STINE.

--Defendants--

### Motion For Reconsideration or Reargument Local Rule 6.3

I, JACQUELINE SILVER, being duly sworn, deposes and says: I am the plaintiff in the above referenced action and respectfully move this Court to issue an order granting Ms. Silvers Motion to Reconsider or Reargue Local Rule 6.3.

Pursuant to Local Rule 6.3, plaintiff Silver requests that the court reconsider the courts order dated November 12th of 2019 and November 20th . Local Rule 6.3 allows a plaintiff to file a motion for reconsideration or reargument of a court order within 14 days after the order is entered. In re: New York Comm Bancorp , Inc. (EDNY 2007), a motion made under this rule should be granted if the moving party can point to controlling decisions or data that the court overlooked, that might change the decision made by the court. There are three grounds for reconsideration: 1. an intervening change to in the law. 2. the availability of evidence not previously available and 3. the need to correct a clear error or prevent manifest injustice .

Both orders appear to be identical and not consistent. The order dated November 12th states that "where no timely objections have been filed, the district court need only satisfy ..... Hon. Ross, there is no way of knowing on the 12th if the objections were timely filed, it is not possible as plaintiff Silver didn't receive the Magistrates R&R until the 5th or 6th of November. Ms. Silver has 14 days from the day of service to object to the R and R , which brought me to either the 19th or 20th to submit my objections. Therefore Hon . Ross, Ms. Silver timely filed her objections. Plaintiff Silver isn't clear on why there were two orders filed within 8 days of each other with identical rulings. Plaintiff Silver would like to also bring to the courts attention that the two orders contradict each other . Once again, in the later order it states that plaintiff Silver was required to file her objection by November 14 , but in the November 12 order it states that no objections were filed. This makes no sense .
If I had until the 14 to file my objection than the order dated November 12 should be null and void. Pursuant to the court plaintiff will have until the 14th to submit her objections .Pursuant to how it reads on the orders, the order dated November 12 was an oversight and done prematurely . How can the court rule on a motion when the time to file hasn't occurred yet.

    Please see attached letter from the City of New York Law Department. The annex in Great Neck (Nassau County) received this letter (damaged) on November 2nd , which was a Saturday, therefore the earliest Silver could have received the order was the 5th or 6th of November. Hon. Ross, I will like to bring to your attention that there is a mail issue either at the Annex in Great Neck or the Post Office in Great Neck. Ms. Silver's mail is being tampered with, interfered with and being delayed on a regular basis.

It is being investigated by a local politician's office and the Postal inspector. Plaintiff has reasons to believe that Jennifer Silver (sibling) and my mother's aide have tampered with my mail which caused unexpected delays in receiving the mail.

Plaintiff is not clear on how it took the court approximately six months to rule on my motion and then when plaintiff Silver submitted the attached letter on 10/25 for an update on the motion, a decision was made three days later.

Hon Ross, as you are well aware this action started in 2015 as a pro se litigant. I have tried my hardest in the three years that this case was on the calendar to get a lawyer to represent me. When I couldn't get one, I tried my hardest to litigate this case on my own. Many obstacles and extenuating circumstances occurred after the subpoena was served on the Wortman's and the Bay Terrace Jewish Center that unnecessary prolonged this action. Plaintiff would also like to bring to this courts attention that the judges orders are complicated and a lot of the wording plaintiff doesn't understand. Plainitff needs clarification on the November 12th order that states that there is no clear error in reference to the record. Plaintiff doesn't understand what that means and what record is the court referring to. Once again, plaintiff is at a disadvantage because she is ProSe.

Pursuant to 28 U. S.C, within 14 days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. Your Honor, once again, Ms. Silver was served a copy of the R and R after the 2nd of November (was received at the annex in Great Neck on the 2nd) therefore the submission of the Motion to the Pro Se office on November 18th was timely. Plaintiff also tried reaching out to the City Bar Justice Center for help and they haven't gotten back to me.

## CONCLUSION

**WHEREFORE** the reasons stated above, Plaintiff Silver respectfully asks that the Court reconsider its November 12th and November 20th ruling. For the extenuating circumstances with the mail issues, once again, plaintiff Silver is asking the court to reconsider the motion. Ms. Silver has made every effort to get this motion submitted timely. Pursuant to above Rule (3) this motion to reconsider should be granted as there is an error on the November 12 order. On one hand, the plaintiff didn't object in a timely manner on the order dated November 12th therefore denying my motion for relief from an order or judgment. Then on the order dated November 20th the same Motion was denied. So what was the file date to object to Magistrate Tisciones R and R, the 12th or the 14th. The same Motion was denied twice. Once again, due to this contradiction and error, plaintiff Silver is asking the court to grant her motion for reconsideration. Plaintiff would like to bring to the courts attention that one of the defendants last name was spelled wrong in the caption and the word sergeant is spelled wrong. Plaintiff is requesting to the court that this also gets taken into consideration as the defendants name is spelled wrong. There is a strong preference in NY law that matters be decided on the merits. (Stevenson Corp vs Dormitory Auth, Smith V Daca Taxi, 222 AD 209, 634 N.Y.S 2D 476.) The First Department Appellate Division has repeatedly held that, it is the general policy of the courts to permit actions to be determined by a trial of the merits wherever possible and for that purpose a liberal policy is adopted, in furtherance of justice to the end that the parties may have their day in court.

Respectfully submitted,
Jacqueline Silver
Pro Se Plaintiff
P.O. Box 630400
Little Neck, NY, 11362

*Jacqueline Silver*

Sworn and Subscribed to before me this
14 day of January, 20 20

JAMES BLAIN
Notary Public, State of New York
No. 04BL6277028
Qualified in Kings County
Commission Expires February 25, 2021

COPY

10/25/19   15CV03462 ARR-ST

To: Hon. Tiscione
    Hon Ross

    I am writing this letter for an update on my motion that was returnable on April 19th 2019 and a status update on my case.

    I apprecerate this information

Respectfully Yours,
Jacqueline Silvo
Jorge                    Pro Se Plaintiff

RECEIVED
OCT 25 2019
PRO SE OFFICE

